1  JAMES N. PENROD (State Bar No.: 43030)
   MORGAN, LEWIS & BOCKIUS LLP
2  1 Market, Spear Tower
   San Francisco, CA 94105
3  Telephone:  (415)-442-1000
   Facsimile:  (415)-442-1001
4

5  Making a special appearance for JEFFREY KINGSTON,
   who has not yet been served
6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12 In re Application of Microsoft Corp.

13                                          Case No. 06-80038 JF (PVT)

14                                          **JEFFREY KINGSTON'S OBJECTIONS TO
                                            MICROSOFT'S SUBPOENA DUCES
15                                          TECUM FOR PERSONAL APPEARANCE
                                            AND PRODUCTION OF DOCUMENTS
16                                          AND THINGS**

17                                          Date:    To Be Set
                                            Time:    To Be Set
18                                          Before:  Magistrate Patricia V. Trumbull
                                            Place:   To Be Set
19
                                            Complaint Filed: N/A
20                                          Trial Date:      N/A

21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1

OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, non-party Jeffrey Kingston ("Mr. Kingston") hereby objects to Microsoft Corporation's ("Microsoft") Subpoena for Personal Appearance and Production of Documents and Things. Due to the numerous problems with the Subpoena, Mr. Kingston will not appear for deposition or produce documents in response to this Subpoena.

Counsel for Microsoft has agreed that because Mr. Kingston's objections to all document requests and deposition subjects are the same, the objections may be stated once and, thereafter, incorporated by reference and it will not be deemed a waiver of any objections.

## PRELIMINARY STATEMENT

Based on an *ex parte* Order from this Court, Microsoft has served a subpoena Morgan, Lewis & Bockius LLP pursuant to 28 U.S.C. § 1782, which permits, but does not require, U.S. courts to "provide assistance" to litigants in foreign legal proceedings. The Court must exercise its discretion in determining whether to permit the requested discovery. The Court's discretion, however, is not boundless. The Court must make its determination pursuant to a set of factors unique to this setting, including whether the requested discovery would circumvent the policies of the relevant foreign proceeding and whether the required discovery is welcomed in the foreign tribunal.

Mr. Kingston objects to Microsoft's requested discovery as outlined below. Additionally, Mr. Kingston intends to file a Motion to Quash on March 15, 2006. The European Commission has also gone on record in opposition to the requested discovery, characterizing Microsoft's Application as an "attempt to circumvent" its rules and policies and something that would "seriously harm the Commission's investigatory process."

## JEFFREY KINGSTON'S OBJECTIONS TO MICROSOFT'S DOCUMENT REQUESTS AND SUBJECTS FOR DEPOSITION

The undersigned is making a special appearance for Jeffrey Kingston ("Mr. Kingston") out of an abundance of caution, but is not waiving the need for service on him personally.

Pursuant to Rule 45(c)(2)(b) of the Federal Rules of Civil Procedure, Mr. Kingston hereby objects and responds to the subpoena served on Morgan, Lewis & Bockius LLP on March 7,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1        2

OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

2006, each document request and each deposition subject ("Requests") set forth therein, as follows:

## GENERAL OBJECTIONS

1. Mr. Kingston objects to the Requests as untimely. Microsoft intentionally delayed and, as a matter of pure tactic, waited to obtain an *ex parte* subpoena without prior notice to Mr. Kingston and with an onerously short time to respond before the scheduled hearing. Microsoft has intentionally created a false urgency by its failure to act sooner. Microsoft has had ample opportunity to seek the information requested in the subpoena and, for months, has made no attempts to obtain this information.

2. Mr. Kingston objects to the Requests to the extent that the subpoena was obtained ex parte without notice and provides for insufficient time to respond in a case of such magnitude and complexity that has spanned several years. It is unreasonable to request that Mr. Kingston review all documents requested, create privilege logs, confidentiality and trade secret logs, and prepare for testimony in the two weeks provided in the *Ex Parte* Order.

3. Mr. Kingston objects to the Requests to the extent that they seek production of documents and testimony from an interested person or party in the European Commission's ("Commission") proceeding and, as such, the Commission has the ability to order discovery if so desired.

