1  **LATHAM & WATKINS** LLP
      Daniel M. Wall (Bar No. 102580)
2      Christopher S. Yates (Bar No. 161273)
   505 Montgomery Street, Suite 2000
3  San Francisco, California 94111-2562
   Telephone:   (415) 391-0600
4  Facsimile:    (415) 395-8095
   Email ID:  Dan.Wall@lw.com; Chris.Yates@lw.com
5

6  Attorneys for ORACLE CORPORATION,
   CLIFFORD CHANCE LLP, DANIEL HARRIS
7  and RONALD ALEPIN

8

                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN JOSE DIVISION
11

12 | *In re* | CASE NO. 06-80038 JF (PVT) |

13  Application of                          **NOTICE OF MOTION AND MOTION TO**
                                            **QUASH MICROSOFT CORPORATION'S**
14  MICROSOFT CORPORATION,                  **SUBPOENAS TO ORACLE**
                                            **CORPORATION, CLIFFORD CHANCE**
15            Applicant.                     **LLP, DANIEL HARRIS AND RONALD**
                                            **ALEPIN; MEMORANDUM OF POINTS**
16                                          **AND AUTHORITIES IN SUPPORT**
                                            **THEREOF**
17
                                            Date:     To be set
18                                          Time:     To be set
                                            Place:    To be set
19                                          Before:   Magistrate Judge Patricia V. Trumbull

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dockets.Justia.com

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND .................................................................................................. 2

    A.      The March 2004 Decision.................................................................... 3

    B.      Efforts to Obtain Microsoft's Compliance .......................................... 4

    C.      The Article 24 Proceedings and Microsoft's Attacks on the
        Commission ......................................................................................... 7

    D.      Microsoft's Section 1782 Subpoenas.................................................. 8

    E.      The Commission's Position ................................................................. 9

    F.      The Interests of Oracle and Other Potential Licensees ...................... 11

III.    ARGUMENT ...................................................................................................... 11

    A.      The Commission Does Not Seek This Court's Assistance And
        Opposes Microsoft's Request For Discovery ..................................... 13

    B.      The Subpoenas Constitute An Improper Effort To Circumvent The
        Commission's Decisions Regarding Appropriate Discovery ............... 13

    C.      Microsoft's Subpoenas Are Overbroad And Improperly Seek
        Discovery Of Privileged Material In Contravention of the Express
        Terms of Section 1782 ....................................................................... 14

    D.      Microsoft's Subpoenas Should Also be Quashed Under Rules  26
        and 45 of the Federal Rules of Civil Procedure.................................. 15

IV.     CONCLUSION................................................................................................... 16

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

# TABLE OF AUTHORITIES

## CASES

*Advanced Micro Devices, Inc. v. Intel Corp.*,
  2004 U.S. Dist. LEXIS 21437 (N.D. Cal.) ........................................................ 12

*Concord Boat Corp. v. Brunswick Corp.*,
  169 F.R.D. 44 (S.D.N.Y. 1996) ........................................................ 16

*Four Pillars Enterprises Company v. Avery Dennison Corp.*,
  308 F. 3d 1075 (9th Cir. 2002) ........................................................ 15

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ........................................................ 2, 12, 13, 15, 16, 17

*Kestrel Coal v. Joy Global*,
  362 F. 3d 401 (7th Cir. 2004) ........................................................ 15

*Mattel, Inc. v. Walking Mountain Prods.*,
  353 F. 3d 792 (9th Cir. 2003) ........................................................ 16

*Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*,
  384 F. Supp. 2d 45 (D.D.C. 2005) ........................................................ 15

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
  376 F.3d 79 (2d Cir. 2004) ........................................................ 13

## FEDERAL STATUTES

Federal Rules of  Civil Procedure 26 ........................................................ 1, 16, 17

Federal Rules of Civil Procedure 45 ........................................................ 1, 16

## OTHER AUTHORITIES

28 U.S.C. § 1782 ........................................................ *passim*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1

## NOTICE OF MOTION AND MOTION TO QUASH

2    PLEASE TAKE NOTICE THAT at a date and time to be set by the Court, before

3 the Honorable Patricia V. Trumbull, in Courtroom 5, of the United States District Court for the

4 Northern District of California, Oracle Corporation, Clifford Chance LLP, Daniel Harris and

5 Ronald Alepin ("movants") will and hereby do move this Court pursuant to Rules 26 and 45 of

6 the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1782 for an order quashing

7 Microsoft Corporation's subpoenas to movants.

8    This motion is based on this Notice of Motion and Motion, on the Memorandum

9 filed concurrently herewith, on the accompanying declaration of Christopher S. Yates, all

10 pleadings and papers on file in this action, and on the oral argument (if any) at the hearing on the

11 motion.

