1  JAMES N. PENROD (State Bar No.: 43030)
   MORGAN, LEWIS & BOCKIUS LLP
2  1 Market, Spear Tower
   San Francisco, CA  94105
3  Telephone:    (415)-442-1000
   Facsimile:    (415)-442-1001
4

5  Attorneys for SUN MICROSYSTEMS, INC.,
   MORGAN, LEWIS & BOCKIUS LLP, AND MAKING
6  A SPECIAL APPEARANCE FOR JEFFREY
   KINGSTON, WHO HAS NOT BEEN SERVED AND IS
7  NOT WAIVING SERVICE

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                         SAN JOSE DIVISION

13

14  In re Application of Microsoft Corp.

                                            Case No. 06-80038 JF (PVT)
15

16                                          **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES IN SUPPORT OF**
17                                          **MOTION OF SUN MICROSYSTEMS,**
                                            **INC., MORGAN, LEWIS & BOCKIUS**
18                                          **LLP, AND JEFFREY KINGSTON, BY**
                                            **SPECIAL APPEARANCE, TO QUASH**
19                                          **MICROSOFT'S SUBPOENA DUCES**
                                            **TECUM FOR PERSONAL APPEARANCE**
20                                          **AND PRODUCTION OF DOCUMENTS**
                                            **AND THINGS**
21
                                            Date:      To Be Set
22                                          Time:      To Be Set
                                            Before:    Magistrate Patricia V. Trumbull
23                                          Place:     Courtroom Five, Fourth Floor

24                                          Complaint Filed:    N/A
                                            Trial Date:         N/A
25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

                                    1

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................1

II.   STATEMENT OF FACTS ....................................................................................5

A. THE STRUCTURE OF THE EUROPEAN COMMISSION...............................5

B. THE MICROSOFT PROCEEDINGS BEFORE THE COMMISSION.......................6

C. THE MICROSOFT SUBPOENAS.....................................................................7

D.  THE POSITION OF THE EUROPEAN COMMISSION ON THE
MICROSOFT SUBPOENAS IN THE UNITED STATES....................................8

III.   ARGUMENT......................................................................................................10

A. MICROSOFT'S APPLICATION IS CONTRARY TO ALL FOUR FACTORS
THE SUPREME COURT SETS FORTH FOR USE OF SECTION 1782..........10

1.    THE EUROPEAN COMMISSION IS STRONGLY OPPOSED
AND UNRECEPTIVE TO THE GRANTING OF MICROSOFT'S
APPLICATION .....................................................................................11

2.    THE EUROPEAN COMMISSION BELIEVES THIS
APPLICATION IS AN ATTEMPT TO CIRCUMVENT THE
ESTABLISHED RULES ON ACCESS TO FILE IN ITS
PROCEEDINGS ...................................................................................12

3.    SUN IS SUBJECT TO THE DISCOVERY JURISDICTION OF
THE COMMISSION .............................................................................15

4.    MICROSOFT'S SUBPOENA IS BURDENSOME AND
INTRUSIVE .........................................................................................16

B.  OTHER REASONS WHY THE SUBPOENA SHOULD BE QUASHED ...............17

1.    THE SUBPOENA IS UNTIMELY .........................................................17

2.    THE SUBPOENA SEEKS INFORMATION NOT FOUND IN
THE UNITED STATES .........................................................................18

3.    THE SUBPOENA SEEKS PRIVILEGED AND CONFIDENTIAL
AND PRIVATE INFORMATION............................................................18

4.    THE SUBPOENA AND ITS INSTRUCTIONS, DEFINITIONS,
REQUESTS AND SUBJECTS ARE OVERLY BROAD,
BURDENSOME AND INTRUSIVE AND UNLIMITED IN
SCOPE................................................................................................19

5.    THE SUBPOENA SEEKS CUMULATIVE AND DUPLICATIVE
INFORMATION ALREADY PROVIDED TO MICROSOFT...............19

6.    THE SUBPOENA IS VAGUE AND AMBIGUOUS AND THE
REQUESTS ARE NOT SET FORTH WITH REASONABLE
PARTICULARITY................................................................................20

IV.   CONCLUSION...................................................................................................20

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page**

## CASES

*F. Hoffman-LaRoche Ltd. v. Empagran S.A.*,
542 U.S. 155 (2004)...........................................................................................14

*Intel Corporation v. Advanced Micro Devices*,
542 U.S 241 (2004)..............................................1, 5, 10, 11, 12, 15, 16

*Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*,
384 F. Supp. 2d 45 (D.D.C. 2005)....................................................................18

*Schmitz v. Bernstein, Liebhard & Lifshutz*,
376 F. 3d 79 (2d Cir. 2004) ..............................................................11, 12, 15

## OTHER AUTHORITIES

2004 U.S. Dist. LEXIS 21437 (N.D. Cal., Oct. 4, 2004)...............................11

## RULES

Fed. R. Civ. P. 26(c) ............................................................................................17

Fed. R. Civ. P. 45 .........................................................................................18, 19

Fed. R. Civ. P. 45(c) ............................................................................................18

Fed. R. Civ. P. 45(c)(1) ........................................................................................19

Fed. R. Civ. P. 45(c)(2) ........................................................................................18

Fed. R. Civ. P. 45(c)(3)(A)(i) .............................................................................17

Fed. R. Civ. P. 45(c)(3)(A)(iii) ...........................................................................18

## 8

Commission Letter..................................................10, 12, 13, 14, 16, 19

## I.    INTRODUCTION

Microsoft Corporation's ("Microsoft") Application under 28 U.S.C. 1782 ("Section 1782") is inappropriate under circumstances in the case at bar and does not satisfy the standards for use of Section 1782 set forth by the Supreme Court in *Intel Corporation v. Advanced Micro Devices,* 542 U.S 241 (2004).  In that case, the Supreme Court stated that United States Courts should consider four factors in ruling on Section 1782 Applications: (1) The receptivity of the foreign tribunal to United States Federal Court judicial assistance; (2) Whether the Section 1782 request is an attempt to circumvent foreign proof gathering restrictions or other policies; (3) Whether the party from whom discovery is sought is subject to the discovery jurisdiction of the foreign tribunal; and (4) Whether the Section 1782 request is overly intrusive and burdensome.

