# EXHIBIT 1



**EUROPEAN COMMISSION**
Competition DG

**The Director-General**

Brussels,
COMP/C-3/TK/vb  D(2006)*D197

Clifford Chance
Att. Mr. Thomas Vinje
avenue Louise 65
B - 1050 Bruxelles

**Subject:    Case COMP/C-3/37.792 Microsoft - Microsoft's discovery requests with
US courts**

Dear Mr. Vinje,

By letter of 10 March 2006 you informed us of discovery requests filed with the US
District Court for the Northern District of California by Microsoft Corporation addressed
to your client Oracle, Clifford Chance and Mr. Ronald Alepin. You also informed us of
an *ex parte* order issued by the said court on 3 March 2006 and the related subpoenas
served on Oracle, Clifford Chance and Mr. Alepin by Microsoft.

Following your request and in view of the fact that DG Competition considers that the
discovery requests in this case raise issues of considerable importance in relation to the
Commission's rules on access to file, I am sending you herewith observations (in annex)
that have been prepared by DG Competition with regard to these requests.

I should like to point out that the annexed document reflects the views of DG
Competition, which is a service of the European Commission. Should this be deemed
necessary and appropriate, the European Commission would like to be able to seek leave
to intervene as *amicus curiae*. I should be grateful therefore if you would keep us
informed in a timely way of developments in this proceeding.

As specified in the attached statement, the present observations do not seek to support,
intervene in favour of or otherwise assist any of the parties involved in the proceeding.

Yours sincerely,

Philip Lowe

Annex

European Commission, B-1049 Brussels – Belgium - Telephone: (32-2) 299.11.11
Office: J-70 4/136 – Telephone: direct line (32-2) 296.67.16 – Fax (32-2) 295.01.23
Email: Comp-Greffe-Antitrust@cec.eu.int



**EUROPEAN COMMISSION**
DG Competition

## Annex to the letter of 13 March 2006 addressed to Clifford Chance

**Subject:**    Discovery requests *in re* Microsoft Corporation before the United States District Court for the Northern District of California

1.    INTRODUCTION

1.1.      **The pending litigation before the US District Court for the Northern District of California**

1.      The Directorate-General for Competition ("DG COMP") of the European Commission ("Commission") has been informed that Microsoft Corporation on 3 March 2006 has made an application for discovery pursuant to 28 U.S.C § 1782 with the US District Court for the Northern District of California and asked for the authorisation to serve subpoenas on Oracle, Clifford Chance and Mr. Ronald Alepin. The Commission has also been informed that an *ex parte* order has been issued on 3 March 2006 by the said court ordering Oracle, Clifford Chance and Mr. Alepin to essentially produce:

a.      *All documents that contain, constitute, reflect, evidence, or refer to any communication or correspondence between Oracle, Clifford Chance or Mr. Alepin and the Commission, the Monitoring Trustee or OTR relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.*[1]

b.      *All documents that contain, constitute, reflect, evidence, or refer to any communication between Oracle, Clifford Chance or Mr. Alepin and any other third party, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.*[2]

c.      *All documents that contain, constitute, reflect, evidence, or refer to any communication between Oracle, Clifford Chance or Mr. Alepin and the Commission, the Monitoring Trustee or OTR about Microsoft's compliance or alleged failure to comply*

---

[1]    Points 1, 2 and 3 of Microsoft's request.

[2]    Point 4 of Microsoft's request.

Commission Européenne - Europese Commissie, B-1049 Brussels – Belgium
COMP GREFFE Antitrust J-70 04/136  - Telephone: (32-2) 299.11.11 - Telefax: (32-2) 295.01.28

*with European Community competition laws, including without limitation the 2004 Decision, the Article 24(a)(1) Decision, or the SO.*[3]

d.   *All documents that contain, constitute, reflect, evidence, or refer to any communication between Oracle, Clifford Chance or Mr. Alepin and any other third party about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(a)(1) Decision, or the SO.*[4]

2.   Given the importance of the policy issues that this matter raises, the Directorate-General for Competition of the European Commission wishes to state its position on these issues. The Commission may seek leave from the Court to intervene at a later date by filing an *amicus curiae* brief, should this be deemed necessary and appropriate, after following its decision making procedures.

3.   DG COMP wishes to underline that it does not intend to support or otherwise assist any of the parties to the pending litigation.

