JAMES N. PENROD (State Bar No.: 43030)
MORGAN, LEWIS & BOCKIUS LLP
1 Market, Spear Tower
San Francisco, CA 94105
Telephone:   (415)-442-1000
Facsimile:   (415)-442-1001

Attorneys for SUN MICROSYSTEMS, INC.,
MORGAN, LEWIS & BOCKIUS LLP, AND MAKING
A SPECIAL APPEARANCE FOR JEFFREY
KINGSTON, WHO HAS NOT BEEN SERVED AND IS
NOT WAIVING SERVICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re Application of Microsoft Corp.

Case No. 06-80038 JF (PVT)

**DECLARATION OF JEFFREY S. KINGSTON IN SUPPORT OF MOTION TO QUASH APPLICANT'S SUBPOENA DUCES TECUM FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

Date:      To Be Set
Time:      To Be Set
Before:    Magistrate Patricia V. Trumbull
Place:     To Be Set

Complaint Filed:   N/A
Trial Date:        N/A

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350626.1

DECLARATION OF JEFFREY S. KINGSTON IN SUPPORT OF SUN'S MOTION TO QUASH APPLICANT'S SUBPOENA DUCES TECUM FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS
Case No. 06-80038 JF (PVT)

I, Jeffrey S. Kingston, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and before this Court. I am a partner with Morgan, Lewis & Bockius LLP ("Morgan Lewis") and have represented Sun Microsystems, Inc. ("Sun") in the European Commission ("Commission") proceeding concerning Microsoft Corp. ("Microsoft") since its inception when I filed the original complaint in December, 1998. In that capacity, I am familiar with the facts and history of this proceeding.

2. As described in the letter from the Commission to Morgan Lewis dated March 10, 2006, the Commission adopted a Decision on March 24, 2004 in which it found that Microsoft had committed serious and willful violations of European antitrust law. The Commission imposed the largest fine in its history against Microsoft and required Microsoft to make changes in its business conduct to restore competition to certain computer markets. The effect of that decision was stayed pending an appeal which was dismissed on December 22, 2004. On July 28, 2005, the Commission adopted a decision on the monitoring mechanism and appointed a Monitoring Trustee ("Trustee"), who was suggested by Microsoft. The Commission later opened proceedings to compel Microsoft to comply with the March 24, 2004 decision and, on November 10, 2005, adopted a decision pursuant to Article 24(1) to that end ("Article 24 Decision"). Later, on December 21, 2005, the Commission adopted a Statement of Objections and scheduled a hearing for March 30–31, 2006. The foregoing facts are all set forth in the Commission's most recent Statement of Objections against Microsoft in connection with the Article 24 Hearing.

3. Microsoft has requested a hearing in the Article 24 proceedings. The hearing has been scheduled for March 30-31, 2006. I have received a non-confidential copy of Microsoft's responses to the Article 24 case against it. The sole issue at the March 30-31, 2006 hearing is whether Microsoft has or has not complied with the Commission's March 24, 2004 Decision.

4. The Commission has the power to compel discovery from interested parties in connection with the Article 24 proceeding. Among other things, the Commission has the power to compel the production of documents and things and to pose interrogatories through what are

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7350626.1                    2

DECLARATION OF JEFFREY S. KINGSTON IN SUPPORT OF SUN'S MOTION TO QUASH APPLICANT'S SUBPOENA DUCES TECUM FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS

known under European procedure as Article 18 letters. Sun has received and responded to many Article 18 letters during the course of the proceedings against Microsoft. Microsoft has discovery rights before the Commission and has availed itself of these rights in the past. Microsoft could have sought the discovery it now seeks in this Court long ago from the Commission.

6. Morgan Lewis was served with this Court's Order on March 7, 2006 and Sun was served on March 8, 2006.

7. Sun has sought to avail itself of the provisions of the remedy created by the March 24 Decision against Microsoft. One of the rights conferred allows for inspection of the technical disclosures which the decision compels Microsoft to provide to any competitor. The technical disclosures which Microsoft has been ordered to make available for license are to enable competitors to create server products which can fully interoperate with Microsoft desktop and server operating systems. Sun sent engineers to Microsoft's facilities in Redmond, Washington to evaluate the proposed technical disclosures in August, 2004. Three other companies, Novell, IBM and Oracle also conducted evaluation inspections. Microsoft has sought to make each of those companies and their counsel subject to U. S. discovery in Applications similar to that served on Sun and its counsel.

8. I have practiced law before the European Commission for more than 18 years and am a specialist in European antitrust law. The procedures of the Commission provide that the Director General Competition, after receipt of a complaint, may conduct an investigation which, if violations of law are found, results in the issuance of a formal Statement of Objections by the Commission. The defendant receiving the Statement of Objections has a right to request a hearing. The defendant also has rights under Commission rules to request access to the Commission's file subject to well established rules of the Commission. Commission rules provide for oral and written submissions to be made in connection with a hearing. Further rules govern the decision making process by the Commission. The end of the decision phase is a written decision by the Commissioner of Competition and, eventually, the entire College of Commissioners. Such a decision can be appealed to the Court of First Instance on issues of law and fact and to the

1-SF/7350626.1                                3

DECLARATION OF JEFFREY S. KINGSTON IN SUPPORT OF SUN'S MOTION TO QUASH APPLICANT'S SUBPOENA DUCES TECUM FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS

European Court of Justice on issues of law. The Commission commonly requests confidential submissions from third parties to assist it in its investigations. These submissions are kept confidential to protect business secrets and other confidential matters as well as to encourage competitors to come forward with information regarding anti-competitive practices, to protect "whistleblowers," and to avoid retaliation. The protection of confidentiality is a central issue for competition policy and enforcement organizations like the Director general Competition. These agencies rely on information obtained from third parties in their investigations. The confidentiality rules established by the Director General and the Commission to protect the flow of information are important to interested third parties who can communicate with the Commission without fear of retaliation by large dominant companies. In turn, third parties dealing with the Commission rely on those rules in their communications.

9. The subpoena, as written, covers a broad range of subjects and a large amount of documents. The scope of the subpoena is difficult to determine, but is, clearly, very extensive. For example it seeks documents from Morgan Lewis relating to Sun or any other client that relate to **any** violation of the European Community Competition laws by Microsoft.. The subpoena requests documents that are not located in the Unites States. It would take more than two months to attempt to locate and identify these documents. Much of the material sought would be subject to many privilege and confidentiality claims, which would require extensive logs and great expense.

10. I have not been served with Microsoft's subpoena and do not intend to waive personal service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and if called as a witness, I could competently testify thereto. This declaration was executed on March 14, 2006 in San Francisco, California.

_____
Jeffrey S. Kingston

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7350626.1         4

DECLARATION OF JEFFREY S. KINGSTON IN SUPPORT OF SUN'S MOTION TO QUASH APPLICANT'S SUBPOENA DUCES TECUM FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS