# EXHIBIT 10

Dockets.Justia.com

AO88 (Rev 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re Application of Microsoft Corp.

**SUBPOENA IN A CIVIL CASE**

V.

Case Number:[1] 06-80038 JF (PVT)

TO: Oracle Corporation
500 Oracle Parkway
Redwood City, CA 94069

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Covington & Burling, One Front Street, San Francisco, CA 94111 | March 23, 2006; 9:30 AM |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Covington & Burling, One Front Street, San Francisco, CA 94111 | March 22, 2006; 9:30 AM |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] (ATTY FOR APPLICANT) | 3/7/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard Jones, Covington & Burling, One Front Street, San Francisco, CA 94111, (415) 591-6000(telephone)
(415) 591-6091 (facsimile)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1. "You" and "Your" shall mean "Oracle Corporation," including without limitation, all divisions, subsidiaries, affiliates, parent companies and predecessors and their respective present and former employees, agents, advisors, consultants, officers, directors, nominees, and in-house and outside counsel, including, without limitation, Daniel Harris or any other person at Clifford Chance LLP or any affiliated entity, or Ronald S. Alepin.

2. "Documents" shall be defined to the broadest extent permitted by Fed. R. Civ. P. 34(a) and include, wherever applicable and without limitation, all written, printed, typed, photographed or recorded matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including but not limited to originals (or copies where originals are unavailable) and all non-identical copies of all writings, letters, minutes, correspondence, telegrams, telexes, bulletins, instructions, notes, notations, sound or video recordings of any type, computerized records, lists, letters, envelopes, summaries, memoranda, inter-office communications, studies, analyses, reports, catalogues, results of investigations, contracts, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, invoices, telephone records, charge slips, time sheets or logs, computer diskettes, tapes or data, stenographers' notebooks, diaries, desk calendars, or papers similar to any of the foregoing, however denominated. "Documents" also include all electronic data, e-mail or other electronic communication, whether stored on personal computers, a computer network or backup system, or computer tapes or discs.

3. "And" as well as "or" shall be construed disjunctively as well as conjunctively, as necessary, so as to bring within the scope of this subpoena any information or

DC: 2055378-1

documents which might otherwise be considered to be outside of its scope. Similarly, references to the singular shall include the plural and references to the plural shall include the singular.

4. The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each," so as to bring within the scope of this subpoena any information or documents which might otherwise be considered to be outside of its scope.

5. "2004 Decision" means the Decision issued by the Commission on or about March 24, 2004, finding in part that Microsoft infringed Article 82 of the EC Treaty and Article 54 of the EEA Agreement by refusing to disclose certain "Interoperability Information" to competing vendors of work group server operating system products.

6. "Article 24(1) Decision" means the decision adopted by the Commission on or about November 10, 2005, claiming that Microsoft had not complied with Articles 5(a) and (c) of the 2004 Decision.

7. "Commission" means the European Commission.

8. "Interoperability Information" means documentation made available by Microsoft in response to the Commission's decisions of March 2004 and/or November 2005 relating to work group server operating system products.

9. "Microsoft" means Microsoft Corporation.

10. "Monitoring Trustee" refers to Neil Barrett or anyone else performing any task pursuant to the decision adopted by the Commission on July 28, 2005, in Case COMP/C-3/37.792 Microsoft, C(2005) 2988 final, establishing a monitoring mechanism.

11. "OTR" means OTR Group.

12.  "SO" means the Statement of Objections adopted by the Commission on or about December 21, 2005, relating to the Interoperability Information that Microsoft had made available in response to the 2004 Decision.

## GENERAL INSTRUCTIONS

These instructions incorporate by reference the instructions set forth in Fed. R. Civ. P 45.

1.  You are requested to produce all documents designated below which are in your possession, custody or control, or in the possession, custody or control of your agents, attorneys, employees or representatives.

2.  You are requested to produce the original and all non-identical copies, including all drafts, of each document requested. If you are not able to produce the original of any document, produce the best available copy and all non-identical copies, including drafts.

3.  You are requested to produce all documents in the order and as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features. If any portion of a document is responsive, produce the entire document. If there are no documents responsive to any particular Request or category, state so in writing.

4.  If you claim any privilege as a basis for not answering any Request or any portion thereof or for withholding any otherwise responsive document, set forth in your response with respect to each such document, in sufficient detail to identify the particular document, and to allow the court to adjudicate the validity of your claim of privilege, information about the document and your claim of privilege including, without disclosing the information that is claimed to be privileged, the following:

   i)   The type of document (*e.g.*, letter, memorandum, report, etc.);

   ii)  The document's title and file reference, if any;

-3-

iii) The subject matter of the document in sufficient detail to allow Microsoft to bring your claim of privilege before the Court for review;

iv) The name, title, employer and address (or last known title, employer and address if current information is unavailable) of each person who drafted, revised, signed, provided information for, or received such document, and state for each such person whether he or she is an attorney and, if so, on whose behalf he or she was acting; and

v) The basis of your claim of privilege, and each fact upon which you rely in claiming the privilege.

5. If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify each such document including its date, author and subject matter.

6. Comply with the schedule set by the Court in the accompanying Order.

**REQUEST FOR DOCUMENTS TO BE PRODUCED**

1. All documents that contain, constitute, reflect, evidence, or refer to any communication or correspondence between You and the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

2. All documents that contain, constitute, reflect, evidence, or refer to any communication or correspondence between You and the Monitoring Trustee relating to the

- 4 -

Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

3. All documents that contain, constitute, reflect, evidence, or refer to any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

4. All documents that contain, constitute, reflect, evidence, or refer to any communication between You and any other third party relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

5. All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and the Commission about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

6. All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and the Monitoring Trustee about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

7. All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and OTR or any other consultant retained or consulted by the Commission about Microsoft's compliance or alleged failure to comply with

European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

8. All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and any other third party about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

## SUBJECTS FOR DEPOSITION

1. Any communication or correspondence between You and the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

2. Any communication or correspondence between You and the Monitoring Trustee relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

3. Any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

4. Any communication between You and any other third party relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

5. Any communication since March 24, 2004, between You and the Commission about Microsoft's compliance or alleged failure to comply with European Community

competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

6. Any communication since March 24, 2004, between You and the Monitoring Trustee about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

7. Any communication since March 24, 2004, between You and OTR or any other consultant retained or consulted by the Commission about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

8. Any communication since March 24, 2004, between You and any other third party about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

9. The authenticity of the documents produced pursuant to this subpoena and the circumstances of their preparation.