# EXHIBIT 15

Dockets.Justia.com

1   LATHAM & WATKINS LLP
        Daniel M. Wall (Bar No. 102580)
2       Christopher S. Yates (Bar No. 161273)
    505 Montgomery Street, Suite 2000
3   San Francisco, California 94111-2562
    Telephone:   (415) 391-0600
4   Facsimile:   (415) 395-8095

5   Attorneys for Ronald Alepin

6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  *In re*                            CASE NO. 06-80038 JF (PVT)

12  Application of                     RONALD ALEPIN'S OBJECTIONS TO
                                       MICROSOFT CORPORATION'S SUBPOENA
13  MICROSOFT CORPORATION,
                                       Date:    March 21, 2006 and March 27, 2006
14                Applicant.           Time:    9:30 a.m.

15                                     Place:   Covington & Burling
                                                One Front Street
16                                              San Francisco, California 94111

17

18

19          Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Non-Party

20  Ronald Alepin hereby objects to Microsoft Corporation's ("Microsoft") Subpoena seeking

21  documents and deposition testimony ("Subpoena"). Due to the numerous infirmities with the

22  Subpoena, Mr. Alepin will <u>not</u> appear for deposition or produce documents in response to the

23  Subpoena.

24                         **PRELIMINARY STATEMENT**

25          Based on an *ex parte* application to this Court, Microsoft has issued a subpoena

26  on Ronald Alepin (an employee of the law firm Morrison & Foerster LLP) pursuant to 28 U.S.C.

27  § 1782, which permits but does not require U.S. courts to "provide assistance" to litigants in

28  foreign legal proceedings. Discovery under Section 1782 is not a matter of right, as would be the

1   case were the subpoenas issued in the course of U.S. litigation.  Microsoft has the burden of

2   establishing that the Court, in its discretion, should permit the discovery.  Furthermore, the Court

3   is to exercise its discretion pursuant to a set of factors unique to this setting, including the extent

4   to which the requested discovery would circumvent limitations on discovery in the relevant

5   foreign proceeding and whether the requested discovery is welcomed by the relevant foreign

6   tribunal.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 524 U.S. 241, 264-5 (2004), *on

7   remand, Advanced Micro Devices, Inc. v. Intel Corp.*, No. 01-7033 MISC JW, slip op. at p. 4

8   (N.D. Cal., Oct. 4, 2004) (attached hereto as Exhibit 1).

9          Ronald Alepin objects to the requested discovery in general and in numerous

10  particulars outlined below.  Ronald Alepin also intends to file a motion to quash on March 15,

11  2006.  The European Commission, the relevant foreign tribunal, has also gone on record as

12  opposing the requested discovery, characterizing it as "an attempt to circumvent" its rules

13  regarding file access.

14                              **GENERAL OBJECTIONS**

15  **A.    Microsoft's subpoenas constitute an improper effort to circumvent
         limitations on "file access" reflected in European Commission rulings**
16

17         Europe's antitrust enforcement agency, the Directorate General-Competition of

18  the Commission of the European Communities ("the Commission"), found in 2004 that

19  Microsoft had violated its antitrust laws.  The Commission's 2004 decision mandated, *inter alia,*

20  that Microsoft provide certain interoperability information as part of the remedy for Microsoft's

21  violation of the European Commission's ("EC") antitrust laws.  Importantly, Microsoft was

22  permitted to charge a reasonable royalty for protocol information.  On December 21, 2005, the

23  Commission issued a "Statement of Objections" ("SO") finding that Microsoft had failed to

24  comply with various provisions of the Commission's 2004 decision.  The December 21, 2005 SO

25  began a process whereby the Commission is essentially seeking to hold Microsoft in contempt

26  for failure to comply with its 2004 decision.  This is the "foreign proceeding" in supposed aid of

27  which Microsoft seeks discovery from Mr. Alepin.

28  ///

1    In the course of these contempt-like proceedings, Microsoft sought discovery

2  from the Commission concerning communications its competitors, including Oracle and its

3  attorneys, may have had with the Commission and a "Monitoring Trustee" the Commission

4  appointed to supervise Microsoft's compliance with the Commission's 2004 decision.  The

5  Commission permitted certain discovery but, pursuant to its own procedural rules concerning

6  "file access," rejected some of Microsoft's requests.  To the extent that Microsoft was, as a

7  matter of EC law, entitled to discovery of such communications, it has obtained such materials.

8  Ronald Alepin therefore objects to the subpoena on the grounds that it is an improper effort to

9  circumvent the Commission's rulings regarding appropriate file access.

10    **B.    The Commission opposes Microsoft's effort to obtain the requested discovery**

11    In the *Intel v. AMD* case, the Supreme Court and Judge Ware of this Court held

12  that great weight was to be given to the Commission's views as to whether discovery sought

13  under Section 1782 would in fact constitute assistance to the foreign tribunal.  *See Intel Corp. v.*

14  *Advanced Micro Devices, Inc.*, 524 U.S. 241, 264-5 (2004), *on remand, Advanced Micro*

15  *Devices, Inc. v. Intel Corp.*, No. 01-7033 MISC JW, slip op. at p. 4 (N.D. Cal., Oct. 4, 2004)

16  (denying discovery because the Commission opposed it); *see also Schmitz v. Bernstein Liebhard*

17  *& Lifshitz, LLP*, 376 F.3d 79 (2d Cir. 2004) (affirming denial of discovery under section 1782

18  where, *inter alia*, the German government opposed the discovery request).  The Commission

19  opposes Microsoft's efforts to obtain this discovery through the U.S. legal system, as stated in

20  the letter to Oracle's European legal counsel from Philip Lowe, The Director-General of the

21  EC's Directorate-Competition (attached hereto as Exhibit 2).  Indeed, the Commission's letter

22  notes that Microsoft's subpoena under Section 1782 is "apt to seriously harm the Commission's

23  investigation process and circumvent the European rules on access to file."  Ronald Alepin

24  objects to the Subpoena on the grounds that the Commission is not receptive to this Court's

25  judicial assistance.

