# COVINGTON & BURLING

<table>
<tr><td>1201 PENNSYLVANIA AVENUE NW<br>WASHINGTON, DC 20004-2401<br>TEL 202.662.6000<br>FAX 202.662.6291<br>WWW.COV.COM</td><td>WASHINGTON<br>NEW YORK<br>LONDON<br>BRUSSELS<br>SAN FRANCISCO</td><td>WILLIAM D. IVERSON<br><br>TEL 202.662.5678<br>FAX 202.778.5678<br>WIVERSON@COV.COM</td></tr>
</table>

March 18, 2006

By E-mail & First Class Mail
James N. Penrod
Morgan Lewis
One Market
Spear Street Tower
San Francisco, CA 94105

Dear Jim:

*Subpoenas served by Microsoft Corporation pursuant to 28 U.S.C. § 1782*

Your clients Sun Microsystems, Inc.; Morgan, Lewis & Bockius LLP; and Jeffrey Kingston have filed objections to the subpoenas Microsoft Corporation has served upon them pursuant to 28 U.S.C. § 1782, and filed a motion to quash those subpoenas. Based on our meet and confer session with you concerning your objections, I believe we agree that no modification of those subpoenas would eliminate all your objections to the subpoenas or moot your motion to quash.

Nevertheless, in order to simplify the issues that the Court will need to address, Microsoft has decided to narrow the subpoenas at this time, because of our desire to obtain documents and deposition testimony on the most pressing issues promptly. We believe that these modifications will address many of your objections, particularly your objections that compliance would be burdensome. Specifically, Microsoft will narrow the scope of the subpoenas as follows:

- Requests 5 through 8 and Deposition Topics 5 through 8 will be narrowed to "… failure to comply with Articles 5(a) and 5(c) of the 2004 Decision, the Article 24(1) Decision or the SO" (that is, the references to "European Community competition laws" are deleted, and the reference to the 2004 Decision is narrowed to Articles 5(a) and 5(c) of that decision, which are the specific subject of the Commission's Article 24(1) Decision and Statement of Objections).

  - The other requests, which focus upon "Interoperability Information," are already limited to matters related to compliance with Articles 5(a) and 5(c), since Microsoft's obligation to make available "Interoperability Information" is set forth in those provisions.

Dockets.Justia.com

- All requests will be narrowed to request only "Documents that contain, constitute or summarize any communication or correspondence ...." (that is, the references to "reflect, evidence or refer" will be replaced by "summarize").

- Requests 4 and 8, and Deposition Topics 4 and 8, will be narrowed to "any other third party <u>known or believed by you to have been retained by the Commission with respect to the subject matter of this Request</u>" (that is, the underscored narrowing language is added).

- All requests in the subpoenas served upon Morgan, Lewis & Bockius LLP and Jeffrey Kingston will be narrowed to replace "whether on behalf of Sun, another client, or yourself" with "on behalf of Sun in whole or in part" (that is, the references to other clients or yourself are deleted).

I am attaching exemplars of the subpoenas in which these changes are indicated. If you believe that other changes are necessary to implement the intent of these modifications, please contact me and we can discuss that matter. Similarly, if you have any other questions concerning this letter, please contact me.

Sincerely,

*William D. Iverson*

William D. Iverson
Attorney for Microsoft Corporation

## SCHEDULE A  (Revised March 18, 2006)

## DEFINITIONS

1.    "You" and "Your" shall mean "Sun Microsystems, Inc.," including without limitation, all divisions, subsidiaries, affiliates, parent companies and predecessors and their respective present and former employees, agents, advisors, consultants, officers, directors, nominees, and in-house and outside counsel, including, without limitation, Jeffrey Kingston or any other person at Morgan, Lewis & Bockius LLP or any affiliated entity.