4. Mr. Kingston objects to the Requests to the extent that Microsoft requested discovery from the Commission on March 2, 2006, one day before it filed this Application, and that request is pending and *sub judice* before the Commission Officer. The principles of comity require this Court not to intervene.

5. Mr. Kingston objects to the Requests to the extent that 28 U.S.C. Section 1782 authorizes, but does not require, allow discovery. Per the factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), this Court should exercise its discretion to not grant discovery under Section 1782.

6. Mr. Kingston objects to the Requests to the extent that, if granted, this Application would contradict the primary purpose of Section 1782—to assist and aide a foreign tribunal. The

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1                                3
OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

Commission is opposed to this discovery, and, as a result, if Microsoft's Application is granted, this Court would not be assisting or aiding the Commission.

7. Mr. Kingston objects to the Requests to the extent that they contradict another primary purpose of 28 U.S.C. Section 1782, namely to encourage foreign tribunals to provide assistance to U.S. Courts that require access to evidence located abroad. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004). Microsoft's attempts to circumvent the interests of the Commission in enforcing its laws, if allowed to stand, would discourage foreign tribunals from assisting the U.S. in future foreign discovery efforts.

8. Mr. Kingston objects to the Requests to the extent that the Commission strongly objects to going forward with discovery and the information sought will not be considered by the Commission at the Article 24 Hearing. Therefore, the burden and expense of the proposed discovery is greatly outweighed by any potential benefit.

9. Mr. Kingston objects to the Requests to the extent that the subpoena is specifically designed to intimidate Microsoft's competitors, witnesses, and other individuals and to interfere with the Commission's attempts to enforce the Commission's competition laws.

10. Mr. Kingston objects to the Requests to the extent that they contravene the Commission's rules of discovery and evidence.

11. Mr. Kingston objects to the Requests to the extent that the subpoena is an attempt to circumvent the rulings, policies, and procedures of the Commission. The subpoena is an attempt to circumvent "foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264.

12. Mr. Kingston objects to the Requests to the extent that the principles of comity bar its enforcement. *Intel Corp.*, 542 U.S. at 240–42. The Commission is a regulatory and adjudicative body with its own extensive rules and this court should not interfere with its proceedings.

13. Mr. Kingston objects to the Requests to the extent that they interfere with the Commission's ability to hear and process the case and undermine the Commission's efforts to enforce European Community Competition laws.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1                                4
OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

14. Mr. Kingston objects to the Requests to the extent that they undermine and interfere with the European Commission's established evidence and fact gathering policies and procedures, including, but not limited to, the Commission's confidentiality policies.

15. Mr. Kingston objects to the Requests to the extent that they request the production of documents and information that are within the possession, custody, or control of the Commission, the Monitoring Trustee, or the OTR. The Commission should be permitted to decide, under its own laws, as it is presently doing, whether to permit Microsoft's access to the information.

16. Mr. Kingston objects to the Requests to the extent that they seek production of documents which are not relevant to the claims and defenses of Microsoft or any other party to the Article 24 hearing, as it is strictly limited to the issue of Microsoft's compliance with the March 24, 2004 Decision of the Commission. All documents and testimony relating to any matter beyond this narrow scope are irrelevant.

17. Mr. Kingston objects to the Requests to the extent that they seek information concerning entities not involved in the Article 24 hearing and are therefore irrelevant.

18. Mr. Kingston objects to the Requests to the extent that any information sought that is relevant to the Article 24 hearing has already been produced to Microsoft by the Commission, or is *sub judice* before the Hearing Officer, and would, therefore, be duplicative of information already provided to Microsoft.

19. Mr. Kingston objects to the Requests to the extent that the documents sought were not previously provided to the Commission prior to the Commission's issuance of the Statement of Objections. Thus, as the documents requested were not relevant to the Commission's issuance of the Statement of Objections, they are, therefore, irrelevant to the Article 24 hearing.

20. Mr. Kingston objects to the Requests to the extent that they seek production of documents and information that Microsoft has previously sought from the Commission and the Commission has denied such requests. Such requests impinge on the sovereignty of the Commission and attempt to circumvent the Commission's jurisdiction.