12    This motion is made in accordance with the schedule set in the March 6, 2006

13 Order Granting Microsoft Corporation's *ex parte* application.

14

15 Dated:  March 15, 2006                                Respectfully submitted,

16                                                             LATHAM & WATKINS LLP
                                                             Daniel M. Wall
17                                                             Christopher S. Yates

18
                                                             By _____/S/_____
19                                                                   Christopher S. Yates
                                                             Attorneys for ORACLE CORPORATION,
20                                                             CLIFFORD CHANCE LLP, DANIEL
                                                             HARRIS and RONALD ALEPIN
21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH

## I.     INTRODUCTION

Microsoft Corporation, which has been found to have violated the antitrust laws of the European Union and other nations, is now facing the European equivalent of contempt proceedings for having failed to comply with a remedial order in one such case.  It has elected, for purely tactical reasons, to attack the legitimacy of those proceedings, accusing EU officials of colluding with Microsoft's rivals and withholding evidence of that collusion.  It is in aid of that strategy that Microsoft successfully applied *ex parte* for permission to serve document and deposition subpoenas on Oracle Corporation and several other parties pursuant to 28 U.S.C. § 1782, which permits but does not require U.S. courts to "provide assistance" to litigants in foreign legal proceedings.  Oracle, its legal counsel, (Clifford Chance LLP and Daniel Harris) and its technical advisor (Ronald Alepin), hereby move to quash Microsoft's subpoenas pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1782.

There is no question that these subpoenas are intended to circumvent limitations on discovery – so-called "access to file" – under European law.  Microsoft has sought nearly all of the materials at issue in Europe, received most but not all such materials from the European authorities, and by its own admission is turning to the U.S. courts to obtain that which was deemed improper under European law.  Announcing the subpoenas, Microsoft's associate general counsel stated: "Our repeated requests to the European Commission for full and fair file access have not been successful, so we are now turning to the U.S. courts for assistance." Declaration of Christopher S. Yates ("Yates Decl.") Ex. 18.  This explicit end-run on European discovery procedures is all the more astounding because Microsoft came to the U.S. courts *just one day* after requesting many of the materials from DG-Comp and without awaiting rulings from the Commission's Hearing Officer, let alone pursuing appeals.

The Directorate General-Competition of the Commission of the European Communities ("DG-Comp"), which is Europe's principal antitrust agency, has objected to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1  subpoenas, stating that they are "not objectively necessary but rather an attempt to circumvent

2  the established rules on access to file in proceedings before the Commission."[1]  Under the

3  leading case law interpreting Section 1782, the DG-Comp's views in this regard are entitled to

4  substantial weight, as is the fact that the discovery sought would indeed circumvent another

5  sovereign's discovery rules.  *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241,

6  264-5 (2004).  In the exercise of its discretion, the Court should deny relief under 28 U.S.C. §

7  1782 and quash all the outstanding subpoenas.

8        Were the Court inclined to permit some U.S. discovery, Microsoft's subpoenas

9  would have to be greatly narrowed.  They seek, among other things, broad discovery of

10  privileged documents and information in contravention of the express terms of Section 1782(a),

11  documents located mainly outside the United States, which is also not permitted under Section

12  1782, and documents unrelated to issues in the relevant foreign proceeding.  These points alone

13  would prevent Microsoft from obtaining nearly all the information it seeks.

14  **II.    BACKGROUND**

15        For many years, Microsoft has been in litigation with DG-Comp over business

16  practices that have been found to violate Europe's competition laws.  In the last few weeks,

17  Microsoft has rolled out a new strategy:  attacking in both legal forums and the press the

18  legitimacy of the European proceedings.  The centerpiece of this strategy is Microsoft's new

19  claim that DG-Comp itself is colluding with Microsoft's competitors to harm Microsoft.

20  Microsoft has adopted this strategy in light of several adverse rulings and events.  They include:

21  (1) a March 24, 2004, decision of the European Commission that Microsoft had infringed Article

22  82 of the EC Treaty (Europe's anti-monopolization law) by refusing to disclose essential

23  interoperability information to competing vendors of workgroup operating system products,

24  which included a remedy that required Microsoft to make disclosures and license protocols to

25  other companies; (2) a decision by Europe's Court of First Instance (CFI) rejecting Microsoft's

26

27  [1]    *See* Yates Decl. Ex. 1, letter dated March 13, 2006 from Philip Lowe, Director General of
28         DG-Comp to Thomas Vinje of Clifford Chance LLP and page 6, ¶ 23 of its Annex.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

2

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1    petition for a stay of the remedy pending appeal; (3) a series of reports by the Monitoring Trustee

2    charged with supervising Microsoft's compliance with the remedy finding that Microsoft's

3    disclosures of interoperability information were "not fit for use by developers, totally insufficient

4    and inaccurate for the purpose [they are] intended," and "in some cases quite explicitly

5    obfuscate[] some important details"; and (4) the Commission's issuance, on December 21, 2005,

6    of a "Statement of Objections" that in substance is akin to a U.S.-style Order to Show Cause as

7    to why Microsoft should not be held in contempt for failing to comply with the March 2004

8    decision.  The Statement of Objections (or "SO") seeks to compel Microsoft to fully comply with

9    the disclosure elements of the remedy and threatens Microsoft with a fine if Microsoft remains in

10   noncompliance with the Commission's remedial order.