In this case, the Commission of the European Communities ("Commission" or "European Commission") has strongly stated its opposition to this use of Section 1782, which it believes will "hamper the work of the Commission" and "seriously harm the Commission's investigatory process."  The Commission has also strongly stated that it believes Microsoft's request is an "attempt to circumvent the established rules on access to file in proceedings before the Commission." *See* Section II D, *Infra*.  It is also a fact that Sun Microsystems ("Sun") is subject to the discovery jurisdiction of the Commission and the Commission, therefore, has the ability to compel discovery that it believes is warranted and relevant.  Last, the Microsoft subpoenas are broad ranging and extensive—covering not only Sun, but also other clients of Morgan, Lewis & Bockius LLP ("Morgan Lewis"), as well as any other matters involving alleged violations of the European antitrust laws by Microsoft.  The Commission has stated that it believes these requests are "unduly intrusive and totally at odds with European rules."  The requests are clearly intrusive to Sun and Morgan Lewis.  It would take months of investigation and creation of extensive privilege and confidentiality logs before compliance would be remotely possible.  All four factors of the *Intel* decision, therefore, mandate denial of this Application.

Furthermore, the Application is a seriously untimely request, as it was served a mere two weeks before the compliance hearing that Microsoft is facing before the Commission in Brussels, but months after Microsoft became aware that it would be subject to a compliance hearing.  It is

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

also a serious affront to principles of international comity for Microsoft to attempt to do an end run around the Commission's procedures, as demonstrated by Microsoft's filing its application with this Court before it even attempted to follow through with the procedural mechanisms available to it through the Commission's promulgated procedures.

After years of proceedings, the Commission issued a decision on March 24, 2004 ("March 24 Decision"), finding that Microsoft had seriously and willfully violated European antitrust law. (A copy of this decision is not necessary here, but it can be found at http://europa.eu.int/comm/competition/antitrust/cases/Microsoft (March, 24, 2004)). The gravity of Microsoft's misconduct was such that the Commission imposed the largest fine in the history of European competition law enforcement and Microsoft was required to make changes in its business conduct in order to restore competition to vital computer markets. After a year of efforts to secure compliance with the March 24 Decision, the Commission ordered the compliance hearing that is now the supposed subject of Microsoft's irregular and untimely discovery requests. The underlying proceeding was brought against Microsoft by the Commission after Microsoft, according to the Commission's preliminary findings, willfully failed to abide by the requirements of the March 24 Decision. According to the Commission's appointed Monitoring Trustee, Microsoft's efforts to comply with the Commission's decision were "incomplete, inaccurate and unusable." *See* Declaration of James N. Penrod ("Penrod Declaration"), Exhibit F. (Although not necessary to the Court's ruling here, the Commission's reasons for instituting this proceeding have been the subject of public disclosures which can be found at http://europa.eu.int/rapid/pressReleasesAction.do?reference=IP/05/1695&format=HTML&aged=0&language=EN&guiLanguage=en).

This emergency Application by Microsoft is an entirely artificial "crisis." For months, Microsoft has known of the Commission's view that Microsoft has not complied with the March 24 Decision and that the Commission would proceed against Microsoft to force compliance. Microsoft has also been on notice for months of the formal decision, taken by the Commission on November 10, 2005 ("Article 24 Decision"), finding Microsoft in violation of the provisions of the March 24 Decision. Under the European Union Rules, the enforcement action is called an

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

2

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

1    "Article 24" proceeding.  For months, therefore, Microsoft has failed to pursue the discovery it

2    now claims must be granted on an emergency basis.

3        The compliance hearing is limited to a single issue: whether or not Microsoft has

4    complied with the March 24 Decision.  The only discovery that could arguably be relevant is

5    information the Commission views as relevant under its established rules.  On March 2, 2006,

6    more than three months after the Article 24 Decision and only a week and a half ago, Microsoft

7    asked the Commission for additional discovery of information it believed to be relevant to the

8    compliance hearing.  That request covers only a subset of the information Microsoft seeks here,

9    even though the compliance hearing and its single issue are the only conceivable justification for

10   Microsoft's Application to this Court.  Microsoft's request on March 2, 2006, was taken under

11   consideration by the Commission Hearing Officer in Brussels.  Thereafter, the Commission asked

12   the Monitoring Trustee ("Trustee") and the Commission's outside experts, OTR, to provide any

13   information they have that would be subject to Microsoft's request to the Hearing Officer so she

14   can act on Microsoft's request.  *See* Section II, D *Infra*.  The very next day, while this request was

15   pending and *sub judice* before the Commission Hearing Officer in Brussels, Microsoft filed its

16   Section 1782 Application in the Northern District of California against Sun and its counsel, and

17   against Oracle Corporation ("Oracle") and its counsel.  At approximately the same time,

18   Microsoft filed similar Applications in the Southern District of New York against IBM and its

19   counsel, and in the District of Massachusetts against Novell and its counsel.

20       The issue of Microsoft's rights to discovery in preparation for the March 30, 2006

21   Hearing in Brussels regarding Microsoft's noncompliance with the March 24 Decision is being

22   addressed by the Commission.  The Commission is better able than a foreign court to decide what

23   discovery is appropriate and relevant in its own proceedings.  Microsoft, using the cover of

24   Section 1782, essentially seeks to circumvent the European Union's judicial processes, thus,

25   undermining the sanction imposed upon it.