### 1.2.   The framework within which the Commission carries out its antitrust investigations

4.   The Commission is the institution entrusted within the European Union with the enforcement of the competition provisions of the Treaty establishing the European Community ("the EC Treaty"), notably Articles 81 ("agreements in restraint of trade") and 82 ("abuse of dominance")[5]. The Commission's powers of competition enforcement are stated in Council Regulation 1/2003 (previously in Council Regulation No. 17/62) which provides for specific means for investigating infringements of European antitrust rules, notably issuing formal requests for information, taking oral statements and conducting on-site inspections. Commission Regulation No. 773/2004 provides for more precise rules governing Commission procedures.

5.   As the European Court of Justice points out in its Hoffman-La Roche judgment the *"observance of the right to be heard is in all proceedings in which sanctions, in particular fines or penalty payments, may be imposed a fundamental principle of Community law which must be respected […]"*.[6]

---

[3]   Points 5, 6 and 7 of Microsoft's request.

[4]   Point 8 of Microsoft's request.

[5]   Articles 81 and 82 provide for provisions comparable to those of Sections (1) and (2) of the Sherman Act.

[6]   Judgment of the Court of 13 February 1979 in Case 85/76, Hoffmann-La Roche & Co. AG v Commission [1979] ECR 461.

2

6.     In line with this judgment the Commission has established a number of procedural rules which are intended to guarantee the application of the principle of equality of arms and the protection of the rights of defence in proceedings before the Commission. In particular, the rules on access to file are intended to enable the effective exercise of the rights of defence by defendants in a Commission proceeding.

7.     The "Commission file" in a competition investigation (hereinafter also referred to as "the file") consists of all documents, which have been obtained, produced and/or assembled by DG COMP, during the investigation.[7] Access to file is granted to defendants in proceedings before the Commission to all documents making up the Commission file with the exception of internal documents, business secrets of other undertakings, or other confidential information after a Statement of Objections has been addressed to them.[8]

8.     Access is obviously only granted to those documents of the administrative procedure which relate to the objections raised by the Commission. The European Court of Justice confirmed that *"the Commission is allowed to preclude from the administrative procedure evidence which has no relation to the allegations of fact and of law in the Statement of Objections and which therefore has no relevance to the investigation".*[9]

9.     In case a defendant believes that the Commission services have erroneously withheld documents which are necessary for its defence it can make a request for a decision of the Hearing Officer, who is responsible for safeguarding the rights of defence in Commission proceedings.[10]

10.     A decision by the Hearing Officer not to disclose certain documents to a defendant can be reviewed by the European Court of First Instance ("CFI"). Similary, an undertaking which deems that certain of its business secrets on the Commission file should not be disclosed to the defendant pursuant to a decision by the Hearing Officer can appeal to the CFI.[11]

---

[7]   See Commission Notice on the rules for access to the Commission file in cases pursuant to Articles 81and 82 of the EC Treaty, Articles 53, 54 and 57 of the EEA Agreement and Council Regulation(EC) No 139/2004, OJ 2005/C 325/07 of 22/12/2005 ("Notice on access to file"), at paragraph 7. This notice replaces an earlier but similar Commission Notice of 1997 on access to file, OJ C 23 of 23.01.1997.

[8]   Notice on access to file, at paragraph 10.

[9]   Judgment of the Court of 7 January 2004 in Joined Cases C-204/00 P, C-205/00 P, C-211/00 P, C-213/00 P, C-217/00 P and C-219/00 P, Aalborg Portland, not yet reported, at paragraph 126.

[10]   See Articles 1 and 8 of the Commission Decision of 23 May 2001 on the terms of reference of hearing officers in certain competition proceedings, OJ 2001 L 162/21 of 19.6.2001.

[11]   See Article 9 of the Commission Decision of 23 May 2001 on the terms of reference of hearing officers in certain competition proceedings.

3

11.    Documents obtained through access to file may only be used for the purpose of the Commission's proceedings. This is underlined in Article 15 of Regulation 773/2004, which stipulates that documents obtained through access to file may only be used "[...] *for the purposes of judicial and administrative procedures for the application of Articles 81 and 82 of the Treaty"*. Furthermore, the Notice on access to file states *"Should the information be used for a different purpose, at any point in time, with the involvement of an outside counsel, the Commission may report the incident to the bar of that counsel, with a view to disciplinary action"*.[12] Lastly, the Commission makes that obligation clear in a standard letter to the parties when addressing to them a Statement of Objections and providing access to file.