26  ///

27  ///

28  ///

C. **Microsoft's discovery requests seek privileged communications and work product in violation of the express terms of 28 U.S.C. § 1782**

Microsoft's discovery requests principally seek documents or evidence regarding communications between Oracle, its lawyers and technical advisors, on the one hand, and the Commission's professional staff and its Monitoring Trustee, on the other hand, concerning the Commission's 2004 decision and Microsoft's compliance with that decision. As noted, communications with the Commission and the Monitoring Trustee are subject to the Commission's rules on file access. Everything else responsive to Microsoft's subpoenas is subject to a privilege claim, since it consists of communications among Oracle and its lawyers and technical advisors concerning Oracle's interest in licensing the technology pursuant to the March 2004 Decision. This is improper, since Section 1782 expressly precludes the discovery of privileged communications. *See* 28 U.S.C. § 1782: "A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." Ronald Alepin objects to the subpoena on the grounds that it seeks privileged materials. Ronald Alepin will not produce any documents or provide testimony on matters protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege and/or any other privilege recognized in either the United States or the EC.

D. **Microsoft's overbroad discovery requests improperly seek to silence legitimate communications with the Commission regarding Microsoft's compliance with Commission decisions**

Oracle is a potential licensee of technical information provided under the 2004 decision. Microsoft's grossly overbroad discovery requests improperly seek to silence Oracle's right to communicate with the Commission regarding Microsoft's compliance with the 2004 decision. Microsoft has issued subpoenas to each of the four companies that have reviewed its interoperability disclosures pursuant to the procedures established by the European Commission, and counsel for the companies. It is completely right and proper that these companies may communicate their views of the adequacy of the disclosures to the Commission or the Monitoring Trustee, and each should be able to do so without being subjected to discovery

1   demand from Microsoft. In context, the subpoenas are retaliation for providing technical input to

2   the Commission and if permitted will chill not only the flow of information to the Commission in

3   this matter, but others as well. Ronald Alepin thus objects to the requested discovery.

4   **E.    Section 1782 does not permit discovery of documents located outside of the**
5   **United States**

6   Ronald Alepin objects to Microsoft's Subpoena to the extent it seeks documents

7   located outside of the United States.

8   **F.    Other General Objections**

9   Ronald Alepin objects that the Subpoena is grossly overbroad and imposes undue

10  burden or expense in violation of Rules 26 and 45(c)(1) of the Federal Rules of Civil Procedure.

11  Ronald Alepin objects to the Subpoena on the grounds that it seeks information

12  that is neither relevant to any "claim or defense of any party" nor reasonably calculated to lead to

13  the discovery of admissible evidence.

14  Ronald Alepin objects to the Subpoena to the extent that it attempts or purports to

15  require disclosure of information and/or documents containing proprietary, confidential, and/or

16  private information, and declines to provide any such information and/or documents that could

17  subject Morrison & Foerster LLP, Mr. Alepin or Oracle to competitive disadvantage or business

18  injury or violate confidentiality agreements or the privacy interests of third parties.

19  Ronald Alepin objects to the Definitions, Instructions, Document Requests, and

20  Categories for Deposition to the extent they seek to impose obligations different from, or in

21  excess of, those created by the Federal Rules of Civil Procedure.

22  Ronald Alepin objects to the Definitions, Instructions, Document Requests, and

23  Categories for Deposition to the extent they seek the production of documents not currently in

24  the possession of Clifford Chance, or otherwise seek to impose obligations exceeding those

25  required by law.

26  ///

27  ///

28  ///

LATHAM•WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

5

1    **RESPONSES TO REQUESTS FOR PRODUCTION**

2    **REQUEST FOR PRODUCTION NO. 1:**

3              All documents that contain, constitute, reflect, evidence, or refer to any

4    communication or correspondence between You and the Commission, whether on behalf of

5    Oracle, another client, or yourself, relating to the Interoperability Information or to the proper

6    interpretation of the terms "Interoperability" or "Interoperability Information" as used in the

7    2004 Decision.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

9              Ronald Alepin hereby incorporates his General Objections as if fully set forth

10   herein. Ronald Alepin further objects to this request for production on the grounds that: (1) it

11   constitutes an improper effort to circumvent the Commission's rulings regarding appropriate file

12   access; (2) the Commission opposes the requested discovery; (3) it is overbroad and imposes an

13   undue burden; (4) it seeks documents located outside of the United States; (5) it is vague and

14   ambiguous; and (6) it seeks documents that are protected by the attorney-client privilege, the

15   attorney work product doctrine, the common interest privilege and/or any other privilege

16   recognized in either the United States or the EC in violation of the express terms of Section

17   1782.