2.    "Documents" shall be defined to the broadest extent permitted by Fed. R. Civ. P. 34(a) and include, wherever applicable and without limitation, all written, printed, typed, photographed or recorded matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including but not limited to originals (or copies where originals are unavailable) and all non-identical copies of all writings, letters, minutes, correspondence, telegrams, telexes, bulletins, instructions, notes, notations, sound or video recordings of any type, computerized records, lists, letters, envelopes, summaries, memoranda, inter-office communications, studies, analyses, reports, catalogues, results of investigations, contracts, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, invoices, telephone records, charge slips, time sheets or logs, computer diskettes, tapes or data, stenographers' notebooks, diaries, desk calendars, or papers similar to any of the foregoing, however denominated.  "Documents" also include all electronic data, e-mail or other electronic communication, whether stored on personal computers, a computer network or backup system, or computer tapes or discs.

3.    "And" as well as "or" shall be construed disjunctively as well as conjunctively, as necessary, so as to bring within the scope of this subpoena any information or

documents which might otherwise be considered to be outside of its scope.  Similarly, references

to the singular shall include the plural and references to the plural shall include the singular.

4.    The word "all" shall be construed as "any and all," the word "any" shall

be construed as "any and all," and the word "each" shall be construed as "all and each," so as to

bring within the scope of this subpoena any information or documents which might otherwise be

considered to be outside of its scope.

5.    "2004 Decision" means the Decision issued by the Commission on or

about March 24, 2004, finding in part that Microsoft infringed Article 82 of the EC Treaty and

Article 54 of the EEA Agreement by refusing to disclose certain "Interoperability Information"

to competing vendors of work group server operating system products.

6.    "Article 24(1) Decision" means the decision adopted by the Commission

on or about November 10, 2005, claiming that Microsoft had not complied with Articles 5(a) and

(c) of the 2004 Decision.

7.    "Commission" means the European Commission.

8.    "Interoperability Information" means documentation made available by

Microsoft in response to the Commission's decisions of March 2004 and/or November 2005

relating to work group server operating system products.

9.    "Microsoft" means Microsoft Corporation.

10.    "Monitoring Trustee" refers to Neil Barrett or anyone else performing any

task pursuant to the decision adopted by the Commission on July 28, 2005, in Case COMP/C-

3/37.792 Microsoft, C(2005) 2988 final, establishing a monitoring mechanism.

11.    "OTR" means OTR Group.

12.    "SO" means the Statement of Objections adopted by the Commission on or about December 21, 2005, relating to the Interoperability Information that Microsoft had made available in response to the 2004 Decision.

## GENERAL INSTRUCTIONS

These instructions incorporate by reference the instructions set forth in Fed. R. Civ. P 45.

1.    You are requested to produce all documents designated below which are in your possession, custody or control, or in the possession, custody or control of your agents, attorneys, employees or representatives.

2.    You are requested to produce the original and all non-identical copies, including all drafts, of each document requested.  If you are not able to produce the original of any document, produce the best available copy and all non-identical copies, including drafts.

3.    You are requested to produce all documents in the order and as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features.  If any portion of a document is responsive, produce the entire document. If there are no documents responsive to any particular Request or category, state so in writing.

4.    If you claim any privilege as a basis for not answering any Request or any portion thereof or for withholding any otherwise responsive document, set forth in your response with respect to each such document, in sufficient detail to identify the particular document, and to allow the court to adjudicate the validity of your claim of privilege, information about the document and your claim of privilege including, without disclosing the information that is claimed to be privileged, the following:

i)    The type of document (*e.g.,* letter, memorandum, report, etc.);

ii)    The document's title and file reference, if any;

- 3 -

      iii)     The subject matter of the document in sufficient detail to allow Microsoft to bring your claim of privilege before the Court for review;

      iv)     The name, title, employer and address (or last known title, employer and address if current information is unavailable) of each person who drafted, revised, signed, provided information for, or received such document, and state for each such person whether he or she is an attorney and, if so, on whose behalf he or she was acting; and

      v)     The basis of your claim of privilege, and each fact upon which you rely in claiming the privilege.