21. Mr. Kingston objects to the Requests to the extent that they seek production of

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1    5
OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

documents or testimony protected by the attorney-client, work product, common interest, investigatory, or any other applicable privileges. A person may not be compelled to produce documents in violation of any legally applicable privileges. *See* 28 U.S.C. § 1782. The Advisory Notes to the 1991 Amendments to Rule 45 recognize the problem of having to provide an extensive privilege log under circumstances like these and state as follows:

> A person served a subpoena that is too broad may be faced with a burdensome task to provide full information regarding all that person's claims to privilege or work product protection. Such a person is entitled to protection that may be secured through an objection made pursuant to paragraph (c)(2).

Mr. Kingston wishes to invoke the protection of Rule 45(c)(2) under these circumstances by making such an objection under this provision.

22.    Mr. Kingston objects to the Requests to the extent they seek confidential, proprietary, or highly sensitive information.

23.    Mr. Kingston objects to the Requests to the extent they seek to impose on it discovery obligations exceeding the scope of the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Northern District of California..

24.    Mr. Kingston objects to the Requests to the extent they seek to impose on it discovery obligations exceeding the scope of the rules of the Commission.

25.    Mr. Kingston objects to the Requests to the extent they are not set forth with sufficient particularity, and/or are vague, ambiguous, and unlimited in scope.

26.    Mr. Kingston objects to the Requests to the extent they fail to describe the documents and things sought with a reasonable degree of specificity.

27.    Mr. Kingston objects to the Definitions, Instructions, and the Requests as overly broad, unduly burdensome, oppressive, and beyond the proper scope of discovery.

28.    Mr. Kingston objects to the Requests to the extent they are unduly intrusive in that they are irrelevant to the Article 24 proceeding and the information sought contains confidential business information.

29.    Mr. Kingston objects to the Requests to the extent they are an impermissible fishing expedition and the requests are not set forth with sufficient particularity.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1

6

OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

30. Mr. Kingston objects to the Requests to the extent they seek unreasonably cumulative and duplicative information.

31. Mr. Kingston objects to the Requests to the extent they seek documents that are not currently in Mr. Kingston's possession, custody or control.

32. Mr. Kingston objects to the Requests to the extent they seek documents that are located in the territory of the Commission or in other territories outside of the United States. Section 1782 does not extend beyond the borders of the United States. *See Norex Petroleum, Ltd. v. Chubb Ins. Co. of Canada*, 384 F.Supp.2d 45, 50–55 (D.D.C. 2005).

33. Mr. Kingston objects to the Requests to the extent that they seek documents or testimony protected by the right of privacy afforded under the laws of various states, including (but not limited to) California.

34. Mr. Kingston objects to the Requests to the extent they seek information that is readily available to defendants through public sources and records, its own witnesses and materials, and/or directly from third parties.

35. Mr. Kingston objects to the Requests to the extent they call for testimony constituting legal conclusions or expert opinions that are not appropriately addressed by fact witnesses.

36. Mr. Kingston objects to the Requests to the extent that they seek inappropriate expert/opinion testimony.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents that contain, constitute, reflect, evidence, or refer to any communication or correspondence between You and the Commission, whether on behalf of Mr. Kingston, another client, or yourself, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1

7

OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

**DOCUMENT REQUEST NO. 2:**

All documents that contain, constitute, reflect, evidence, or refer to any communication or correspondence between You and the Monitoring Trustee, whether on behalf of Mr. Kingston, another client, or yourself, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

**DOCUMENT REQUEST NO. 3:**

All documents that contain, constitute, reflect, evidence, or refer to any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission, whether on behalf of Mr. Kingston, another client, or yourself, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

**DOCUMENT REQUEST NO. 4:**

All documents that contain, constitute, reflect, evidence, or refer to any communication or correspondence between You and any other third party, whether on behalf of Mr. Kingston, another client, or yourself, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1

8

OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

**DOCUMENT REQUEST NO. 5:**

All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and the Commission, whether on behalf of Mr. Kingston, another client, or yourself, about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

**DOCUMENT REQUEST NO. 6:**

All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and the Monitoring Trustee, whether on behalf of Mr. Kingston, another client, or yourself, about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above.