11       **A.    The March 2004 Decision**

12           The European Commission's March 2004 Decision was the culmination of an

13   exhaustive investigation into whether Microsoft deliberately and unlawfully restricted

14   interoperability between personal computers running Microsoft's Windows operating system and

15   non-Microsoft work group servers.  The Commission found that indeed Microsoft had done so,

16   and that this conduct had enabled Microsoft, which for many years has monopolized the PC

17   operating systems market, to acquire a second dominant position in the market for work group

18   server operating systems.  *See* Yates Decl. ¶ 3, Ex. 2.  The Commission acted on a complaint

19   filed by Sun Microsystems, but found that other vendors of work group operating systems had

20   likewise been refused interoperability information, and that Microsoft's non-disclosures were

21   part of a broader strategy designed to suppress competition.  Indeed, the Commission's Decision

22   quoted from a February 1997 speech by Bill Gates to Microsoft's sales force that named Sun and

23   Oracle as targets of a "lock-out" strategy:  "What we are trying to do is use our server control to

24   do new protocols and lock out Sun and Oracle specifically...."  *Id.* at p. 207.

25           In defending against the Commission's charges, Microsoft advanced numerous

26   technical arguments.  Among other things, it argued that it had in fact made sufficient

27   interoperability information available to its competitors; that any alleged deficiencies could be

28   addressed through "reverse-engineering" efforts; and that some alleged deficiencies were

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1    unrelated to interoperability.  In accordance with its standard practice and the necessities of this

2    case, DG-Comp and ultimately the Commission considered input from other industry

3    participants while evaluating these complex and technically nuanced arguments.  The issue, after

4    all, was the sufficiency of information Microsoft had made available to facilitate third party

5    efforts to design interoperable products.  It would have been all but impossible for the

6    Commission to evaluate that issue without the views of those who had attempted to build, or at

7    least understood the challenges of building, such products.

8            In the March 2004 Decision, the Commission imposed a record fine on Microsoft

9    equivalent to $613 million and issued an injunction which, among other things, required

10   Microsoft to disclose complete and accurate interface documentation sufficient to allow non-

11   Microsoft work group servers to achieve full interoperability with Windows PCs and servers.

12   Importantly, Microsoft was allowed to license these interface specifications for a fee, which

13   meant that Microsoft's compliance would have to be assessed both technically and

14   commercially.  If Microsoft's disclosures were either technically or commercially unacceptable,

15   the Commission's remedial order would fail.

16       **B.      Efforts to Obtain Microsoft's Compliance**

17           The Commission's efforts to assure Microsoft's compliance with the March 2004

18   Decision already make up a long history.  They are summarized in Commission press releases.

19   Yates Decl. Exs. 3-5, 7.  For present purposes, the important thing to understand is that the

20   Commission has relied on both a "Monitoring Trustee" and input from Microsoft's potential

21   licensees to understand the adequacy of the interoperability disclosures.  This too should not be

22   surprising or alarming in the slightest.  The disclosures are just as technical and just as

23   complicated as the issues the Commission confronted in its liability decision.  Without the in-

24   house technical resources required to determine the adequacy of the disclosures, the Commission

25   needed to inform its analysis with input from private parties, technical experts, and since October

26   2005 the Monitoring Trustee.  Furthermore, it is entirely right and proper that the Monitoring

27   Trustee would have discussed these issues with those who might license the disclosures in order

28   to build interoperable products – just as he has discussed them with Microsoft.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1    As Microsoft knows, the Commission has always envisioned receiving input

2    about Microsoft's compliance efforts from potential licensees.  It announced publicly in June

3    2005 that it would conduct a so-called "market test" of Microsoft's compliance, meaning a

4    program whereby potential licensees would evaluate and report to the Commission on the

5    adequacy of the disclosures.  *See* Yates Decl. Ex. 4.  Every company that sought to review the

6    disclosures was required by Microsoft to sign Evaluation Agreements with significant

7    restrictions, and only four companies – Oracle, Sun, IBM and Novell – signed up.  DG-Comp

8    then issued compulsory "Article 18 letters" to each company, which obligated them to submit a

9    detailed technical assessment of the disclosures.  Oracle, assisted by Clifford Chance and Ronald

10   Alepin, did so.  Microsoft, as a party to the proceedings, received copies of the companies'

11   responses to these Article 18 letters.

12    At the same time the Commission was proceeding with a program envisioned by

13   the March 2004 Decision to appoint a "Monitoring Trustee" whose job would be to supervise

14   proactively Microsoft's compliance with the decree.  Paragraph 1046 of the March 2004

15   Decision states:

16    As regards interoperability, the Monitoring Trustee's responsibility
     should, in particular, involve assessing whether the information
17   made available by Microsoft is complete and accurate, whether the
     terms under which Microsoft makes the specifications available
18   and allows the use thereof are reasonable and nondiscriminatory
     and whether the ongoing disclosures are made in a timely manner.

19

20   Yates Decl. Ex. 2.  Microsoft was given the responsibility to nominate candidates to the

21   Commission for the role of Monitoring Trustee.  In October 2005 Professor Neil Barrett, a

22   computer scientist from the U.K. and one of four Microsoft nominees, was appointed to the

23   position.  Yates Decl. Ex. 1, ¶ 14.