26       It is, of course, no accident that Microsoft has aggressively targeted these four

27   competitors.  The March 24 Decision finding that Microsoft had systematically infringed the

28   European Union's antitrust law required, among other things, that Microsoft make technical

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

disclosures to competitors to allow them to develop server products which could interoperate with Microsoft desktop and server operating systems. The targets of Microsoft's subpoenas are *every single* company (and their lawyers) that elected to avail itself of the information Microsoft was required to provide. Each of the four companies targeted here exercised the rights given to them under the March 24 Decision. No other party has been singled out and made a target of this discovery request. The effectiveness of the remedy created by the March 24 Decision depends on the ability of competitors to evaluate and license Microsoft technical materials to create interoperable products, which would benefit consumers and weaken the illegal Microsoft monopoly that the Commission's March 24 Decision was designed to address. If there are barriers thrust in the way of this process, or if potential competitors are intimidated or discouraged from availing themselves of the disclosures or licenses mandated by the March 24 Decision, the purposes of the Commission's antitrust proceeding will be frustrated and the restoration of the condition of competition envisioned by the remedy in the March 24 Decision will be crippled.

Microsoft's Application to this Court is not only an end run around the processes of the Commission, but will also have a chilling effect on all companies who, having been injured by Microsoft's breaches of European Antitrust laws, have sought to avail themselves of the remedy. Moreover, the Application represents interference with the Commission's administration of the remedy and an attempt to reduce the power and value of the remedy.

Section 1782 is designed to assist and aid foreign tribunals, such as the Commission, by helping to gather evidence in the United States for use before such foreign tribunals. Section 1782 is not intended to create confrontations with those foreign tribunals who, in a particular case, are opposed to the use of Section 1782. Nor was it intended to permit United States Federal Courts to interfere in the processes and operations of foreign tribunals or circumvent their rules or policies. Section 1782 is not intended to allow United States Courts to overrule or challenge rulings by foreign tribunals in those cases in which Section 1782 assistance is sought. Section 1782 is not necessary to compel discovery from an interested party or person before the Commission, as the Commission has the power to compel interested parties to produce discovery.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

1    Section 1782 is certainly not intended to be used tactically for harassment or to subject companies

2    and their counsel to expensive, burdensome and intrusive discovery requests.  Finally, Section

3    1782 is not intended to compel production of privileged or confidential information not found in

4    the United States.  As applied to Sun and its attorneys, Microsoft's subpoena, if allowed to stand,

5    would do all of these things.  In fact, the scope of the discovery, beyond the limited issues in the

6    compliance hearing, demonstrates that Microsoft fully intends the subpoenas to be misused.

7    **II.    STATEMENT OF FACTS**

8        **A.    THE STRUCTURE OF THE EUROPEAN COMMISSION**

9            The European Commission is the institution entrusted with the enforcement of the

10   competition provisions of the Treaty establishing the European Union ("the EU Treaty").  *Intel*

11   *Corp. v. Advanced Micro Devices, Inc.*, 542 U. S. 241, 250 (2004).  *See* Penrod Declaration,

12   Exhibit A, March 10, 2006 letter and annex to March 10, 2006 letter from the European

13   Commission (Hereinafter "Commission Letter"); for convenience, *see also* Penrod Declaration,

14   Exhibit B, Copy of the *Intel* decision.  The Directorate-General for Competition of the

15   Commission of the European Communities ("DG-Competition"), operating under the

16   Commission's aegis, is the European Union's enforcer of competition laws, including Articles 81

17   ("agreements in restraint of trade") and 82 ("abuse of dominance") of the EU Treaty. *Id.*

18           On receipt of a complaint or *sua sponte*, DG-Competition conducts a preliminary

19   investigation that results in a formal Statement of Objections.  Next, is a hearing phase that

20   includes mechanisms to provide defendants with access to file as well as written and oral

21   proceedings, in which the defendant and interested parties are allowed to present evidence and

22   arguments.  This is followed by a decision-making phase, in which the Commissioner for antitrust

23   and, eventually, the entire College of Commissioners participate.  This phase culminates in a

24   written decision that can be appealed to the Court of First Instance on issues of law and fact and

25   to the European Court of Justice on issues of law.  *See* Declaration of Jeffrey S. Kingston

26   ("Kingston Declaration"), ¶ 8; *Intel Corp.*, 542 U. S. at 254.

27   ///

28   ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

B.    THE MICROSOFT PROCEEDINGS BEFORE THE COMMISSION

In December of 1998, Sun Microsystems ("Sun") filed a complaint with the Commission against Microsoft Corporation ("Microsoft"). *See* Kingston Declaration, ¶ 1. This ultimately led to the adoption, by the Commission (in Case COMP/C 3/37.792 -- Microsoft), of the March 24 Decision in which the Commission concluded that Microsoft had committed serious and willful violations of European antitrust law through abuses of its dominant position in PC operating systems. The Commission held that Microsoft had abused its dominant position by refusing to provide interoperability information necessary for competitors to effectively compete in the work group server operating system market and by tying its Windows Media Player with the Windows PC operating system. The Commission imposed the largest fine in its history and ordered Microsoft to bring the infringements to an end. *See* Commission Letter, ¶ 12.

The March 24 Decision also provided for the establishment of a monitoring mechanism, including a Monitoring Trustee ("Trustee"), whose role is to provide expert advice to the Commission on Microsoft's compliance with the March 24 Decision. The obligations imposed by the March 24 Decision were stayed pending the Court of First Instance's consideration of Microsoft's request for interim measures. The application for interim measures was dismissed by the President of the Court of First Instance on December 22, 2004. *See* Commission Letter, ¶ 13. Microsoft was, thus, required to quickly comply with the obligations imposed by the Decision.

On July 28, 2005, the Commission adopted a decision on the monitoring mechanism that set out the framework under which the Trustee was to work. The Commission invited Microsoft to propose candidates for the position of Monitoring Trustee and, on October 4, 2005, the Commission selected one of Microsoft's candidates, Professor Neil Barrett, a British computer science expert, as the Trustee. *See* Commission Letter, ¶ 14.