### 1.3.    The proceedings against Microsoft pursuant to Article 24 of Regulation 1/2003

12.    On 24 March 2004, the Commission adopted a decision in Case COMP/C-3/37.792 – Microsoft ("the Decision") in which it concluded that Microsoft had abused its dominant position in PC operating systems by (i) refusing to provide interoperability information necessary for competitors to be able to effectively compete in the work group server operating system market and (ii) tying its Windows Media Player with the Windows PC operating system. The Commission imposed a €497,196,304 fine on Microsoft and ordered it to bring the above-mentioned infringements of Article 82 EC to an end (Article 4 of the Decision).

13.    In particular, the Commission ordered Microsoft to supply interoperability information to interested undertakings on reasonable and non-discriminatory terms ("the interoperability remedy", Article 5 of the Decision) and to offer a full-functioning version of its Windows PC operating system which does not incorporate Windows Media Player ("the tying remedy", Article 6 of the Decision). The Decision also provided for the establishment of a monitoring mechanism, including a Monitoring Trustee, whose role is to provide expert advice to the Commission on Microsoft's compliance with the Decision. Microsoft was granted a deadline of 120 days to implement the interoperability remedy and a deadline of 90 days to implement the tying remedy. The obligations imposed by the Decision were suspended pending the Court of First Instance's consideration of Microsoft's request for interim measures. This application for interim measures was dismissed by the President of the Court of First Instance on 22 December 2004.[13]

14.    On 28 July 2005, the Commission adopted a decision on the monitoring mechanism foreseen in Article 7 of the Decision.[14] This decision sets out *inter alia* the

---

[12]    Commission Notice on the rules for access to the Commission file in cases pursuant to Articles 81 and 82 of the EC Treaty, Articles 53,54 and 57 of the EEA Agreement and Council Regulation (EC) No139/2004, in OJ 2005/C 325/07 of 22/12/2005.

[13]    Order of the President of the Court of First Instance of 22 December 2004 in Case T-201/04 R, Microsoft, not yet reported.

[14]    C(2005) 2988 final.

4.

framework under which the Monitoring Trustee, whose role is to provide expert advice to the Commission on Microsoft's compliance with the Decision, will work. Subsequently, the Commission invited Microsoft to put forward candidates for the position of Monitoring Trustee. After a selection procedure, on 4 October 2005, on the basis of a shortlist of candidates submitted by Microsoft, the Commission appointed as Monitoring Trustee Professor Neil Barrett, a British computer science expert.

15.     Article 24 of Regulation 1/2003 grants the Commission the power to impose on undertakings daily penalty payments not exceeding 5% of the average daily turnover in the preceding business year in order to compel it to put an end to an infringement of Article 81 or 82 EC, in accordance with a prohibition decision taken pursuant to Article 7 of Regulation 1/2003 (Article 24(1)(a)).

16.     · On the basis of an opinion from its outside technical experts OTR on the Technical Documentation, the Commission decided to open proceedings against Microsoft in order to compel it to comply with its obligations stemming from the Decision. Consequently, on 10 November 2005, the Commission adopted a decision pursuant to Article 24(1) of Regulation 1/2003 ("the Art 24(1) Decision"). This decision is the first step in a procedure pursuant to Article 24 of Regulation 1/2003. By means of this decision, a periodic penalty payment of €2 million per day was imposed on Microsoft as from 15 December 2005 in the event that it were not to comply with Article 5(a) and (c) of the Decision, i.e. its obligations to (i) supply complete and accurate interoperability information; and (ii) to make that information available on reasonable terms.

17.     In the light of the Monitoring Trustee's reports on the state of the Technical Documentation provided to the Commission by Microsoft in response to the Art 24(1) Decision, the Commission, on 21 December 2005, adopted a Statement of Objections in which it took the preliminary view that Microsoft had not yet complied with its obligation to supply complete and accurate interoperability information. A hearing on the objections raised by the Commission is scheduled for 30-31 March 2006.