18   **REQUEST FOR PRODUCTION NO. 2:**

19             All documents that contain, constitute, reflect, evidence, or refer to any

20   communication or correspondence between You and the Monitoring Trustee, whether on behalf

21   of Oracle, another client, or yourself, relating to the Interoperability Information or to the proper

22   interpretation of the terms "Interoperability" or "Interoperability Information" as used in the

23   2004 Decision.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

25             Ronald Alepin hereby incorporates his General Objections as if fully set forth

26   herein. Ronald Alepin further objects to this request for production on the grounds that: (1) it

27   constitutes an improper effort to circumvent the Commission's rulings regarding appropriate file

28   access; (2) the Commission opposes the requested discovery; (3) it is overbroad and imposes an

1  undue burden; (4) it seeks documents located outside of the United States; (5) it is vague and

2  ambiguous; and (6) it seeks documents that are protected by the attorney-client privilege, the

3  attorney work product doctrine, the common interest privilege and/or any other privilege

4  recognized in either the United States or the EC in violation of the express terms of Section

5  1782.

6  **REQUEST FOR PRODUCTION NO. 3:**

7        All documents that contain, constitute, reflect, evidence, or refer to any

8  communication or correspondence between You and OTR or any other consultant retained or

9  consulted by the Commission, whether on behalf of Oracle, another client, or yourself, relating to

10  the Interoperability Information or to the proper interpretation of the terms "Interoperability" or

11  "Interoperability Information" as used in the 2004 Decision.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

13        Ronald Alepin hereby incorporates his General Objections as if fully set forth

14  herein.  Ronald Alepin further objects to this request for production on the grounds that: (1) it

15  constitutes an improper effort to circumvent the Commission's rulings regarding appropriate file

16  access; (2) the Commission opposes the requested discovery; (3) it is overbroad and imposes an

17  undue burden; (4) it seeks documents located outside of the United States; (5) it is vague and

18  ambiguous; and (6) it seeks documents that are protected by the attorney-client privilege, the

19  attorney work product doctrine, the common interest privilege and/or any other privilege

20  recognized in either the United States or the EC in violation of the express terms of Section

21  1782.

22  **REQUEST FOR PRODUCTION NO. 4:**

23        All documents that contain, constitute, reflect, evidence, or refer to any

24  communication between You and any other third party, whether on behalf of Oracle, another

25  client, or yourself, relating to the Interoperability Information or to the proper interpretation of

26  the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

27  ///

28  ///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Ronald Alepin hereby incorporates his General Objections as if fully set forth herein. Ronald Alepin further objects to this request for production on the grounds that: (1) it constitutes an improper effort to circumvent the Commission's rulings regarding appropriate file access; (2) the Commission opposes the requested discovery; (3) it is overbroad and imposes an undue burden; (4) it seeks documents located outside of the United States; (5) it is vague and ambiguous; and (6) it seeks documents that are protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege and/or any other privilege recognized in either the United States or the EC in violation of the express terms of Section 1782.

**REQUEST FOR PRODUCTION NO. 5:**

All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and the Commission, whether on behalf of Oracle, another client, or yourself, about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Ronald Alepin hereby incorporates his General Objections as if fully set forth herein. Ronald Alepin further objects to this request for production on the grounds that: (1) it constitutes an improper effort to circumvent the Commission's rulings regarding appropriate file access; (2) the Commission opposes the requested discovery; (3) it is overbroad and imposes an undue burden; (4) it seeks documents located outside of the United States; (5) it is vague and ambiguous; and (6) it seeks documents that are protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege and/or any other privilege recognized in either the United States or the EC in violation of the express terms of Section 1782.

///

///

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

8

**REQUEST FOR PRODUCTION NO. 6:**

All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and the Monitoring Trustee, whether on behalf of Oracle, another client, or yourself, about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Ronald Alepin hereby incorporates his General Objections as if fully set forth herein. Ronald Alepin further objects to this request for production on the grounds that: (1) it constitutes an improper effort to circumvent the Commission's rulings regarding appropriate file access; (2) the Commission opposes the requested discovery; (3) it is overbroad and imposes an undue burden; (4) it seeks documents located outside of the United States; (5) it is vague and ambiguous; and (6) it seeks documents that are protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege and/or any other privilege recognized in either the United States or the EC in violation of the express terms of Section 1782.

**REQUEST FOR PRODUCTION NO. 7:**

All documents since March 24, 2004, that contain, constitute, reflect, evidence, or refer to any communication between You and OTR or any other consultant retained or consulted by the Commission, whether on behalf of Oracle, another client, or yourself, about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1) Decision, or the SO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Ronald Alepin hereby incorporates his General Objections as if fully set forth herein. Ronald Alepin further objects to this request for production on the grounds that: (1) it constitutes an improper effort to circumvent the Commission's rulings regarding appropriate file access; (2) the Commission opposes the requested discovery; (3) it is overbroad and imposes an undue burden; (4) it seeks documents located outside of the United States; (5) it is vague and

1    ambiguous; and (6) it seeks documents that are protected by the attorney-client privilege, the

2    attorney work product doctrine, the common interest privilege and/or any other privilege

3    recognized in either the United States or the EC in violation of the express terms of Section

4    1782.