5.     If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify each such document including its date, author and subject matter.

6.     Comply with the schedule set by the Court in the accompanying Order.

### <u>REQUEST FOR DOCUMENTS TO BE PRODUCED</u>

1.     All documents that contain, constitute or summarize any communication or correspondence between You and the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

2.     All documents that contain, constitute or summarize any communication or correspondence between You and the Monitoring Trustee relating to the Interoperability

- 4 -

Information or to the proper interpretation of the terms "Interoperability" or "Interoperability" Information" as used in the 2004 Decision.

3.    All documents that contain, constitute or summarize any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

4.    All documents that contain, constitute or summarize any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

5.    All documents since March 24, 2004, that contain, constitute or summarize any communication between You and the Commission about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

6.    All documents since March 24, 2004, that contain, constitute or summarize any communication between You and the Monitoring Trustee about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

7.    All documents since March 24, 2004, that contain, constitute or summarize any communication between You and OTR or any other consultant retained or consulted by the Commission about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

8.   All documents since March 24, 2004, that contain, constitute or summarize any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

## SUBJECTS FOR DEPOSITION

1.   Any communication or correspondence between You and the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

2.   Any communication or correspondence between You and the Monitoring Trustee relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

3.   Any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

4.   Any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

5.   Any communication since March 24, 2004, between You and the Commission about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

6.    Any communication since March 24, 2004, between You and the Monitoring Trustee about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

7.    Any communication since March 24, 2004, between You and OTR or any other consultant retained or consulted by the Commission about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

8.    Any communication since March 24, 2004, between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

9.    The authenticity of the documents produced pursuant to this subpoena and the circumstances of their preparation.

<u>**SCHEDULE A  (Revised March 18, 2006)**</u>

<u>**DEFINITIONS**</u>

1.      "You" and "Your" shall mean "Sun Microsystems, Inc.," including without limitation, all divisions, subsidiaries, affiliates, parent companies and predecessors and their respective present and former employees, agents, advisors, consultants, officers, directors, nominees, and in-house and outside counsel, including, without limitation, Jeffrey Kingston or any other person at Morgan, Lewis & Bockius LLP or any affiliated entity.

2.      "Documents" shall be defined to the broadest extent permitted by Fed. R. Civ. P. 34(a) and include, wherever applicable and without limitation, all written, printed, typed, photographed or recorded matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including but not limited to originals (or copies where originals are unavailable) and all non-identical copies of all writings, letters, minutes, correspondence, telegrams, telexes, bulletins, instructions, notes, notations, sound or video recordings of any type, computerized records, lists, letters, envelopes, summaries, memoranda, inter-office communications, studies, analyses, reports, catalogues, results of investigations, contracts, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, invoices, telephone records, charge slips, time sheets or logs, computer diskettes, tapes or data, stenographers' notebooks, diaries, desk calendars, or papers similar to any of the foregoing, however denominated.  "Documents" also include all electronic data, e-mail or other electronic communication, whether stored on personal computers, a computer network or backup system, or computer tapes or discs.

3.      "And" as well as "or" shall be construed disjunctively as well as conjunctively, as necessary, so as to bring within the scope of this subpoena any information or

documents which might otherwise be considered to be outside of its scope. Similarly, references to the singular shall include the plural and references to the plural shall include the singular.

        4.      The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each," so as to bring within the scope of this subpoena any information or documents which might otherwise be considered to be outside of its scope.

        5.      "2004 Decision" means the Decision issued by the Commission on or about March 24, 2004, finding in part that Microsoft infringed Article 82 of the EC Treaty and Article 54 of the EEA Agreement by refusing to disclose certain "Interoperability Information" to competing vendors of work group server operating system products.

        6.      "Article 24(1) Decision" means the decision adopted by the Commission on or about November 10, 2005, claiming that Microsoft had not complied with Articles 5(a) and (c) of the 2004 Decision.