**DOCUMENT REQUEST NO. 7:**

All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and OTR or any other consultant retained or consulted by the Commission, whether on behalf of Mr. Kingston, another client, or yourself, about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1                         9
OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

**DOCUMENT REQUEST NO. 8:**

All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and any other third party, whether on behalf of Mr. Kingston, another client, or yourself, about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

## DEPOSITION SUBJECTS

**DEPOSITION SUBJECT NO. 1:**

Any communication or correspondence between You and the Commission, whether on behalf of Mr. Kingston, another client, or yourself, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" and "Interoperability Information" as used in the 2004 Decision.

**RESPONSE TO DEPOSITION SUBJECT NO. 1:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

**DEPOSITION SUBJECT NO. 2:**

Any communication or correspondence between You and the Monitoring Trustee, whether on behalf of Mr. Kingston, another client, or yourself, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" and "Interoperability Information" as used in the 2004 Decision.

**RESPONSE TO DEPOSITION SUBJECT NO. 2:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

**DEPOSITION SUBJECT NO. 3:**

Any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission, whether on behalf of Mr. Kingston, another client, or yourself, relating to the Interoperability Information or to the proper interpretation of the terms

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1                                10

OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

"Interoperability" and "Interoperability Information" as used in the 2004 Decision.

**RESPONSE TO DEPOSITION SUBJECT NO. 3:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

**DEPOSITION SUBJECT NO. 4:**

Any communication or correspondence between You and any other third party, whether on behalf of Mr. Kingston, another client, or yourself, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" and "Interoperability Information" as used in the 2004 Decision.

**RESPONSE TO DEPOSITION SUBJECT NO. 4:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

**DEPOSITION SUBJECT NO. 5:**

Any communications since March 24, 2004, between You and the Commission, whether on behalf of Mr. Kingston, another client, or yourself, about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

**RESPONSE TO DEPOSITION SUBJECT NO. 5:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

**DEPOSITION SUBJECT NO. 6:**

Any communications since March 24, 2004, between You and the Monitoring Trustee, whether on behalf of Mr. Kingston, another client, or yourself, about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

**RESPONSE TO DEPOSITION SUBJECT NO. 6:**

Mr. Kingston reasserts and incorporates each of the Objections set forth above

**DEPOSITION SUBJECT NO. 7:**

Any communications since March 24, 2004, between You and OTR or any other consultant retained or consulted by the Commission, whether on behalf of Mr. Kingston, another client, or yourself, about Microsoft's compliance or alleged failure to comply with European

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7350630.1          11

OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)

1  Community competition laws, including without limitation the 2004 Decision, the Article 24(1)
2  Decision, or the SO.
3  **RESPONSE TO DEPOSITION SUBJECT NO. 7:**
4      Mr. Kingston reasserts and incorporates each of the Objections set forth above
5  **DEPOSITION SUBJECT NO. 8:**
6      Any communications since March 24, 2004, between You and any other third party,
7  whether on behalf of Mr. Kingston, another client, or yourself, about Microsoft's compliance or
8  alleged failure to comply with European Community competition laws, including without
9  limitation the 2004 Decision, the Article 24(1) Decision, or the SO.
10 **RESPONSE TO DEPOSITION SUBJECT NO. 8:**
11     Mr. Kingston reasserts and incorporates each of the Objections set forth above
12 **DEPOSITION SUBJECT NO. 9:**
13     The authenticity of the documents produced pursuant to this subpoena and the
14 circumstances of their preparation.
15 **RESPONSE TO DEPOSITION SUBJECT NO. 9:**
16     Mr. Kingston reasserts and incorporates each of the Objections set forth above

19  Dated: March 13, 2006                  MORGAN, LEWIS & BOCKIUS LLP

21                                           By _____
22                                          James N. Penrod
                                        Making a special appearance for JEFFREY
23                                         KINGSTON, who has not yet been served
                                        with a subpoena and is not waiving service
                                        in this matter

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350630.1                      12
OBJECTIONS TO MICROSOFT'S SUBPOENA DUCES TECUM
Case No. 06-80038 JF (PVT)