24    Microsoft takes great umbrage at the fact that potential licensees provided

25   comments to Professor Barrett, but there is nothing improper about it.  The Monitoring Trustee is

26   an agent of the Commission, not some kind of quasi-judicial officer subject to limitations on *ex*

27   *parte* communications.  Professor Barrett has wide discretion as to how he evaluates Microsoft's

28   compliance, and if, on his own or in consultation with DG-Comp, he wishes to speak to those

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1   who have evaluated Microsoft's disclosures before speaking to Microsoft, or *vice versa,* that is

2   his choice.  As the Commission recently stated, there is nothing inappropriate about the Trustee's

3   contacts with companies, like Oracle, whose willingness to consider licensing the protocols and

4   build products based on Microsoft's disclosures is the key to effective relief under the March

5   2004 Decision:

> Paragraph 30 of the [Trustee] Decision, reiterating paragraph 1045
> of the March 2004 Decision, provides that, "the Trustee should not
> only be reactive, but should play a proactive role in the monitoring
> of Microsoft's compliance". Articles 3.1.d and 5.6 of the Decision
> make clear that the Trustee, under the supervision of the
> Commission, has to monitor Microsoft's compliance on his own
> initiative. In order to fulfill that proactive role and to form his own,
> impartial, view on complex technical questions, the Trustee must
> be in a position to gather views on compliance issues through
> contacts not only with Microsoft engineers, but also with potential
> beneficiaries of the remedy. *The Trustee's contacts with such*
> *potential beneficiaries are therefore part of his obligations under*
> *the Trustee Decision and not in any way a form of inappropriate*
> *collusion as has been suggested.*

14  Yates Decl. Ex. 5 (emphasis added).

15          In any event, the cause of Microsoft's current predicament is not how the

16  European process works, but rather Professor Barrett's reports on the substantive adequacy of

17  Microsoft's compliance efforts.  Professor Barrett has issued two reports and a response to

18  Microsoft's comments on his reports.  He has been extremely critical of Microsoft's compliance.

19          Professor Barrett's reports found, among other things:

20      •   "[The documentation is] … not fit for use by developers, totally insufficient

21          and inaccurate for the purpose it is intended…."

22      •   "[A]ny programmer or programming team seeking to use the Technical

23          Documentation for a real development exercise would be wholly and

24          completely unable to proceed on the basis of the documentation.  The

25          Technical Documentation is therefore totally unfit at this stage for its intended

26          purpose."

27      •   "[T]he documentation appears to be fundamentally flawed in its conception,

28          and in its level of explanation and detail….  Overall, the process of using the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1      documentation is an absolutely frustrating, time-consuming and ultimately

2      fruitless task.  The documentation needs quite drastic overhaul before it could

3      be considered workable."

4    Yates Decl. Ex. 6.

5        **C.**      **The Article 24 Proceedings and Microsoft's Attacks on the Commission**

6        On November 10, 2005, the Commission issued a decision pursuant to Article

7    24(1) of Regulation 1/2003 putting Microsoft on formal notice that should it not comply by

8    December 15, 2005 with its obligations to disclose complete and accurate interoperability

9    information, it would face daily fines.  On December 22, one week after the deadline passed, the

10   Commission issued its SO, formally instituting the Article 24 proceeding to which Microsoft's

11   subpoenas ostensibly relate.  In a statement announcing the SO, Competition Commissioner

12   Neelie Kroes said, "I have given Microsoft every opportunity to comply with its obligations.

13   However, I have been left with no alternative other than to proceed via the formal route to ensure

14   Microsoft's compliance."  Yates Decl. Ex. 7.

15       Microsoft is entitled to an oral hearing on the SO, and that is scheduled for

16   March 30 and 31, 2006.  The only issue at that hearing is whether or not Microsoft is in

17   compliance with the March 2004 Decision.  It either is or it is not, which turns exclusively on the

18   substantive completeness of Microsoft interoperability disclosures.  There is no process

19   dimension to that analysis that might permit Microsoft to excuse its noncompliance because of

20   the way the Commission evaluated the sufficiency of Microsoft's disclosures.

21       Nevertheless, since the SO was issued, Microsoft has been steadily escalating an

22   attack on the legitimacy of the Commission's efforts to secure compliance with the March 2004

23   Decision.  This effort goes far beyond any legitimate defense of Microsoft's own conduct, and is

24   plainly an attempt to put the system on trial, as it were.  The foils in this attack have been the

25   DG-Comp professional staff, the Monitoring Trustee and each of the four companies to have

26   evaluated the disclosures and provided input on them to the Commission and the Trustee.