Ultimately, the Commission initiated proceedings against Microsoft to compel it to comply with the March 24 Decision. On November 10, 2005, the Commission adopted a decision pursuant to Article 24(1) ("the Article 24 Decision"). The Article 24 Decision proposed a daily penalty of two million Euros, starting on December 15, 2005, in the event Microsoft did not comply with the requirements of the March 24 Decision. *See* Commission Letter, ¶ 16.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

1    Based on the Trustee's Reports on the Technical Documentation provided by Microsoft in

2    response to the Article 24 Decision, the Commission adopted a Statement of Objections on

3    December 21, 2005. The Commissioner of Competition stated that he had given Microsoft every

4    opportunity to comply with its obligations and was left with no alternative but to proceed via the

5    formal route. ("Competition: Commission warns Microsoft of daily penalty for failure to comply

6    with 2004 decision," (Dec 22, 2005), http://europa.eu.int?rapid/

7    pressReleasesAction.do?reference=IP/05/1695&format=HTML&aged+0language=EN&guiLang

8    uage=en). The Statement of Objections took the preliminary view that Microsoft had not

9    complied with its obligation to supply complete and accurate interoperability information. A

10    hearing on these objections is scheduled for March 30 to March 31, 2006. *Id* at ¶ 17. **The sole**

11    **issue at this hearing is whether Microsoft has made the disclosures required by the March 24**

12    **Decision of the Commission**. *See* Kingston Declaration at ¶ 3. This Article 24 hearing, and its

13    limited issue of Microsoft's compliance, is the foreign proceeding that Microsoft claims to justify

14    this proceeding.

15    **C.    THE MICROSOFT SUBPOENAS**

16    On March 3, 2006, Microsoft filed in this Court an Application for Order Allowing

17    Discovery Pursuant to 28 U.S.C. Section 1782 with a supporting brief. On March 6, 2006,

18    Magistrate Patricia Trumbull signed an Order Granting *Ex Parte* Application for Order Allowing

19    Discovery Pursuant to 28 U.S.C. Section 1782 and Setting Deadlines for Objections and Motions

20    to Quash ("the Order"). *See* Penrod Declaration, Exhibits C & D. This Order was obtained *ex*

21    *parte* without notice to the parties subpoenaed. Additionally, the supporting brief was not served

22    with the Order. *Id.* The Order required the subpoenaed parties to file objections in three days and

23    to file any Motions to Quash within five days from the date of service. Microsoft served Morgan

24    Lewis on March 7, 2006 and Sun Microsystems, Inc. on March 8, 2006. Jeffrey Kingston, a

25    Morgan Lewis partner in charge of this matter for Sun, was named in the subpoena but has not

26    been served. The undersigned is making a special appearance for Mr. Kingston, with respect to

27    Objections and this Motion to Quash, out of an abundance of caution, but is not waiving the need

28    for service on him personally. *See* Penrod Declaration at ¶¶ 4, 5 & 9.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

## D.    THE POSITION OF THE EUROPEAN COMMISSION ON THE MICROSOFT SUBPOENAS IN THE UNITED STATES

The European Commission has been made aware of Microsoft's recent application for discovery pursuant to 28 U.S.C. 1782 in the Northern District of California and has written a letter to Morgan Lewis stating its position on these matters. *See* Penrod Declaration, Exhibit E ("Commission Letter"). In this letter, the Commission states that DG-Competition considers these discovery requests to raise issues of considerable importance in relation to the Commission's rules. The Commission also states that if it is deemed necessary and appropriate, the Commission would like to seek leave to intervene as *amicus curiae*. *See* Commission Letter.

In its letter, the Commission explains that it has established a number of procedural rules intended to guarantee the application of the principle of equality and the protection of the rights of defense in its proceedings. In particular, the rules on access to file are intended to enable the effective exercise of the rights of defense by defendants in a Commission proceeding. The Commission file in a competition investigation ("the File") consists of all documents that have been obtained, produced and/or assembled by DG-Competition during the investigation. After a Statement of Objections has been addressed, access is granted to all documents making up the Commission file, with the exception of internal documents, business secrets of other undertakings, or other confidential information. *See* Commission Letter, ¶ 6–7. Access is granted to those documents of the administrative procedure that relate to the objects raised by the Commission and are to be used only for that purpose. The European Court of Justice has held that the Commission is allowed to exclude evidence that has no relation to the allegations of fact and of law in the Statement of Objections and that, therefore, has no relevance to the investigation. *Id.* at ¶ 8. If the defendant believes that the Commission services have erroneously withheld documents are necessary to its defense, it can make a request for a decision from the Hearing Officer, who is responsible for safeguarding the rights of defense in Commission proceedings. *Id.* at ¶ 9. A decision by the Hearing Officer not to disclose certain documents to a defendant can be reviewed by the European Court of First Instance. *Id.* at ¶ 10.

Following the issuance of the Statement of Objections, Microsoft requested access to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

documents identified in the annex to the Statement of Objections, including all documents exchanged between the Commission and the Trustee and those exchanged between the Commission services and OTR (the outside expert consultant retained by the Commission) in relation to all matters covered by the Statement of Objections. *See* Commission Letter, ¶ 18.  By letter of January 30, 2006, Microsoft requested access to documents in the Commission's file pertaining to the correspondence between the Commission and third parties such as Sun, Oracle, IBM and Novell.  Microsoft also requested access to documents reflecting discussions between third parties, in particular, Sun, IBM, OTR and the Trustee.  *Id.* at ¶ 18

Following Microsoft's request, the Hearing Officer took the position that the correspondence between the Commission services and the Trustee constituted internal documents that are inaccessible to Microsoft.  After confidentiality waivers had been provided by third parties, Microsoft was given access to communications between the Commission and third parties that related to the issues raised in the Statement of Objections of December 21, 2005.  The Commission has, therefore, given Microsoft access to all third party documents in its possession.  *See* Commission Letter, ¶ 19.

By letter of March 2, 2006, Microsoft requested access to any material submitted by its adversaries to the Trustee and OTR.  This request is currently under scrutiny by the Hearing Officer.  To verify whether Microsoft's request is well-founded, the Commission has asked OTR and the Trustee to disclose, and transmit directly to the Commission, any documents they have received from third parties or Microsoft, without the Commission's knowledge, in carrying out their duties as well as any minutes of any such communications.  *Id.* at ¶¶ 20–21.