## 2.     DG COMP'S POSITION WITH REGARD TO MICROSOFT'S REQUEST FOR DISCOVERY

### 2.1. Microsoft's request to obtain all documents exchanged between the Commission, the Monitoring Trustee, OTR and third parties relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information"

18.     After the issuance of the Statement of Objections Microsoft has requested access to the documents identified in the annex to the Statement of Objections, including to all documents exchanged between the Commission services and the Trustee and all documents exchanged between the Commission services and OTR in relation to all matters covered by the Statement of Objections.[15] By letter of 30 January 2006 Microsoft

---

[15]    E-mail from Jean-Yves Art, Microsoft's Director of Competition EMEA, of 23 December 2005.

requested access to documents on the Commission's file pertaining to the correspondence between the Commission on the one hand and third parties such as Sun, Oracle, IBM and Novell on the other as well as access to documents reflecting discussions that have taken place between third parties, in particularly Sun, IBM and OTR and the Trustee.[16]

19.    Following Microsoft's request the Hearing Officer took the position that the correspondence between the Commission services and the Trustee constitutes internal documents which are inaccessible to Microsoft whilst, after confidentiality waivers had been provided by third parties, Microsoft was given access to the communication between the Commission and third parties that relates to the issues raised in the Statement of Objections of 21 December 2005.[17]

20.    The Commission has therefore given Microsoft access to all third party documents in its possession. However, by letter of 2 March 2006 Microsoft specifically requested to have access to "any material submitted by its adversaries to the Trustee and OTR".[18]

21.    This request is currently under scrutiny by the Hearing Officer. In order to verify whether Microsoft's request is well founded the Commission has asked OTR and the Trustee to disclose and transmit to the Commission any documents they have directly, without the Commission's knowledge, received from third parties or Microsoft in carrying out their duties as well as any minutes they have taken as regards communications with third parties or Microsoft.

22. It came as a surprise to DG COMP that Microsoft decided to turn to a US court for assistance under 28 U.S.C §1782 in order to gain access to documents which it had one day before sought to obtain from the Commission and on the disclosure of which a proceeding is currently pending before the Commission's Hearing Officer.

23. DG COMP takes the position the Microsoft's rights of defence in relation to the objections raised in the Statement of Objections of 21 December 2005 are adequately protected by the European rules on access to file. Therefore an application by Microsoft on the basis 28 U.S.C §1782 is not objectively necessary but rather an attempt to circumvent the established rules on access to file in proceedings before the Commission.

---

[16]   Letter from Microsoft's counsel Ian Forrester to the Hearing Officer of 30 January 2005.

[17]   Letter from the Hearing Officer to Ian Forrester of 8 February 2006.

[18]   Letter from Georg Berrisch, Microsoft's counsel, of 2 March 2006.

6

**2.2 Microsoft's request to obtain all documents exchanged between the Commission, the Monitoring Trustee or OTR and third parties about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1)(a) Decision**

24.     With regard to Microsoft's request to get access to documents which are not related to the Statement of Objections of 21 December 2005 the DG COMP would like to stress that such documents are not necessary for Microsoft to defend itself as the Commission has not a this stage raised any objections vis-à-vis Microsoft on these other issues. Microsoft will be given proper access to file once and if the Commission issues a Statement of Objections related to these matters.

25.     Microsoft's request to get access to such documents before a Statement of Objections has been issued is therefore unduly intrusive and totally at odds with the European rules on access to file which such a request would circumvent and undermine.

26.     The European Court of First Instance has indeed recognised that *"there is no right under Community law to be informed of the state of the administrative procedure before the statement of objections is formally issued"* and that, if there were *"a right to be informed of an investigation in circumstances where suspicions exist in respect of an undertaking"*, this would *"seriously hamper the work of the Commission"*.[19]

27.     Therefore a premature request by Microsoft for disclosure under 28 U.S.C § 1782 in order to find out if a company has filed a document pertaining to Microsoft's compliance or alleged failure to comply with European Community competition laws, or more specifically on an issue where a Statement of Objections has not yet been adopted is apt to seriously harm the Commission's investigation process and circumvent the European rules on access to file.

**3.     CONCLUSION**

28.     In sum, DG COMP is of the opinion that the described European access to file rules properly protect Microsoft's rights of defence and that the discovery requests presented by Microsoft are an attempt to circumvent these well established rules. DG COMP therefore sees no necessity for Microsoft to avail itself of the assistance of US courts pursuant to 28 U.S.C § 1782.

*Brussels, 10 March 2006*

---

[19]   Judgment of the Court of First Instance of 8 July 2004 in Case T-50/00 Dalmine v. Commission, not yet reported, paragraphs 83 and 110.

7