5    **REQUEST FOR PRODUCTION NO. 8:**

6            All documents since March 24, 2004, that contain, constitute, reflect, evidence, or

7    refer to any communication between You and any other third party, whether on behalf of Oracle,

8    another client, or yourself, about Microsoft's compliance or alleged failure to comply with

9    European Community competition laws, including without limitation the 2004 Decision, the

10   Article 24(1) Decision, or the SO.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

12           Ronald Alepin hereby incorporates his General Objections as if fully set forth

13   herein. Ronald Alepin further objects to this request for production on the grounds that: (1) it

14   constitutes an improper effort to circumvent the Commission's rulings regarding appropriate file

15   access; (2) the Commission opposes the requested discovery; (3) it is overbroad and imposes an

16   undue burden; (4) it seeks documents located outside of the United States; (5) it is vague and

17   ambiguous; and (6) it seeks documents that are protected by the attorney-client privilege, the

18   attorney work product doctrine, the common interest privilege and/or any other privilege

19   recognized in either the United States or the EC in violation of the express terms of Section

20   1782.

21   Dated:  March 13, 2006                     Respectfully submitted,

22                                              LATHAM & WATKINS LLP
                                                    Daniel M. Wall
23                                                  Christopher S. Yates

24

25                                              By
                                                    Christopher S. Yates
26                                                  Attorneys for Ronald Alepin

27   SF\552995.1

28

**Exhibit 1**

OCT 07 '04  03:42PM GD&C LA 5353                                    P. 1

FILED

2004 OCT -4 P 3: 05

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADVANCED MICRO DEVICES, Inc.,                    NO. C 01-7033 MISC JW

        Plaintiff,                              **ORDER DENYING IN FULL
                                                 AMD'S AMENDED
    v.                                           APPLICATION PURSUANT TO
                                                 28 U.S.C. §1782(a)**
INTEL CORPORATION,

        Defendant.

## I. INTRODUCTION

Advanced Micro Devices, Inc. ("AMD") initiated this miscellaneous action to obtain discovery from Intel Corporation ("Intel") pursuant to 28 U.S.C. §1782(a). The Court referred the action to Magistrate Judge Lloyd, who issued an "Order Granting in Part AMD's Amended Application For Order Directing Intel To Produce Documents Pursuant To 28 U.S.C. §1782 And Denying Intel's Cross-Application." On September 27, 2004, the Court heard argument on Intel's Motion for de novo Determination of AMD's Amended Application and Intel's Cross-Application Pursuant to 28 U.S.C. §1782; Objections To Magistrate Judge's Recommended Decision. Having conducted a de novo review, and based upon all papers filed to date and the comments of counsel, the Court denies in full AMD's amended application for discovery.

## II. BACKGROUND

In October of 2000, AMD filed a complaint with he European Commission ("EC") against Intel for engaging in alleged anti-competitive behavior in violation of European laws. AMD describes the complaint as including the following three major charges:

United States District Court
For the Northern District of California

1     (1) that Intel uses "Intel Inside" and other "market development fund" programs as

2     loyalty rebates to secure the agreement of PC manufacturers and retailers to deal

3     exclusively in Intel-based PCs,

4     (2) that Intel withholds product allocations, roadmap information, or technology to

5     coerce PC manufacturers and retailers to deal exclusively with Intel, and

6     (3) that Intel forms private, standard-setting cartels that establish interfaces between

7     microprocessors and other components of the PC system, and by excluding AMD and

8     other disfavored firms from access to this critical information Intel promotes its

9     monopoly on microprocessors.

10 In pursuit of that complaint, AMD filed an application in this Court for an order directing Intel to

11 produce documents pursuant to 28 U.S.C. §1782. Section 1782(a) provides that a federal district

12 court "may order" a person "resid[ing]" or "found" in the district to give testimony or produce

13 documents "for use in a proceeding in a foreign or international tribunal. . . upon application of any

14 interested person." In its present form, AMD's application consists of seventy (70) document

15 requests, sixty-seven (67) of which essentially seek Intel documents produced to Intergraph

16 Corporation in an action between the parties in the Northern District of Alabama, Intergraph

17 Corporation v. Intel Corporation, CV 97-N-3023-NE (the "Intergraph case"). Intel produced

18 approximately 500,00 pages of confidential business information in the course of the Intergraph case.

19     The Intergraph case included allegations of patent infringement, state law violations, and

20 antitrust claims. Intergraph's antitrust claims were reportedly based upon assertions that Intel's

21 decision not to supply Intergraph with the patented Intel sample and pre-release microprocessors

22 constituted monopolization of the microprocessor market; that Intel violated Section 2 of the

23 Sherman Act by using its monopoly microprocessors to leverage a competitive advantage in the

24 downstream markets of workstations, graphics accelerators and chipsets; and that Intel conspired

25 with Intergraph workstation competitors to hinder Intergraph's sale of workstations to selected

26 digital animation customers. Intergraph's antitrust claims were rejected on summary judgment.

27 Intergraph Corp. v. Intel Corp., 88 F.Supp.2d 1288 (N.D. Ala. 2000), aff'd 253 F.3d 695 (Fed. Cir.

28 2001).

United States District Court

For the Northern District of California

2

III. DISCUSSION

This Court has the benefit of the Supreme Court's determination that Section 1782(a) authorizes, but does not require a federal district court to authorize the discovery sought in this case. Intel Corp. v. Advanced Micro Devices, Inc., 124 S.Ct. 2466 (2004).[1]  To guide this Court on remand, the Supreme Court delineated four main factors that "bear consideration" in ruling on a §1782 request. First, the Supreme Court found that "when the person from whom discovery is sought is a participant in the foreign proceeding (as Intel is here), the need for §1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." Id. at 2483.  The Supreme Court reasoned as follows:

> A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. . . . In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent §1782(a) aid.