        7.      "Commission" means the European Commission.

        8.      "Interoperability Information" means documentation made available by Microsoft in response to the Commission's decisions of March 2004 and/or November 2005 relating to work group server operating system products.

        9.      "Microsoft" means Microsoft Corporation.

        10.     "Monitoring Trustee" refers to Neil Barrett or anyone else performing any task pursuant to the decision adopted by the Commission on July 28, 2005, in Case COMP/C-3/37.792 Microsoft, C(2005) 2988 final, establishing a monitoring mechanism.

        11.     "OTR" means OTR Group.

12.    "SO" means the Statement of Objections adopted by the Commission on or about December 21, 2005, relating to the Interoperability Information that Microsoft had made available in response to the 2004 Decision.

## GENERAL INSTRUCTIONS

These instructions incorporate by reference the instructions set forth in Fed. R. Civ. P 45.

1.    You are requested to produce all documents designated below which are in your possession, custody or control, or in the possession, custody or control of your agents, attorneys, employees or representatives.

2.    You are requested to produce the original and all non-identical copies, including all drafts, of each document requested.  If you are not able to produce the original of any document, produce the best available copy and all non-identical copies, including drafts.

3.    You are requested to produce all documents in the order and as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features.  If any portion of a document is responsive, produce the entire document. If there are no documents responsive to any particular Request or category, state so in writing.

4.    If you claim any privilege as a basis for not answering any Request or any portion thereof or for withholding any otherwise responsive document, set forth in your response with respect to each such document, in sufficient detail to identify the particular document, and to allow the court to adjudicate the validity of your claim of privilege, information about the document and your claim of privilege including, without disclosing the information that is claimed to be privileged, the following:

i)    The type of document (*e.g.,* letter, memorandum, report, etc.);

ii)    The document's title and file reference, if any;

- 3 -

iii)    The subject matter of the document in sufficient detail to allow

Microsoft to bring your claim of privilege before the Court for

review;

iv)    The name, title, employer and address (or last known title,

employer and address if current information is unavailable) of each

person who drafted, revised, signed, provided information for, or

received such document, and state for each such person whether he

or she is an attorney and, if so, on whose behalf he or she was

acting; and

v)    The basis of your claim of privilege, and each fact upon which you

rely in claiming the privilege.

5.    If any document requested herein was at one time in existence, but has

been lost, discarded or destroyed, identify each such document including its date, author and

subject matter.

6.    Comply with the schedule set by the Court in the accompanying Order.

**<u>REQUEST FOR DOCUMENTS TO BE PRODUCED</u>**

1.    All documents that contain, constitute or summarize any communication or

correspondence between You and the Commission relating to the Interoperability Information or

to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as

used in the 2004 Decision.

**Deleted:** , reflect, evidence, or refer to

2.    All documents that contain, constitute or summarize any communication or

correspondence between You and the Monitoring Trustee relating to the Interoperability

**Deleted:** , reflect, evidence, or refer to

- 4 -

Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

3. All documents that contain, constitute or summarize any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

**Deleted:** , reflect, evidence, or refer to

4. All documents that contain, constitute or summarize any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

**Deleted:** , reflect, evidence, or refer to

5. All documents since March 24, 2004, that contain, constitute or summarize any communication between You and the Commission about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

**Deleted:** , reflect, evidence, or refer to

**Deleted:** European Community competition laws, including without limitation

6. All documents since March 24, 2004, that contain, constitute or summarize any communication between You and the Monitoring Trustee about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

**Deleted:** , reflect, evidence, or refer to

**Deleted:** European Community competition laws, including without limitation

7. All documents since March 24, 2004, that contain, constitute or summarize any communication between You and OTR or any other consultant retained or consulted by the Commission about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

**Deleted:** , reflect, evidence, or refer to

**Deleted:** European Community competition laws, including without limitation

- 5 -

8.  All documents since March 24, 2004, that contain, constitute or summarize any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