27   Microsoft has, quite explicitly, charged these parties with colluding to harm Microsoft.  In

28   Microsoft's own words, it alleges that "the Commission has been conducting its investigation of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1   Microsoft's compliance in secret collaboration with Microsoft adversaries." Yates Decl. Ex. 8 at

2   p. 1. Microsoft launched an aggressive PR campaign selling its conspiracy theory, and on March

3   3rd – the day after Microsoft filed and publicly released its Supplemental Response to the SO –

4   the European (and U.S.) press was filled with stories about the alleged collusion. *See, e.g.,* Yates

5   Decl. Ex. 9, Tobias Buck, "Microsoft Accuses Brussels of Colluding with Rivals, *The Financial*

6   *Times* (March 3, 2006).[2]

7       **D.    Microsoft's Section 1782 Subpoenas**

8           The subpoenas now at issue are part of Microsoft's efforts to discredit the Article

9   24 proceeding. They are premised on the outrageous claim that DG-Comp is suppressing

10  evidence of the alleged collusion by manipulating its file access rules. In reality, Microsoft has

11  already received, pursuant to requests it made under normal Commission procedures, the

12  evidence to which it is entitled under EU law.

13          On January 30, 2006, Microsoft requested by letter all documents in the DG-

14  Comp's possession that reflected or pertained to communications between the Commission on

15  the one hand and third parties such as Oracle, Sun, IBM and Novell, on the other hand. It also

16  requested documents reflecting discussions that may have taken place between the third parties

17  and the Monitoring Trustee. The matter went to a Commission Hearing Officer, which held that

18  Microsoft was entitled to much but not all of the requested documents.[3] After the third parties,

19  including Oracle, granted confidentiality waivers, Microsoft received the materials.

20          Then on March 2, 2006 – the day Microsoft leveled its collusion charges –

21  Microsoft made an additional request to the Hearing Officer for access to "any materials

22  ─────────────────────

23  [2]   A particularly disturbing feature of Microsoft's PR campaign has been the use of confidential
     materials Microsoft received through access to file. On March 2nd, Microsoft filed with the
     Commission a "Supplemental Response to the Statement of Objections," essentially
24   packaging and reciting its conspiracy theory and its attack on the Commission. The
     Supplemental Response was published on Microsoft's web site and e-mailed to the press,
25   even though it revealed the contents of many of the communications regarding third parties
     Microsoft had received from the Commission under confidentiality. Paragraph 11 of the DG-
26   Comp statement on the propriety of these subpoenas is almost certainly in response to
     Microsoft's public dissemination of these confidential materials.

27  [3]   The Hearing Officer found that correspondence between DG-Comp and the Monitoring
     Trustee constituted internal Commission documents as to which access was improper.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1    submitted by its adversaries to the Trustee and OTR."[4]  *The next day,* while this request was still

2    pending, Microsoft filed its *ex parte* applications in the U.S. seeking discovery of these materials

3    under Section 1782.  Literally everyone who had signed an Evaluation Agreement with

4    Microsoft, reviewed the technical documentation, responded to the Commission's Article 18

5    letters, and generally invested resources in considering whether to license the protocols was

6    subpoenaed, including the companies, their lawyers, and in Oracle's case its technical consultant.

7    *See* Yates Decl. Exs. 10-17 (subpoenas and objections).  Horacio Gutierrez, Microsoft's

8    associate general counsel, has *admitted* the subpoenas were intended to end-run Commission

9    limitations on file access: "Our repeated requests to the European Commission for full and fair

10   file access have not been successful, so we are now turning to the U.S. courts for assistance."

11   Yates Decl. Ex. 18, "Microsoft Seeks Sun, IBM, Oracle, Novell Documents," Bloomberg

12   (March 3, 2006).  Of course, Mr. Gutierrez neglected to mention that Microsoft had received

13   much of what it sought and that its latest request was still pending – as it is to this day.

14            Microsoft has also failed to pursue its appellate remedies in Europe for any

15   alleged deficiencies in its access to file.  A decision by a Hearing Officer not to provide some

16   type of file access is appealable to the CFI.  Microsoft has done absolutely nothing to appeal any

17   of the file access rulings to date.  It has instead pursued this collateral attack on the

18   Commission's decisions.

19       **E.    The Commission's Position**

20            Oracle and the other companies that received subpoenas sought the Commission's

21   views on the propriety of Microsoft's request for U.S. judicial assistance.  Oracle received its

22   response (nearly identical to that received by the others) by letter dated March 13, 2006 from

23   Philip Lowe, the Commission's Director-General Competition.  Yates Decl. Ex. 1.  DG-Comp's

24   position, as stated in an Annex to Mr. Lowe's letter, is that the subpoenas are improper and

25   unwelcome.

26

27   _____

28   [4]    OTR is a technical consultant working for DG-Comp.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1    First, DG-Comp's statement lays out in great detail the procedural history of this

2    matter, the policies that underlie the Commission's file access rules, and Microsoft's file access

3    demands.  It notes how "[i]t came as a surprise to DG COMP that Microsoft decided to turn to a

4    US court for assistance under 28 U.S.C. § 1782 in order to gain access to documents which it had

5    one day before sought to obtain from the Commission and on the disclosure of which a hearing is

6    currently pending before the Commission's Hearing Officer."  *Id*. at ¶ 22.

7    Second, DG-Comp states that Microsoft's "rights of defence" [due process rights]

8    in relation to the SO "are adequately protected by the European rules on access to file."  *Id*. at

9    ¶ 23.  Therefore, in DG-Comp's view, "an application by Microsoft on the basis of 28 U.S.C. §

10    1782 is not objectively necessary but rather an attempt to circumvent the established rules on

11    access to file in Commission proceedings."  *Id*.