The Commission expresses surprise that Microsoft decided to turn to this Court under 28 U.S.C. 1782 to obtain documents that just one day prior, Microsoft had requested from the Commission.  Microsoft's request to the Commission is currently under consideration in a proceeding pending before the commission's Hearing Officer.  *Id.* at ¶ 22.

The Commission and DG-Competition contend that Microsoft's rights of defense in relation to the Statement of Objections of December 21, 2005, are adequately protected by the European rules on access to file.  Thus, the Application by Microsoft under 28 U.S.C. 1782 is not

9

1  objectively necessary and is *an attempt to circumvent the established rules on access to file in*

2  *proceedings before the Commission*. *Id.* at ¶ 23 (emphasis added).

3       With regard to Microsoft's request to obtain documents that are not related to the

4  Statement of Objections, DG-Competition stresses that such documents are not necessary for

5  Microsoft to defend itself, as the Commission has not yet raised any objections on these other

6  issues. If the Commission issues a Statement of Objections on these other matters, Microsoft will

7  be given proper access to the file. The Commission views Microsoft's request in this Court on

8  these collateral and currently irrelevant issues to be *unduly intrusive and totally at odds with*

9  *European rules on access to file, which such a request would circumvent and undermine*. *See*

10 Commission Letter, ¶¶ 24–25 (emphasis added). Moreover, the Court of First Instance has held

11 that allowing discovery of information before a new or broader Statement of Objections has been

12 filed would *seriously hamper the work of the commission*. *Id.* (emphasis added). The

13 Commission believes that allowing this discovery would *seriously harm the Commission's*

14 *investigatory process*. *Id.* at ¶¶ 26 & 27 (emphasis added).

15 **III.    ARGUMENT**

16
17 **A.    MICROSOFT'S APPLICATION IS CONTRARY TO ALL FOUR**
    **FACTORS THE SUPREME COURT SETS FORTH FOR USE OF**
18   **SECTION 1782**

19      The leading decision concerning the use of 28 USC Section 1782 is *Intel Corp. v.*

20 *Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). As in the case at bar, the underlying foreign

21 proceeding was a competition case pending before the European Commission. In *Intel*, the

22 Supreme Court cautioned the lower Federal Courts that Section 1782 authorizes—but does not

23 require—Federal Courts to grant discovery under Section 1782. *Id.* at 247, 260–61, 264.

24      The Supreme Court then set forth four factors to be considered in ruling on a Section 1782

25 request: i) The nature of the foreign tribunal, the character of the proceedings underway abroad,

26 and the receptivity of the foreign government, agency or court abroad to United States Federal

27 Court judicial assistance; ii) Whether the Section 1782 request conceals an attempt to circumvent

28 foreign proof gathering restrictions or other policies of a foreign country or the United States; iii)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

1  Whether the person from whom the discovery is sought is a participant in the foreign proceeding

2  because, if he is, the need for Section 1782 aid is not as apparent as it ordinarily is when evidence

3  is sought from a non participant in the matter arising abroad; and iv) The request should not be

4  unduly burdensome or intrusive. *Id.* at 264–65.

5      The Supreme Court also made clear that it was not deciding whether the requested

6  discovery in the *Intel* was appropriate. *Id.* at 214, 266. Instead, the case was remanded to the

7  Northern District of California where ***Judge Ware denied all of the Section 1782 discovery***

8  ***requests***. *See* Penrod Declaration, Exhibit E. (Judge Ware's Order is not for citation and is being

9  offered solely as factual history of the *Intel* case, and not as authority on the law. The Order can

10  also be found at 2004 U.S. Dist. LEXIS 21437 (N.D. Cal., Oct. 4, 2004)). The ultimate factual

11  result in the *Intel* case, therefore, was that no discovery was allowed under Section 1782. The

12  *Intel* case was decided under very similar circumstances to this case, in which the Commission

13  expressed opposition to the procedure.

14
15          **1.    THE EUROPEAN COMMISSION IS STRONGLY OPPOSED AND**
                    **UNRECEPTIVE TO THE GRANTING OF MICROSOFT'S**
                    **APPLICATION**
16

17      Principles of comity and the appropriate respect for foreign tribunals suggest that the

18  primary factor for this Court's consideration must the foreign tribunal's position with respect to

19  the Section 1782 discovery or, as the Supreme Court put it, the receptivity of the foreign

20  government, agency or court abroad to United States Federal Court judicial assistance. The

21  Supreme Court recognizes that comity and parity are important touchstones in these decisions,

22  and lower courts should consider the "receptivity" of the foreign tribunal to U.S. judicial

23  assistance. *Intel Corp.*, 542 U.S. at 261, 264. This factor recognizes that Section 1782 is

24  designed to assist the foreign tribunal—not interfere with or contravene its proceedings or

25  function contrary to its wishes.

26      The Second Circuit, relying on *Intel* one month after it was decided, reached the same

27  conclusion and refused to allow discovery under Section 1782 in *Schmitz v. Bernstein Liebhard &*

28  *Lifshitz, LLP.*, 376 F. 3d 79 (2d Cir. 2004). In that case, the German prosecutor and the German

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

1    ministry of Justice wrote letters to the subpoenaed law firm advising the District Court that the

2    Section 1782 discovery, if allowed, would circumvent German restrictions on access to evidence

3    and potentially jeopardize German sovereign rights. *Id.* at 81–82. The Second Circuit also had

4    the benefit of a declaration from Hans Smit, one of the drafters of Section 1782, who argued that

5    a court should exercise its discretion to deny discovery if granting it would interfere with the

6    foreign litigation process. *Id.* at 82.