Id. Second, the Supreme Court found that the district court faced with a §1782(a) request "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." Id.  Third, the Supreme Court also stated that "a district court could consider whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Id.  Fourth, the Supreme Court instructed that "unduly intrusive or burdensome requests may be rejected or trimmed." Id.

Having considered the factors set forth by the Supreme Court, this Court, in its discretion, holds that AMD's application for discovery should be denied in full. First, the Supreme Court has

---

[1]  In reaching this conclusion, the Supreme Court resolved three key issues. First, it held that Section 1782 does not contain a "foreign-discoverability" requirement. Id. at 2476. Thus, AMD is not required in this case to make a threshold showing that the discovery it seeks would have been discoverable in the European Commission investigation had those documents been located within the Union.  Second, the Supreme Court held that Section 1782(a) makes discovery available to complainants, such as AMD, who do not have the status of private "litigants" and are not sovereign agents. Id. Third, the Supreme Court held that a "proceeding" before a foreign "tribunal" need not be "pending" nor "imminent" for an applicant to invoke §1782(a). Id. Instead, "§1782(a) requires only that a dispositive ruling by the Commission, reviewable by the European courts, be within reasonable contemplation." Id. at 2480.

3

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   already determined that Intel is a participant in the EC proceedings, and that participant-status is

2   significant because the EC has jurisdiction over Intel, and therefore could simply ask Intel to produce

3   any or all of the discovery AMD now seeks.  The EC, however, has not sought the documents AMD

4   now seeks.  Therefore, the first factor weighs against granting AMD's application.

5         Second, the EC is not receptive to judicial assistance in this case.  On this issue, it is

6   significant to this Court that the Supreme Court cited to the EC's two amicus curiae briefs to support

7   the finding that the EC "does not need or want" this Court's assistance in obtaining the documents

8   AMD seeks.  See European Commission Amicus Curiae 11-16; Brief for European Commission as

9   Amicus Curiae in Support of Pet. for Cert. 4-8.  The EC also stated that it "does not consider it

10  necessary to request or even subsequently to review the documents sought" by AMD in this case.

11  Brief for European Commission as Amicus Curiae in Support of Pet. for Cert. 4.  Moreover, the EC

12  has stated that granting AMD's §1782(a) request would jeopardize "vital Commission interests."

13  See European Commission Amicus Curiae 15.

14        Third, AMD's §1782(a) application appears to be an attempt to circumvent the EC decision

15  not to pursue such discovery.  See European Commission Amicus Curiae 6.

16        Because three out of the four factors discussed above clearly weigh against granting AMD's

17  application, the Court finds it largely unnecessary and purely academic to address the final factor,

18  namely whether the requests are unduly intrusive or burdensome.  Nevertheless, for the sake of

19  completeness, the Court finds that the documents sought in AMD's application are unduly intrusive

20  and burdensome.  AMD has made no attempt to tailor its application to the subject matter of the EC

21  complaint.  For example, AMD's document requests do not contain the words "Europe" or

22  "European," the name of any European country, or the name or description of any European OEM or

23  retailer.  Instead, it appears that AMD intentionally kept the requests broad, essentially lifting 67 out

24  of its 70 document requests verbatim from requests served on Intel by Intergraph.  The breadth of

25  AMD's application, when considered in light of the EC's determination that the requested

26  documents are unwanted and unlikely to be reviewed, weighs against granting any portion of AMD's

27  application.

28

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV. CONCLUSION**

For the reasons set forth above, AMD's amended application for discovery is denied in full. Intel's cross-application is denied as moot.

Dated: October 4, 2004

JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

5

OCT 07 '04 03:44PM GD&C LA 5353                                      P.6

1    THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:

2

3    Patrick Lynch
     David Hurwitz
4    O'MELVENY & MYERS
     400 South Hope Street
     Los Angeles, CA 90071-2899
5

6    Robert Cooper
     GIBSON, DUNN & CRUTCHER
     333 South Grand Ave.
7    Los Angeles, CA 90071-3197

8    James Murray
     Intel Corp.
9    2200 Mission College Blvd., SC4-202
     Santa Clara, CA 95052-8119
10

11   Dated: October 4, 2004                    Richard W. Wieking, Clerk

12

13                                             By:
                                                  Ronald L. Davis
14                                                Courtroom Deputy

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

**Exhibit 2**



**EUROPEAN COMMISSION**
Competition DG

The Director-General

Brussels,
COMP/C-3/TK/vb  D(2006)*D197

Clifford Chance
Att. Mr. Thomas Vinje
avenue Louise 65
B - 1050 Bruxelles

**Subject:    Case COMP/C-3/37.792 Microsoft - Microsoft's discovery requests with US courts**

Dear Mr. Vinje,

By letter of 10 March 2006 you informed us of discovery requests filed with the US District Court for the Northern District of California by Microsoft Corporation addressed to your client Oracle, Clifford Chance and Mr. Ronald Alepin. You also informed us of an *ex parte* order issued by the said court on 3 March 2006 and the related subpoenas served on Oracle, Clifford Chance and Mr. Alepin by Microsoft.

Following your request and in view of the fact that DG Competition considers that the discovery requests in this case raise issues of considerable importance in relation to the Commission's rules on access to file, I am sending you herewith observations (in annex) that have been prepared by DG Competition with regard to these requests.

I should like to point out that the annexed document reflects the views of DG Competition, which is a service of the European Commission. Should this be deemed necessary and appropriate, the European Commission would like to be able to seek leave to intervene as *amicus curiae*. I should be grateful therefore if you would keep us informed in a timely way of developments in this proceeding.