**Deleted:** , reflect, evidence, or refer to

**Deleted:** European Community competition laws, including without limitation

## SUBJECTS FOR DEPOSITION

1.  Any communication or correspondence between You and the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

2.  Any communication or correspondence between You and the Monitoring Trustee relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

3.  Any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

4.  Any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

5.  Any communication since March 24, 2004, between You and the Commission about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

**Deleted:** European Community competition laws, including without limitation

- 6 -

6.    Any communication since March 24, 2004, between You and the Monitoring Trustee about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

**Deleted:** European Community competition laws, including without limitation

7.    Any communication since March 24, 2004, between You and OTR or any other consultant retained or consulted by the Commission about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

**Deleted:** European Community competition laws, including without limitation

8.    Any communication since March 24, 2004, between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

**Deleted:** European Community competition laws, including without limitation

9.    The authenticity of the documents produced pursuant to this subpoena and the circumstances of their preparation.

## SCHEDULE A

## DEFINITIONS

1.      "You" and "Your" shall mean "Morgan Lewis & Bockius LLP" including, without limitation, Jeffrey Kingston, as well as all other partners, employees, directors, attorneys, advisors, counsel, shareholders, subsidiaries, affiliates, agents, and any entity affiliated with Morgan Lewis & Bockius LLP.

2.      "Documents" shall be defined to the broadest extent permitted by Fed. R. Civ. P. 34(a) and include, wherever applicable and without limitation, all written, printed, typed, photographed or recorded matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including but not limited to originals (or copies where originals are unavailable) and all non-identical copies of all writings, letters, minutes, correspondence, telegrams, telexes, bulletins, instructions, notes, notations, sound or video recordings of any type, computerized records, lists, letters, envelopes, summaries, memoranda, inter-office communications, studies, analyses, reports, catalogues, results of investigations, contracts, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, invoices, telephone records, charge slips, time sheets or logs, computer diskettes, tapes or data, stenographers' notebooks, diaries, desk calendars, or papers similar to any of the foregoing, however denominated.  "Documents" also include all electronic data, e-mail or other electronic communication, whether stored on personal computers, a computer network or backup system, or computer tapes or discs.

3.      "And" as well as "or" shall be construed disjunctively as well as conjunctively, as necessary, so as to bring within the scope of this subpoena any information or

documents which might otherwise be considered to be outside of its scope. Similarly, references to the singular shall include the plural and references to the plural shall include the singular.

4.      The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each," so as to bring within the scope of this subpoena any information or documents which might otherwise be considered to be outside of its scope.

5.      "2004 Decision" means the Decision issued by the Commission on or about March 24, 2004, finding in part that Microsoft infringed Article 82 of the EC Treaty and Article 54 of the EEA Agreement by refusing to disclose certain "Interoperability Information" to competing vendors of work group server operating system products.

6.      "Article 24(1) Decision" means the decision adopted by the Commission on or about November 10, 2005, claiming that Microsoft had not complied with Articles 5(a) and (c) of the 2004 Decision.

7.      "Commission" means the European Commission.

8.      "Interoperability Information" means documentation made available by Microsoft in response to the Commission's decisions of March 2004 and/or November 2005 relating to work group server operating system products.

9.      "Microsoft" means Microsoft Corporation.

10.     "Monitoring Trustee" refers to Neil Barrett or anyone else performing any task pursuant to the decision adopted by the Commission on July 28, 2005, in Case COMP/C-3/37.792 Microsoft, C(2005) 2988 final, establishing a monitoring mechanism.

11.     "OTR" means OTR Group.

- 2 -

12.     "SO" means the Statement of Objections adopted by the Commission on or about December 21, 2005, relating to the Interoperability Information that Microsoft had made available in response to the 2004 Decision.

13.     "Sun" means Sun Microsystems, Inc.

### **GENERAL INSTRUCTIONS**

These instructions incorporate by reference the instructions set forth in Fed. R. Civ. P 45.