12    Third, DG-Comp addressed Microsoft's attempt to obtain discovery on issues

13    unrelated to the Article 24 proceedings, in particular evidence of communications related to

14    Microsoft's general compliance with European competition laws.  Noting that Microsoft would

15    be entitled to file access if and when there are Commission proceedings on these subjects, DG-

16    Comp stated:  "Microsoft's request to get access to such documents before a Statement of

17    Objections has been issued is therefore unduly intrusive and totally at odds with the European

18    rules on access to file which such a request would circumvent and undermine."  *Id.* at ¶ 25.  DG-

19    Comp added that allowing Microsoft this discovery "is apt to seriously undermine the

20    Commission's investigative process."  *Id.* at ¶ 27.

21    DG-Comp came to the following conclusion:

22    In sum, DG COMP is of the opinion that the described European
       access to file rules properly protect Microsoft's rights of defence

23    and that the discovery requests presented by Microsoft are an
       attempt to circumvent these well-established rules.  DG COMP

24    therefore sees no necessity for Microsoft to avail itself of the
       assistance of US courts pursuant to 28 U.S.C. § 1782.

25

26    *Id.* at ¶ 28.  Significantly, Director-General Lowe's cover letter indicated that the European

27    Commission would intervene as *amicus curiae* if the Court deemed that necessary and

28    appropriate.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

**F.    The Interests of Oracle and Other Potential Licensees**

Given Microsoft's claim that its "adversaries" are colluding against it, a brief word about Oracle's interest in this matter is appropriate.

The purpose of the remedy contained in the Commission's March 2004 Decision is to permit third parties to build products that interoperate with Microsoft's dominant work group server operating system and PC operating system, essentially Windows.  If no one builds such products because of inadequacies in the disclosures or the terms of the licenses, there is no remedy.  As it is, there are only a handful of companies in the world that might build such products, Oracle among them.  For that reason, Oracle signed Microsoft's Evaluation Agreement and had Mr. Alepin review the specifications.  Oracle is thus involved in this matter for two reasons:  because it is a potential licensee and because its evaluation of the disclosures has made it a source of information to the Monitoring Trustee.

By serving subpoenas on Oracle *and everyone else in a similar position*, Microsoft is plainly attempting to chill communication concerning the adequacy of its disclosures.  The evaluation process is already restrictive enough, as Microsoft allows third parties to evaluate the technical information only under extremely limited circumstances and under extremely restrictive "evaluation agreements."  Microsoft is now upping the ante by making potential licensees subject to onerous discovery obligations as well.  Microsoft fully understands the impact of these subpoenas on the remedy itself.  The remedy is entirely reliant on a third party's willingness to evaluate and ultimately license the technology (for a fee).  If third parties are "persuaded" to abandon the evaluation process, the Commission's enforcement proceeding and Microsoft's appeal on the merits to the Court of First Instance become moot.

**III.    ARGUMENT**

28 U.S.C. § 1782 permits, but does not require, U.S. courts to "provide assistance" to litigants in foreign legal proceedings.  Discovery under Section 1782 is not a matter of right.  Rather, the applicant (in this case Microsoft), has the burden of establishing that the Court, in its discretion, should permit the requested discovery.  In *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-5 (2004), the Supreme Court recently considered Section

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1782 at length and provided a non-exclusive list of factors district courts should consider in

exercising that discretion.   The factors to be considered include:

> (1) "the receptivity of the foreign government or the court or agency abroad to U.S.
> federal-court judicial assistance";
>
> (2) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-
> gathering restrictions or other policies of a foreign country or the United States";
>
> (3) the burden imposed by the requested discovery, which means that "unduly intrusive
> or burdensome requests may be rejected or trimmed"; and
>
> (4) whether the entity from whom discovery is sought is a participant in the foreign
> proceeding because a "foreign tribunal has jurisdiction over those appearing before it,
> and can itself order them to produce evidence."

*Id.*

Here, the *Intel* factors compel the denial of Microsoft's request for judicial assistance.[5]   Microsoft has been given the discovery available under EC law (including communications between the Commission and Oracle or its lawyers).   It has not appealed any adverse rulings.  *Everything* now at issue is an effort to circumvent European access to file rules, as Microsoft's counsel, Mr. Gutierrez explicitly admitted.  DG-Comp is on record stating that the requested U.S. discovery is "apt to seriously harm the Commission's investigation process and circumvent the European rules on access to file."  *See* Yates Decl. Ex. 1, at ¶ 27.  That is reason enough to deny Microsoft any Section 1782 discovery.

In addition, Microsoft's subpoenas are overbroad.  They seek broad discovery of privileged materials foreclosed by the express terms of Section 1782.  They seek documents

---

[5]   Judge Ware of this Court applied these factors to the Intel/AMD dispute on remand. *Advanced Micro Devices, Inc. v. Intel Corp.*, 2004 U.S. Dist. LEXIS 21437, * 6-7 (N.D. Cal., Oct. 4, 2004).  Because Judge Ware indicated that his decision was "not for citation," it is not precedent.  However, as subsequent history in a U.S. Supreme Court decision it is worth noting that AMD was denied all relief.  This was despite the fact that AMD was seeking documents that Intel had already produced in another litigation, which were clearly relevant to AMD's European complaint against Intel, and which presented none of the issues in this case about the use of Section 1782 to collaterally attack European access to file decisions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

located in Europe, which is obviously more appropriately governed by European discovery principles. And they seek documents unrelated to the Article 24 proceedings. For these reasons too, Microsoft's subpoenas should be quashed.