7        The Second Circuit, stressing the twin aims of Section 1782—to provide assistance in

8    foreign litigation and to encourage foreign countries by example to provide similar assistance to

9    our courts—held that the German government was obviously unreceptive to the judicial

10   assistance of an American Federal Court. The Court also affirmed the District Court's conclusion

11   that granting the discovery would encourage foreign courts to disregard the sovereignty of the

12   United States and generally discourage future assistance to our courts. *Id.* at 84–85. A

13   subsequent attempt to obtain essentially the same discovery in the Southern District of New York

14   was denied in full by Judge Casey who again received letters from the German authorities. *See*

15   Penrod Declaration, Exhibit G, Order, *In the Application of Dieter Winkler*, SDNY #19–88 (RC).

16       In the case at bar, the Commission strongly objects to Microsoft's use of Section 1782

17   under these circumstances. The Commission's Letter of March 10, 2006 clearly states the

18   Commission's view that granting Microsoft's Application will "seriously hamper the work of the

19   Commission" and "seriously harm the Commission's investigatory process." *See* Commission

20   Letter, ¶ 27. This alone should be dispositive of the issue and, therefore, the Order should be

21   vacated, the Application denied, and the subpoena quashed.

22  **2.    THE EUROPEAN COMMISSION BELIEVES THIS APPLICATION**
**IS AN ATTEMPT TO CIRCUMVENT THE ESTABLISHED RULES**
23  **ON ACCESS TO FILE IN ITS PROCEEDINGS**

24       Another factor delineated by the Supreme Court is the question of whether the Applicant

25   is using Section 1782 to "circumvent foreign proof gathering restrictions or other policies." *Intel*

26   *Corp.*, 542 U.S. at 265.

27       In the case at bar, the Commission has, again, strongly stated its position that permitting

28   the use of Section 1782 is not objectively necessary and is an attempt to circumvent the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

1    established rules on access to file in proceedings before the Commission.  The Commission has

2    made clear that Microsoft's Application is "totally at odds with the European rules on access to

3    file and would circumvent and undermine them." See Commission Letter, ¶¶ 24– 25.

4         It is clear why the Commission has taken this view.  The Commission is charged with

5    administering and enforcing competition policy within the European Union.  If a defendant that

6    has been found to have willfully violated European antitrust law and has been made subject to

7    enforcement proceedings for failing to comply with Commission orders is permitted to

8    circumvent the Commission procedures and harass each and every company that has sought to

9    obtain the benefits that the Commission's antitrust remedy provides, a serious undermining of the

10   Commission's authority will occur.  The Commission is in the best position to decide, in the

11   context of its own enforcement proceeding against Microsoft, what discovery should be

12   permitted.  No other judicial authority is as well-positioned to balance the legitimate needs of

13   Microsoft and the vitality of the Commission's orders and remedies.

14        Again, although it is probably not necessary to this Court's ruling, Microsoft has basically

15   admitted that this is an end run in a statement sent to journalists: "Our repeated requests to the

16   European Commission for full and fair file access have not been successful, so we are now

17   turning to the U. S. courts for assistance." ("Microsoft Seeks Sun, IBM, Oracle, Novell

18   Documents," Bloomberg (March 3, 2006), available at http://www.bloomberg.com/apps/

19   news?pid=10000085&sid=arvLIG0rpA&refer=europe).

20        Again, this point alone should be dispositive of the issue and the Order should be vacated,

21   the Application denied, and the subpoena quashed.

22        To the extent that a discussion of discovery is warranted, the proper venue for such a

23   discussion is the Commission, and the Commission's Hearing Officer is currently considering the

24   issue.  The Commission has asked its Trustee and its outside experts, OTR, to supply the

25   information Microsoft has requested to the hearing officer for her use in making a decision.  The

26   fact that the Article 24 hearing is looming is the fault of Microsoft only because Microsoft freely,

27   and tactically, chose to sit on its procedural rights and unreasonably delay in making its request of

28   the Commission.  Microsoft rushed to the United States courts the very next day and is, in effect,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

1   asking this Court to preempt the decision of a Commission that has been dealing with this case for

2   over *five* years.  To permit this discovery would be a shock to the principle of comity, to which

3   the Supreme Court is becoming increasingly sensitive.  *See F. Hoffmann-La Roche Ltd. v.*

4   *Empagran S.A.*, 542 U.S. 155, 164–65, 168–69 (2004).

5        Additionally, and very tellingly in terms of Microsoft's true motivation, the Commission

6   Letter confirms that information relevant to the Article 24 Hearing—which is limited solely to

7   Microsoft's compliance or noncompliance with the March 24 Decision—has been provided to

8   Microsoft.  *See* Commission Letter, ¶¶ 19 & 20.  This file, provided to Microsoft, includes

9   evidence provided to the Commission by Sun, Morgan Lewis and Jeffrey Kingston that is

10  relevant to the Article 24 Hearing.  The only arguably relevant materials that the Commission has

11  not provided are confidential submissions of interested parties to the Trustee, who was selected

12  by Microsoft, and that were requested by the Commission to aid it in its investigation.  Such

13  submissions are subject to specific Commission Rules concerning confidentiality that have been

14  enacted to protect business secrets, encourage competitors to provide the Commission in

15  confidence with information regarding anti-competitive practices, and to protect

16  "whistleblowers," competitors, and others from retaliation.  *See* Kingston Declaration, ¶ 8. The

17  Commission has publicly stated there is nothing wrong with these contacts by companies willing

18  to build products based on Microsoft's disclosures (Although not necessary for this Court's

19  ruling, this can be found at "Competition: Commission publishes information on the role of the

20  monitoring Trustee in the Microsoft case, (March 10, 2006), http://europa.eu.int/rapid/

21  pressReleasesAction.do?reference=MEMO/06/119&format=HTML&aged=0&language=EN&gu

22  iLanguage=en).  Again, the Commission believes this Court should not interject itself into this

23  decision that is currently pending before the Hearing Officer.  *See* Commission Letter.

24  Microsoft's Application, therefore, conflicts directly with the Commission's procedures and rules,

25  and the Commission has stated that it will "seriously harm the Commission's investigative process

26  and circumvent the European Rules on access to file."  *See* Commission Letter, ¶ 23.

27        The protection of confidentiality is a core issue for competition policy and enforcement

28  bodies such as the Commission.  Such agencies rely on third parties to supply information for the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

agency to use in investigations.  Confidentiality rules are central to this process.  Particularly in industries dominated by powerful monopolists, like Microsoft, fear of retribution is legitimate.  To protect the flow of information upon which it relies, the Commission has established rules providing for confidentiality of information supplied to them so that interested third parties may communicate with the Commission without fear.  In turn, third parties dealing with the Commission rely on those rules in their communications.  *See* Kingston Declaration, ¶ 8.