As specified in the attached statement, the present observations do not seek to support, intervene in favour of or otherwise assist any of the parties involved in the proceeding.

Yours sincerely,

Philip Lowe

Annex

European Commission, B-1049 Brussels - Belgium - Telephone: (32-2) 299.11.11
Office: J-70  4/136 - Telephone: direct line (32-2) 296.67.16 - Fax (32-2) 296.01.28
Email: Comp-Greffe-Antitrust@cec.eu.int



**EUROPEAN COMMISSION**
DG Competition

## Annex to the letter of 13 March 2006 addressed to Clifford Chance

**Subject:**  Discovery requests *in re* Microsoft Corporation before the United States District Court for the Northern District of California

### 1. INTRODUCTION

#### 1.1. The pending litigation before the US District Court for the Northern District of California

1.   The Directorate-General for Competition ("DG COMP") of the European Commission ("Commission") has been informed that Microsoft Corporation on 3 March 2006 has made an application for discovery pursuant to 28 U.S.C § 1782 with the US District Court for the Northern District of California and asked for the authorisation to serve subpoenas on Oracle, Clifford Chance and Mr. Ronald Alepin. The Commission has also been informed that an *ex parte* order has been issued on 3 March 2006 by the said court ordering Oracle, Clifford Chance and Mr. Alepin to essentially produce:

a.   *All documents that contain, constitute, reflect, evidence, or refer to any communication or correspondence between Oracle, Clifford Chance or Mr. Alepin and the Commission, the Monitoring Trustee or OTR relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.*[1]

b.   *All documents that contain, constitute, reflect, evidence, or refer to any communication between Oracle, Clifford Chance or Mr. Alepin and any other third party, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.*[2]

c.   *All documents that contain, constitute, reflect, evidence, or refer to any communication between Oracle, Clifford Chance or Mr. Alepin and the Commission, the Monitoring Trustee or OTR about Microsoft's compliance or alleged failure to comply*

---

[1]   Points 1, 2 and 3 of Microsoft's request.

[2]   Point 4 of Microsoft's request.

Commission Européenne - Europese Commissie, B-1049 Bruxelles - Belgium
COMP GREFFE Antitrust J-70 04/138  - Telephone: (32-2) 296.11.11  - Telefax: (32-2) 295.01.28

with European Community competition laws, including without limitation the 2004 Decision, the Article 24(a)(1) Decision, or the SO.[3]

d.    All documents that contain, constitute, reflect, evidence, or refer to any communication between Oracle, Clifford Chance or Mr. Alepin and any other third party about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(a)(1) Decision, or the SO.[4]

2.    Given the importance of the policy issues that this matter raises, the Directorate-General for Competition of the European Commission wishes to state its position on these issues. The Commission may seek leave from the Court to intervene at a later date by filing an *amicus curiae* brief, should this be deemed necessary and appropriate, after following its decision making procedures.

3.    DG COMP wishes to underline that it does not intend to support or otherwise assist any of the parties to the pending litigation.

### 1.2.    The framework within which the Commission carries out its antitrust investigations

4.    The Commission is the institution entrusted within the European Union with the enforcement of the competition provisions of the Treaty establishing the European Community ("the EC Treaty"), notably Articles 81 ("agreements in restraint of trade") and 82 ("abuse of dominance")[5]. The Commission's powers of competition enforcement are stated in Council Regulation 1/2003 (previously in Council Regulation No. 17/62) which provides for specific means for investigating infringements of European antitrust rules, notably issuing formal requests for information, taking oral statements and conducting on-site inspections. Commission Regulation No. 773/2004 provides for more precise rules governing Commission procedures.

5.    As the European Court of Justice points out in its Hoffman-La Roche judgment the *"observance of the right to be heard is in all proceedings in which sanctions, in particular fines or penalty payments, may be imposed a fundamental principle of Community law which must be respected [...]".*[6]

---

[3]    Points 5, 6 and 7 of Microsoft's request.

[4]    Point 8 of Microsoft's request.

[5]    Articles 81 and 82 provide for provisions comparable to those of Sections (1) and (2) of the Sherman Act.

[6]    Judgment of the Court of 13 February 1979 in Case 85/76, Hoffmann-La Roche & Co. AG v Commission [1979] ECR 461.

2

13/03/2006    18:35    DGCOMP ASSTS → 0025335959    NO.018    P004

6.    In line with this judgment the Commission has established a number of procedural rules which are intended to guarantee the application of the principle of equality of arms and the protection of the rights of defence in proceedings before the Commission. In particular, the rules on access to file are intended to enable the effective exercise of the rights of defence by defendants in a Commission proceeding.