1.     You are requested to produce all documents designated below which are in your possession, custody or control, or in the possession, custody or control of your agents, attorneys, employees or representatives.

2.     You are requested to produce the original and all non-identical copies, including all drafts, of each document requested.  If you are not able to produce the original of any document, produce the best available copy and all non-identical copies, including drafts.

3.     You are requested to produce all documents in the order and as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features.  If any portion of a document is responsive, produce the entire document. If there are no documents responsive to any particular Request or category, state so in writing.

4.     If you claim any privilege as a basis for not answering any Request or any portion thereof or for withholding any otherwise responsive document, set forth in your response with respect to each such document, in sufficient detail to identify the particular document, and to allow the court to adjudicate the validity of your claim of privilege, information about the document and your claim of privilege including, without disclosing the information that is claimed to be privileged, the following:

i)     The type of document (*e.g.,* letter, memorandum, report, etc.);

ii)   The document's title and file reference, if any;

iii)  The subject matter of the document in sufficient detail to allow Microsoft to bring your claim of privilege before the Court for review;

iv)   The name, title, employer and address (or last known title, employer and address if current information is unavailable) of each person who drafted, revised, signed, provided information for, or received such document, and state for each such person whether he or she is an attorney and, if so, on whose behalf he or she was acting; and

v)    The basis of your claim of privilege, and each fact upon which you rely in claiming the privilege.

5.    If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify each such document including its date, author and subject matter.

6.    Comply with the schedule set by the Court in the accompanying Order.

## <u>REQUEST FOR DOCUMENTS TO BE PRODUCED</u>

1.  All documents that contain, constitute or summarize any communication or correspondence between You and the Commission, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

2.  All documents that contain, constitute or summarize any communication or correspondence between You and the Monitoring Trustee, on behalf of Sun in whole or in part,

- 4 -

relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

3.    All documents that contain, constitute or summarize any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

4.    All documents that contain, constitute or summarize any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

5.    All documents since March 24, 2004, that contain, constitute or summarize any communication between You and the Commission, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

6.    All documents since March 24, 2004, that contain, constitute or summarize any communication between You and the Monitoring Trustee, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

7.    All documents since March 24, 2004, that contain, constitute or summarize any communication between You and OTR or any other consultant retained or consulted by the Commission, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged

failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

8.    All documents since March 24, 2004, that contain, constitute or summarize any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

## SUBJECTS FOR DEPOSITION

1.    Any communication or correspondence between You and the Commission, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

2.    Any communication or correspondence between You and the Monitoring Trustee, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

3.    Any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

4.    Any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request, on behalf of Sun in whole or in part, relating to the Interoperability Information or

to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

5.   Any communication since March 24, 2004, between You and the Commission, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

6.   Any communication since March 24, 2004, between You and the Monitoring Trustee, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

7.   Any communication since March 24, 2004, between You and OTR or any other consultant retained or consulted by the Commission, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

8.   All documents since March 24, 2004, that contain, constitute or summarize any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

9.   The authenticity of the documents produced pursuant to this subpoena and the circumstances of their preparation.

### SCHEDULE A

### DEFINITIONS

1.    "You" and "Your" shall mean "Morgan Lewis & Bockius LLP" including, without limitation, Jeffrey Kingston, as well as all other partners, employees, directors, attorneys, advisors, counsel, shareholders, subsidiaries, affiliates, agents, and any entity affiliated with Morgan Lewis & Bockius LLP.

2.    "Documents" shall be defined to the broadest extent permitted by Fed. R. Civ. P. 34(a) and include, wherever applicable and without limitation, all written, printed, typed, photographed or recorded matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including but not limited to originals (or copies where originals are unavailable) and all non-identical copies of all writings, letters, minutes, correspondence, telegrams, telexes, bulletins, instructions, notes, notations, sound or video recordings of any type, computerized records, lists, letters, envelopes, summaries, memoranda, inter-office communications, studies, analyses, reports, catalogues, results of investigations, contracts, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, invoices, telephone records, charge slips, time sheets or logs, computer diskettes, tapes or data, stenographers' notebooks, diaries, desk calendars, or papers similar to any of the foregoing, however denominated.  "Documents" also include all electronic data, e-mail or other electronic communication, whether stored on personal computers, a computer network or backup system, or computer tapes or discs.