### A. The Commission Does Not Seek This Court's Assistance And Opposes Microsoft's Request For Discovery

Of paramount importance to any request for judicial assistance under section 1782 is whether the foreign government or agency is receptive to judicial assistance from a U.S. court. Indeed, principles of comity suggest that substantial deference should be given to the foreign government or agency's views on whether U.S. judicial assistance is needed or appropriate. *See Intel.*, 542 U.S. at 264-5; *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84-85 (2d Cir. 2004) (affirming the denial of discovery under section 1782 where, *inter alia*, the German government opposed the discovery request).

As explained in the Commission's letter to EC counsel for Oracle, the Commission does not seek this Court's assistance and further believes that permitting Microsoft's requested discovery is "not necessary" and "is apt to seriously harm the Commission's investigation process." Yates Decl. Ex. 1, at ¶¶ 24, 27. This *Intel* factor weighs heavily against Microsoft's requested discovery.

### B. The Subpoenas Constitute An Improper Effort To Circumvent The Commission's Decisions Regarding Appropriate Discovery

Microsoft has been given discovery under EC law. Indeed, as the Commission's letter explains, Microsoft has made additional requests for file access and such requests are presently under consideration. Yates Decl. Ex. 1, at ¶¶ 20-22. Microsoft is obviously dissatisfied with some discovery rulings made the Commission (as is evidenced by its associate general counsel's statement to the press), but it is not the place of a U.S. court to second-guess the Commission's rulings. The proper course for Microsoft is to pursue its appellate remedies in Europe, not collaterally attack the Commission's rulings in a U.S. court.

DG-Comp is on record stating that Microsoft's requested discovery under Section 1782 constitutes "an attempt to circumvent the established rules on access to file in proceedings

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

13

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1    before the Commission."  *See* Yates Decl. Ex. 1, at ¶ 23; *see also id.* at ¶ 27 (the requested

2    discovery under section 1782 "is apt to seriously harm the Commission's investigation process

3    and circumvent the European rules on access to file") and *id.* at ¶ 28 ("the discovery requests

4    presented by Microsoft are an attempt to circumvent these well-established rules.").  Microsoft's

5    Mr. Gutierrez admitted this.  Accordingly, this *Intel* factor also weighs heavily against

6    Microsoft.[6]

7
8    **C.    Microsoft's Subpoenas Are Overbroad And Improperly Seek Discovery Of Privileged Material In Contravention of the Express Terms of Section 1782**

9    Microsoft's subpoenas are extremely broad.  For example, requests for production

10   4 and 8 in each of the subpoenas demand:

11       4.  All documents that contain, constitute, reflect, evidence, or
         refer to any communication between You and any other third party
12       relating to the Interoperability Information or to the proper
         interpretation of the terms "Interoperability" or "Interoperability
13       Information" as used in the 2004 Decision.

14       8.  All documents since March 24, 2004, that contain, constitute,
         reflect, evidence, or refer to any communication between You and
15       any other third party about Microsoft's compliance or alleged
         failure to comply with European Community competition laws,
16       including without limitation the 2004 Decision, the Article 24(1)
         Decision, or the SO.

17

18   Yates Decl. Exs. 10, 12, 14, and 16.

19   Request No. 8, as the DG-Comp Statement notes, does not even relate to the

20   relevant Article 24 proceeding, but seeks every document that Oracle or Clifford Chance possess

21   relating generally to "Microsoft's compliance or alleged failure to comply with European

22   Community competition laws."  Furthermore, this request covers documents that Clifford

23   Chance has had on this subject on behalf of any client, not just Oracle.  As Microsoft knows,

24   Clifford Chance has numerous clients other than Oracle and many of them have views on, and

25   may have communicated with Clifford Chance regarding, Microsoft's compliance or failure to

26   _____

27   [6]   Moreover, although Oracle is not a participant in the Commission proceedings, the
     Commission obtained documents from Oracle under Article 18 and has provided Microsoft
28   with that to which Microsoft is entitled under EC law.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1    comply with EC competition law.  Microsoft has no right to put Clifford Chance to the burden of

2    reviewing its files for all such documents.

3          Moreover, these requests for production (and others) clearly call for the

4    production of privileged documents and communications.  The fact that Microsoft subpoenaed

5    not just Oracle but also its outside counsel leaves no doubt about that.  That runs headlong into

6    the express language of section 1782(a):  "A person may not be compelled to give his testimony

7    or statement or to produce a document or other thing in violation of any legally applicable

8    privilege."