The Hearing officer in Brussels has all of these factors properly before her within the context of Microsoft's requests in the Article 24 proceeding.  If this Court grants Microsoft's Application, it would interfere with the Hearing Officer's authority to decide the issue of discovery, circumvent Commission rules on confidentiality, destroy protections on which the Commission and third parties and their lawyers rely in making submissions to the Commission and, thus, ultimately interfere with the Commission's administration of its competition law enforcement powers.  *See* Kingston Declaration, ¶ 8.

### 3.    SUN IS SUBJECT TO THE DISCOVERY JURISDICTION OF THE COMMISSION

The third factor the Supreme Court looked to in *Intel* was whether the person or party from whom the discovery is sought is a participant in the foreign proceeding, because, if the party is a participant, the foreign tribunal itself could order the discovery.  Sun was the original complainant in the Commission proceeding and is, therefore, subject to the Commission's jurisdiction.  Sun, along with the other four targeted companies, is subject to compulsory process of the Commission for the gathering of documents and evidence.  *See* Kingston Declaration ¶ 4.  Documents in the possession of Sun's attorneys are within its control and the Second Circuit in *Schmitz* did not think it mattered that the law firm was being subpoenaed as opposed the client.  *Schmitz*, 376 F. 3d at 85.  Indeed, *one* day before it filed its Application in this Court, Microsoft asked the Commission for some of the same discovery it seeks here.  This fact must constitute recognition by Microsoft that the Commission could, indeed, order its production.  *See* Kingston Declaration ¶ 4.  Again, this should be dispositive of the issue and the Order should be vacated, the application denied, and the subpoena quashed

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

### 4.    MICROSOFT'S SUBPOENA IS BURDENSOME AND INTRUSIVE

The last factor that the Supreme Court discussed in *Intel* provided that requests that are unduly burdensome or intrusive may be rejected or trimmed. *Intel Corp.*, 542 U.S. at 265.  The Commission Letter states that this request in "unduly intrusive" to the Commission.  It goes without saying that the Microsoft requests are, on their face, unduly intrusive and burdensome in that it would require the targeted companies to search their own files, as well as those of affiliates and subsidiaries for information that is not even arguably pertinent to the limited issue under consideration at the compliance hearing.  The requests also require the law firms to search their files, not only with respect to the clients involved in this proceeding, but as to all clients.

For example, Requests for Documents Number 7–8 seek "all documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between you and OTR or any other consultant retained or consulted by the Commission or any other third party, whether on behalf of Sun , another client, or yourself, about  Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 decision, the Article 24(1) decision, or the SO." ("SO" refers to the Statement of Objections of the Commission).  The definition of "you" includes all partners, employees, attorneys. advisors, counsel, shareholders, affiliates, agents of the law firm and all divisions, subsidiaries, affiliates, parent companies and predecessors and their respective present and former employees, agents, advisors, consultants, officers, directors, nominees, and in-house and outside counsel of Sun.  Needless to say, the law firms involved have numerous partners and numerous other clients, and Microsoft has been the subject of other alleged violations of the antitrust laws besides the violations currently before the Commission.

Many of the documents requested are not even discoverable in this country (undisclosed consultants are not discoverable and a parent corporation is not required to search the records of separate corporate subsidiaries unless there is justification for piercing the corporate veil, for example).  Much, if not all, of this material will be subject to privilege and confidentiality claims, and would require weeks, if not months, to review and prepare privilege logs.  Compliance in the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

1   time allowed, even if the targeted parties worked around the clock, is impossible. The

2   Commission has said it does not want the Section 1782 discovery. In light of the Commission's

3   position, it makes little sense to require such an expensive exercise to produce information that

4   will not be accepted and is not necessary in the Commission's view.

5       Thus, Microsoft fails to meet a single factor that *Intel* requires this Court to consider. The

6   Order should be vacated, the Application denied in full, and the subpoena quashed.

7   **B.      OTHER REASONS WHY THE SUBPOENA SHOULD BE QUASHED**

8   **1.      THE SUBPOENA IS UNTIMELY**

9

10      Federal Rule of Civil Procedure 45(c)(3)(A)(i) provides that, on timely motion, a district

11  court shall quash or modify a subpoena if the subpoena fails to allow reasonable time for

12  compliance. Reasonableness of the time allowed for compliance should be judged depending on

13  the underlying circumstances. *See also* Rule 26(c) .

14      This subpoena is based on an *ex parte* Order obtained without notice to the served parties,

15  Sun and Morgan Lewis. The subpoena seeks documents from Sun and its "divisions, subsidiaries,

16  affiliates, parent companies, and predecessors and their respective present and former employees,

17  agents, advisors, consultants, officers, directors, and  in-house and outside counsel." The

18  subpoena seeks documents from Morgan Lewis and all of its "partners, employees, directors,

19  attorneys, advisors, counsel, affiliates, shareholders, subsidiaries, affiliates, agents and any entity

20  affiliated with [Morgan Lewis]" as well as any other client of Morgan Lewis that may have any

21  information related to the Commission proceedings. The documents sought include every

22  conceivable piece of paper or electronic record including notes, notations, memoranda, inter-

23  office communications, summaries, working papers, telephone records, time sheets, diaries, desk

24  calendars, computer discs, tapes, and many others. If Microsoft's Application is granted, the

25  parties would be required to review all of the aforementioned documents and prepare a detailed

26  privilege log, all within the time frame provided in the Subpoena—about two weeks.

27      The impossibility of complying with this subpoena seems obvious. A standard Rule 34

28  document request provides thirty days for a response, which is usually extended in complex cases

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

1   such as this.  Microsoft has known of the Commission's position as to its noncompliance with the

2   March 24 Decision for months.  In light of the fact Microsoft could have sought this discovery

3   long ago, Microsoft has not provided reasonable notice to the subpoenaed parties and has made

4   no effort to avoid imposing an undue burden and expense consistent with Rule 45(c).