7.    The "Commission file" in a competition investigation (hereinafter also referred to as "the file") consists of all documents, which have been obtained, produced and/or assembled by DG COMP, during the investigation.[7] Access to file is granted to defendants in proceedings before the Commission to all documents making up the Commission file with the exception of internal documents, business secrets of other undertakings, or other confidential information after a Statement of Objections has been addressed to them.[8]

8.    Access is obviously only granted to those documents of the administrative procedure which relate to the objections raised by the Commission. The European Court of Justice confirmed that *"the Commission is allowed to preclude from the administrative procedure evidence which has no relation to the allegations of fact and of law in the Statement of Objections and which therefore has no relevance to the investigation"*.[9]

9.    In case a defendant believes that the Commission services have erroneously withheld documents which are necessary for its defence it can make a request for a decision of the Hearing Officer, who is responsible for safeguarding the rights of defence in Commission proceedings.[10]

10.    A decision by the Hearing Officer not to disclose certain documents to a defendant can be reviewed by the European Court of First Instance ("CFI"). Similarly, an undertaking which deems that certain of its business secrets on the Commission file should not be disclosed to the defendant pursuant to a decision by the Hearing Officer can appeal to the CFI.[11]

---

[7]    See Commission Notice on the rules for access to the Commission file in cases pursuant to Articles 81and 82 of the EC Treaty, Articles 53, 54 and 57 of the EEA Agreement and Council Regulation(EC) No 139/2004, OJ 2005/C 325/07 of 22/12/2005 ("Notice on access to file"), at paragraph 7. This notice replaces an earlier but similar Commission Notice of 1997 on access to file, OJ C 23 of 23.01.1997.

[8]    Notice on access to file, at paragraph 10.

[9]    Judgment of the Court of 7 January 2004 in Joined Cases C-204/00 P, C-205/00 P, C-211/00 P, C-213/00 P, C-217/00 P and C-219/00 P, Aalborg Portland, not yet reported, at paragraph 126.

[10]    See Articles 1 and 8 of the Commission Decision of 23 May 2001 on the terms of reference of hearing officers in certain competition proceedings, OJ 2001 L 162/21 of 19.6.2001.

[11]    See Article 9 of the Commission Decision of 23 May 2001 on the terms of reference of hearing officers in certain competition proceedings.

3

11.     Documents obtained through access to file may only be used for the purpose of the Commission's proceedings. This is underlined in Article 15 of Regulation 773/2004, which stipulates that documents obtained through access to file may only be used "[...] *for the purposes of judicial and administrative procedures for the application of Articles 81 and 82 of the Treaty*". Furthermore, the Notice on access to file states "*Should the information be used for a different purpose, at any point in time, with the involvement of an outside counsel, the Commission may report the incident to the bar of that counsel, with a view to disciplinary action*".[12] Lastly, the Commission makes that obligation clear in a standard letter to the parties when addressing to them a Statement of Objections and providing access to file.

### 1.3.    The proceedings against Microsoft pursuant to Article 24 of Regulation 1/2003

12.     On 24 March 2004, the Commission adopted a decision in Case COMP/C-3/37.792 – Microsoft ("the Decision") in which it concluded that Microsoft had abused its dominant position in PC operating systems by (i) refusing to provide interoperability information necessary for competitors to be able to effectively compete in the work group server operating system market and (ii) tying its Windows Media Player with the Windows PC operating system. The Commission imposed a €497,196,304 fine on Microsoft and ordered it to bring the above-mentioned infringements of Article 82 EC to an end (Article 4 of the Decision).

13.     In particular, the Commission ordered Microsoft to supply interoperability information to interested undertakings on reasonable and non-discriminatory terms ("the interoperability remedy", Article 5 of the Decision) and to offer a full-functioning version of its Windows PC operating system which does not incorporate Windows Media Player ("the tying remedy", Article 6 of the Decision). The Decision also provided for the establishment of a monitoring mechanism, including a Monitoring Trustee, whose role is to provide expert advice to the Commission on Microsoft's compliance with the Decision. Microsoft was granted a deadline of 120 days to implement the interoperability remedy and a deadline of 90 days to implement the tying remedy. The obligations imposed by the Decision were suspended pending the Court of First Instance's consideration of Microsoft's request for interim measures. This application for interim measures was dismissed by the President of the Court of First Instance on 22 December 2004.[13]

14.     On 28 July 2005, the Commission adopted a decision on the monitoring mechanism foreseen in Article 7 of the Decision.[14] This decision sets out *inter alia* the

---

[12]    Commission Notice on the rules for access to the Commission file in cases pursuant to Articles 81 and 82 of the EC Treaty, Articles 53,54 and 57 of the EEA Agreement and Council Regulation (EC) No139/2004, in OJ 2005/C 325/07 of 22/12/2005.

[13]    Order of the President of the Court of First Instance of 22 December 2004 in Case T-201/04 R, Microsoft, not yet reported.

[14]    C(2005) 2988 final.

4.

framework under which the Monitoring Trustee, whose role is to provide expert advice to the Commission on Microsoft's compliance with the Decision, will work. Subsequently, the Commission invited Microsoft to put forward candidates for the position of Monitoring Trustee. After a selection procedure, on 4 October 2005, on the basis of a shortlist of candidates submitted by Microsoft, the Commission appointed as Monitoring Trustee Professor Neil Barrett, a British computer science expert.

15.    Article 24 of Regulation 1/2003 grants the Commission the power to impose on undertakings daily penalty payments not exceeding 5% of the average daily turnover in the preceding business year in order to compel them to put an end to an infringement of Article 81 or 82 EC, in accordance with a prohibition decision taken pursuant to Article 7 of Regulation 1/2003 (Article 24(1)(a)).

16.    On the basis of an opinion from its outside technical experts OTR on the Technical Documentation, the Commission decided to open proceedings against Microsoft in order to compel it to comply with its obligations stemming from the Decision. Consequently, on 10 November 2005, the Commission adopted a decision pursuant to Article 24(1) of Regulation 1/2003 ("the Art 24(1) Decision"). This decision is the first step in a procedure pursuant to Article 24 of Regulation 1/2003. By means of this decision, a periodic penalty payment of €2 million per day was imposed on Microsoft as from 15 December 2005 in the event that it were not to comply with Article 5(a) and (c) of the Decision, i.e. its obligations to (i) supply complete and accurate interoperability information; and (ii) to make that information available on reasonable terms.