3.    "And" as well as "or" shall be construed disjunctively as well as conjunctively, as necessary, so as to bring within the scope of this subpoena any information or

documents which might otherwise be considered to be outside of its scope.  Similarly, references to the singular shall include the plural and references to the plural shall include the singular.

4.     The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each," so as to bring within the scope of this subpoena any information or documents which might otherwise be considered to be outside of its scope.

5.     "2004 Decision" means the Decision issued by the Commission on or about March 24, 2004, finding in part that Microsoft infringed Article 82 of the EC Treaty and Article 54 of the EEA Agreement by refusing to disclose certain "Interoperability Information" to competing vendors of work group server operating system products.

6.     "Article 24(1) Decision" means the decision adopted by the Commission on or about November 10, 2005, claiming that Microsoft had not complied with Articles 5(a) and (c) of the 2004 Decision.

7.     "Commission" means the European Commission.

8.     "Interoperability Information" means documentation made available by Microsoft in response to the Commission's decisions of March 2004 and/or November 2005 relating to work group server operating system products.

9.     "Microsoft" means Microsoft Corporation.

10.    "Monitoring Trustee" refers to Neil Barrett or anyone else performing any task pursuant to the decision adopted by the Commission on July 28, 2005, in Case COMP/C-3/37.792 Microsoft, C(2005) 2988 final, establishing a monitoring mechanism.

11.    "OTR" means OTR Group.

- 2 -

12.    "SO" means the Statement of Objections adopted by the Commission on or about December 21, 2005, relating to the Interoperability Information that Microsoft had made available in response to the 2004 Decision.

13.    "Sun" means Sun Microsystems, Inc.

### GENERAL INSTRUCTIONS

These instructions incorporate by reference the instructions set forth in Fed. R. Civ. P 45.

1.    You are requested to produce all documents designated below which are in your possession, custody or control, or in the possession, custody or control of your agents, attorneys, employees or representatives.

2.    You are requested to produce the original and all non-identical copies, including all drafts, of each document requested.  If you are not able to produce the original of any document, produce the best available copy and all non-identical copies, including drafts.

3.    You are requested to produce all documents in the order and as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features.  If any portion of a document is responsive, produce the entire document. If there are no documents responsive to any particular Request or category, state so in writing.

4.    If you claim any privilege as a basis for not answering any Request or any portion thereof or for withholding any otherwise responsive document, set forth in your response with respect to each such document, in sufficient detail to identify the particular document, and to allow the court to adjudicate the validity of your claim of privilege, information about the document and your claim of privilege including, without disclosing the information that is claimed to be privileged, the following:

i)    The type of document (*e.g.,* letter, memorandum, report, etc.);

- 3 -

ii)     The document's title and file reference, if any;

iii)    The subject matter of the document in sufficient detail to allow Microsoft to bring your claim of privilege before the Court for review;

iv)    The name, title, employer and address (or last known title, employer and address if current information is unavailable) of each person who drafted, revised, signed, provided information for, or received such document, and state for each such person whether he or she is an attorney and, if so, on whose behalf he or she was acting; and

v)     The basis of your claim of privilege, and each fact upon which you rely in claiming the privilege.

5.    If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify each such document including its date, author and subject matter.