9          Microsoft's subpoenas are also overbroad and unduly intrusive because they are

10   not limited to documents or information found within the United States.  This is improper as a

11   matter of law, because Section 1782 discovery does not reach documents outside of the United

12   States.  *See e.g., Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 50-55

13   (D.D.C. 2005) (noting that the "body of caselaw suggests that § 1782 is not properly used to seek

14   documents held outside the United States" and that "the Court has found no case in which § 1782

15   has been used to permit the extraterritorial application of § 1782."); *Kestrel Coal v. Joy Global*,

16   362 F. 3d 401, 404 (7th Cir. 2004) (quoting commentator stating that "Section 1782 was not

17   intended to enable litigants to obtain in Spain evidence located in Spain that could not be

18   obtained through proceedings in Spain.  Section 1782 should not be used to interfere with the

19   regular court processes in another country."); *cf. Four Pillars Enterprises Company v. Avery

20   Dennison Corp.*, 308 F. 3d 1075 (9th Cir. 2002) (noting support for a Magistrate Judge's view

21   that section 1782 does not "encompass[] the discovery of material located in foreign countries").

22          Under *Intel*, the burdensomeness of Microsoft's requests also cut against judicial

23   assistance.  In fact, nothing relevant to this case cuts in favor of involving the U.S. courts in this

24   European controversy.  Microsoft's subpoenas should be quashed in full.

25          **D.    Microsoft's Subpoenas Should Also be Quashed Under Rules  26 and 45 of
26          the Federal Rules of Civil Procedure.**

27          Rule 45 of the Federal Rules of Civil Procedure limits the discovery that may be

28   taken of a non-party.  Rule 45(c)(1) provides that a "party or attorney responsible for the

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

15          NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1   issuance of a subpoena shall take reasonable steps to avoid imposing undue burden or expense

2   on a person subject to that subpoena" and further provides that the "court on behalf of which the

3   subpoena was issued shall enforce this duty".   Moreover, Rule 45(c)(3)(A) provides that a court

4   "shall quash or modify" a subpoena if it: (1) fails to allow reasonable time for compliance; (2)

5   requires disclosure of privileged material; or (3) subjects the recipient to undue burden.  Fed. R.

6   Civ. P. 45(c)(3)(A)(i), (iii), and (iv); *see also* Fed. R. Civ. P. 26(c).  The factors weighed in

7   determining undue burden include the relevance of the information demanded, the time period

8   covered, the burden imposed, and the non-party status of the subpoenaed witness.  *See e.g.,*

9   *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996); *Mattel, Inc. v.*

10  *Walking Mountain Prods.*, 353 F. 3d 792, 813 (9th Cir. 2003) (finding no abuse of discretion in

11  district court's order quashing subpoena that was "way too broad" and was "served for the

12  purpose of annoying and harassment and not really for the purpose of getting information.").

13          Microsoft's subpoena is extremely broad, but seeks compliance in a matter of

14  days.  An effort to review, for instance, Clifford Chance's files for all communications since

15  2004 regarding Microsoft's compliance with EC competition law would be a Herculean task that

16  would cost a minimum of several hundred thousand dollars.  That is a tremendous expense,

17  especially when the issue before the Commission is whether Microsoft's interoperability

18  publications are sufficient – not any process issue and not its overall compliance with EC

19  competition law.  When coupled with the fact that Microsoft has obtained discovery under EC

20  law, it is apparent that Microsoft's U.S. discovery imposes an undue burden and fails to provide

21  adequate time for compliance.[7]

22  **IV.    CONCLUSION**

23          Microsoft's associate general counsel has admitted that the subpoenas at issue are

24  part of an effort to circumvent EC decisions regarding appropriate discovery.  Section 1782 is

---

[7]   If, contrary to movants' submission, the Court denies the motion to quash, the Court should order the subpoenas modified to minimize the burden and, also, enter an appropriate Protective Order that protects confidential information.  The Court clearly has the power to do so.  *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-5 (2004); Fed. R. Civ. P. 26(c), and 45(c)(3)(B).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

NOTICE OF MOTION AND MEMO.
ISO MOTION TO QUASH  MICROSOFT'S SUBPOENAS
CASE NUMBER: 06-80038 JF (PVT)

1  not meant to be used as a vehicle to circumvent foreign governments' restrictions on discovery,

2  let alone decisions by a foreign agency or tribunal in response to discovery requests.  The

3  relevant foreign agency, the Commission, opposes Microsoft's discovery and is on record stating

4  that the discovery is "apt to seriously harm the Commission's investigation process."  The

5  motion of Oracle, Clifford Chance, Daniel Harris and Ronald Alepin to quash Microsoft's

6  overbroad subpoenas should be granted.

7  Dated:  March 15, 2006                    Respectfully submitted,

8                                            LATHAM & WATKINS LLP
                                             Daniel M. Wall
9                                            Christopher S. Yates

10

11  By _____/S/_____
                                             Christopher S. Yates
12                                           Attorneys for ORACLE CORPORATION,
                                             CLIFFORD CHANCE LLP, DANIEL
                                             HARRIS and RONALD ALEPIN

13

14  SF\553713

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17                    NOTICE OF MOTION AND MEMO.
                      ISO MOTION TO QUASH MICROSOFT'S SUBPOENAS
                      CASE NUMBER: 06-80038 JF (PVT)