5               **2.      THE SUBPOENA SEEKS INFORMATION NOT FOUND IN THE
                          UNITED STATES**
6

7          The subpoena served by Microsoft has no geographical limitation and by the very nature

8   of this case, it seeks information not found in the United States.  Section 1782 does not extend

9   beyond the boundaries of the United States.  *See Norex Petroleum Ltd. v. Chubb Ins. Co. of*

10  *Canada*, 384 F. Supp. 2d 45 (D.D.C. 2005).

11              **3.      THE SUBPOENA SEEKS PRIVILEGED AND CONFIDENTIAL
                          AND PRIVATE INFORMATION**
12

13         The brief summary of the language defining the subjects of the subpoenas, above, clearly

14  demonstrates that a large body of the requested material will be subject to various privileges,

15  including the attorney-client privilege, the attorney work product privilege, the common interest

16  doctrine, the investigatory privilege, and confidentiality and privacy rules.  This information is

17  not discoverable even in the United States.  *See* FRCP 45(c)(3)(A)(iii); see also *The Goodyear*

18  *Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 660

19  (D. Kan., 2003).

20         The Advisory Committee Notes concerning the 1991 amendments to Rule 45 recognize

21  this problem and provide that it can be dealt with as follows:

22         A person served with a subpoena that is too broad may be faced with a burdensome task to
           provide full information regarding all that person's claims to privilege or work product
23         protection. Such a person is entitled to protection that may be secured through as objection
           made pursuant to Paragraph (c)(2).
24

25         Sun, Morgan Lewis and Jeffrey Kingston, by special appearance, wish to invoke the

26  protection of Rule 45(c)(2) under these circumstances.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

1

2

### 4.    THE SUBPOENA AND ITS INSTRUCTIONS, DEFINITIONS, REQUESTS AND SUBJECTS ARE OVERLY BROAD, BURDENSOME AND INTRUSIVE AND UNLIMITED IN SCOPE

3

4        The brief summary of the terms of the subpoena, above, demonstrate that the requests are

5    broad, general, and without limited scope.  FRCP 45(c)(1) requires that the attorney responsible

6    for the issuance of the subpoena shall take reasonable steps to avoid imposing undue burden or

7    expense on the subject of the subpoena.

8        To determine whether a Rule 45 subpoena is unduly burdensome, a court may weigh a

9    number of factors including "relevance, the need of the party for the documents, the breadth of

10   the document request, the time period covered by it, the particularity with which the documents

11   are requested, and the burden imposed." *Goodyear Tire & Rubber Co.* 211 F.R.D. at 662–63.

12   Courts are required to balance the need for discovery against the burden imposed on the person

13   ordered to produce documents, and the status of a person as a non-party is a factor that weighs

14   against disclosure. *Id.* Additionally, when a party objects to a subpoena, the burden is on the party

15   seeking production to show good cause—that the requests are necessary to establish his claim or

16   defense.  "Demonstrating relevance is the burden of the party seeking discovery." *Id.* at 663.

17       In weighing the above factors, the burden the subpoena imposes on the parties clearly

18   outweighs the need, if any, for discovery.  First, as discussed more fully above, the only discovery

19   that could arguably be relevant is discovery relevant to the compliance hearing set for the end of

20   this month.  Microsoft has already requested any arguably relevant information from the

21   Commission. The expense of compliance will be tremendous and there is no need to do here what

22   the Commission is already considering in Brussels.

23       In weighing the above factors, the subpoena is overly burdensome and intrusive and

24   clearly outweighs Microsoft's need for the discovery.

25

26

### 5.    THE SUBPOENA SEEKS CUMULATIVE AND DUPLICATIVE INFORMATION ALREADY PROVIDED TO MICROSOFT

27       As the Commission Letter points out, all information supplied to the Commission, its

28   experts, and the Trustee has already been made available to Microsoft—with the exception of

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

19

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)

1  confidential submissions that are now under advisement by the Commission hearing Officer

2  following Microsoft's request for this information one day before it filed this Application.

3      Thus, this Application seeks duplicative and cumulative information.

4      **6.    THE SUBPOENA IS VAGUE AND AMBIGUOUS AND THE REQUESTS ARE NOT SET FORTH WITH REASONABLE

5      PARTICULARITY**

6      The terms of the subpoena are so broad, vague and ambiguous as to make a reasonable

7  response difficult, if not impossible.  A subpoena that is too broad and vague may amount to an

8  impermissible fishing expedition and an attempt to conduct general discovery.  Microsoft has not

9  set forth what it wants with reasonable particularity as required by the Federal Rules.

10 **IV.    CONCLUSION**

11     In conclusion, it is clear that Microsoft is trying to use the United States Courts to

12 perpetrate an attack on the European Commission and the four companies that availed themselves

13 of the Commission's suggested remedy to Microsoft's illegal conduct. This Court should not

14 allow this to happen. For all of the above reasons, but most importantly, the fact the European

15 Commission itself opposes this discovery because it will "seriously harm the Commission's

16 investigatory process," this Court should vacate its Order of March 6, 2006, quash the subpoenas

17 issued by Microsoft to Sun Microsystems, Inc, Morgan, Lewis & Bockius LLP and Jeffrey

18 Kingston and deny Microsoft's Application for discovery under 28 U.S.C. 1782.

19

20

21 Dated: March 15, 2006                 MORGAN, LEWIS & BOCKIUS LLP

22

23                   By _____

24                      James N. Penrod
                     Attorneys for SUN MICROSYSTEMS,

25                      INC., MORGAN, LEWIS & BOCKIUS
                     LLP AND, BY SPECIAL APPEARANCE,

26                      FOR JEFFREY KINGSTON, WHO HAS
                     NOT BEEN SERVED

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

MPA IN SUPPORT OF MOTION TO QUASH MICROSOFT'S SUBPOENA DUCES TECUM
CASE NO. 06-80038 JF (PVT)