17.    In the light of the Monitoring Trustee's reports on the state of the Technical Documentation provided to the Commission by Microsoft in response to the Art 24(1) Decision, the Commission, on 21 December 2005, adopted a Statement of Objections in which it took the preliminary view that Microsoft had not yet complied with its obligation to supply complete and accurate interoperability information. A hearing on the objections raised by the Commission is scheduled for 30-31 March 2006.

## 2.    DG COMP's POSITION WITH REGARD TO MICROSOFT'S REQUEST FOR DISCOVERY

### 2.1. Microsoft's request to obtain all documents exchanged between the Commission, the Monitoring Trustee, OTR and third parties relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information"

18.    After the issuance of the Statement of Objections Microsoft has requested access to the documents identified in the annex to the Statement of Objections, including to all documents exchanged between the Commission services and the Trustee and all documents exchanged between the Commission services and OTR in relation to all matters covered by the Statement of Objections.[15] By letter of 30 January 2006 Microsoft

---

[15]    E-mail from Jean-Yves Art, Microsoft's Director of Competition EMEA, of 23 December 2005.

5

requested access to documents on the Commission's file pertaining to the correspondence between the Commission on the one hand and third parties such as Sun, Oracle, IBM and Novell on the other as well as access to documents reflecting discussions that have taken place between third parties, in particularly Sun, IBM and OTR and the Trustee.[16]

19.    Following Microsoft's request the Hearing Officer took the position that the correspondence between the Commission services and the Trustee constitutes internal documents which are inaccessible to Microsoft whilst, after confidentiality waivers had been provided by third parties, Microsoft was given access to the communication between the Commission and third parties that relates to the issues raised in the Statement of Objections of 21 December 2005.[17]

20.    The Commission has therefore given Microsoft access to all third party documents in its possession. However, by letter of 2 March 2006 Microsoft specifically requested to have access to *"any material submitted by its adversaries to the Trustee and OTR".*[18]

21.    This request is currently under scrutiny by the Hearing Officer. In order to verify whether Microsoft's request is well founded the Commission has asked OTR and the Trustee to disclose and transmit to the Commission any documents they have directly, without the Commission's knowledge, received from third parties or Microsoft in carrying out their duties as well as any minutes they have taken as regards communications with third parties or Microsoft.

22. It came as a surprise to DG COMP that Microsoft decided to turn to a US court for assistance under 28 U.S.C §1782 in order to gain access to documents which it had one day before sought to obtain from the Commission and on the disclosure of which a proceeding is currently pending before the Commission's Hearing Officer.

23. DG COMP takes the position that Microsoft's rights of defence in relation to the objections raised in the Statement of Objections of 21 December 2005 are adequately protected by the European rules on access to file. Therefore an application by Microsoft on the basis 28 U.S.C §1782 is not objectively necessary but rather an attempt to circumvent the established rules on access to file in proceedings before the Commission.

---

[16]    Letter from Microsoft's counsel Ian Forrester to the Hearing Officer of 30 January 2005.

[17]    Letter from the Hearing Officer to Ian Forrester of 8 February 2006.

[18]    Letter from Georg Berrisch, Microsoft's counsel, of 2 March 2006.

6

**2.2 Microsoft's request to obtain all documents exchanged between the Commission, the Monitoring Trustee or OTR and third parties about Microsoft's compliance or alleged failure to comply with European Community competition laws, including without limitation the 2004 Decision, the Article 24(1)(a) Decision**

24.    With regard to Microsoft's request to get access to documents which are not related to the Statement of Objections of 21 December 2005 the DG COMP would like to stress that such documents are not necessary for Microsoft to defend itself as the Commission has not a this stage raised any objections vis-à-vis Microsoft on these other issues. Microsoft will be given proper access to file once and if the Commission issues a Statement of Objections related to these matters.

25.    Microsoft's request to get access to such documents before a Statement of Objections has been issued is therefore unduly intrusive and totally at odds with the European rules on access to file which such a request would circumvent and undermine.

26.    The European Court of First Instance has indeed recognised that "*there is no right under Community law to be informed of the state of the administrative procedure before the statement of objections is formally issued*" and that, if there were "*a right to be informed of an investigation in circumstances where suspicions exist in respect of an undertaking*", this would "*seriously hamper the work of the Commission*".[19]

27.    Therefore a premature request by Microsoft for disclosure under 28 U.S.C § 1782 in order to find out if a company has filed a document pertaining to Microsoft's compliance or alleged failure to comply with European Community competition laws, or more specifically on an issue where a Statement of Objections has not yet been adopted is apt to seriously harm the Commission's investigation process and circumvent the European rules on access to file.

3.    CONCLUSION

28.    In sum, DG COMP is of the opinion that the described European access to file rules properly protect Microsoft's rights of defence and that the discovery requests presented by Microsoft are an attempt to circumvent these well established rules. DG COMP therefore sees no necessity for Microsoft to avail itself of the assistance of US courts pursuant to 28 U.S.C § 1782.

*Brussels, 10 March 2006*

---

[19]  Judgment of the Court of First Instance of 8 July 2004 in Case T-50/00 Dalmine v. Commission, not yet reported, paragraphs 83 and 110.

7