6.    Comply with the schedule set by the Court in the accompanying Order.

## REQUEST FOR DOCUMENTS TO BE PRODUCED

1.    All documents that contain, constitute or summarize any communication or correspondence between You and the Commission, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

2.    All documents that contain, constitute or summarize any communication or correspondence between You and the Monitoring Trustee, on behalf of Sun in whole or in part,

**Deleted:** , reflect, evidence, or refer to

**Deleted:** whether on behalf of Sun, another client, or yourself

**Deleted:** , reflect, evidence, or refer to

**Deleted:** whether on behalf of Sun, another client, or yourself

- 4 -

relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

    3. All documents that contain, constitute or summarize any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

> **Deleted:** , reflect, evidence, or refer to

> **Deleted:** whether on behalf of Sun, another client, or yourself

    4. All documents that contain, constitute or summarize any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

> **Deleted:** , reflect, evidence, or refer to

> **Deleted:** whether on behalf of Sun, another client, or yourself

    5. All documents since March 24, 2004, that contain, constitute or summarize any communication between You and the Commission, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

> **Deleted:** , reflect, evidence, or refer to

> **Deleted:** whether on behalf of Sun, another client, or yourself

> **Deleted:** European Community competition laws, including without limitation

    6. All documents since March 24, 2004, that contain, constitute or summarize any communication between You and the Monitoring Trustee, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

> **Deleted:** , reflect, evidence, or refer to

> **Deleted:** whether on behalf of Sun, another client, or yourself

> **Deleted:** European Community competition laws, including without limitation

    7. All documents since March 24, 2004, that contain, constitute or summarize any communication between You and OTR or any other consultant retained or consulted by the Commission, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged

> **Deleted:** , reflect, evidence, or refer to

> **Deleted:** whether on behalf of Sun, another client, or yourself

failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

**Deleted:** European Community competition laws, including without limitation

8.  All documents since March 24, 2004, that contain, constitute or summarize any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

**Deleted:** , reflect, evidence, or refer to

**Deleted:** whether on behalf of Sun, another client, or yourself

**Deleted:** European Community competition laws, including without limitation

## SUBJECTS FOR DEPOSITION

1.  Any communication or correspondence between You and the Commission, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

**Deleted:** whether on behalf of Sun, another client, or yourself

2.  Any communication or correspondence between You and the Monitoring Trustee, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

**Deleted:** whether on behalf of Sun, another client, or yourself

3.  Any communication or correspondence between You and OTR or any other consultant retained or consulted by the Commission, on behalf of Sun in whole or in part, relating to the Interoperability Information or to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

**Deleted:** whether on behalf of Sun, another client, or yourself

4.  Any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request, on behalf of Sun in whole or in part, relating to the Interoperability Information or

**Deleted:** whether on behalf of Sun, another client, or yourself

- 6 -

to the proper interpretation of the terms "Interoperability" or "Interoperability Information" as used in the 2004 Decision.

     5.    Any communication since March 24, 2004, between You and the Commission, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

> **Deleted:** whether on behalf of Sun, another client, or yourself

> **Deleted:** European Community competition laws, including without limitation

     6.    Any communication since March 24, 2004, between You and the Monitoring Trustee, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

> **Deleted:** whether on behalf of Sun, another client, or yourself

> **Deleted:** European Community competition laws, including without limitation

     7.    Any communication since March 24, 2004, between You and OTR or any other consultant retained or consulted by the Commission, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

> **Deleted:** whether on behalf of Sun, another client, or yourself

> **Deleted:** European Community competition laws, including without limitation

     8.    All documents since March 24, 2004, that contain, constitute or summarize any communication between You and any other third party known or believed by You to have been retained by the Commission with respect to the subject matter of this Request, on behalf of Sun in whole or in part, about Microsoft's compliance or alleged failure to comply with Articles 5(a) or 5(c) of the 2004 Decision, the Article 24(1) Decision, or the SO.

> **Deleted:** , reflect, evidence, or refer to

> **Deleted:** whether on behalf of Sun, another client, or yourself

> **Deleted:** European Community competition laws, including without limitation

     9.    The authenticity of the documents produced pursuant to this subpoena and the circumstances of their preparation.