UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re* | Case No.: C 06-80038 JF (PVT) |
| Application of | **ORDER GRANTING MOTIONS TO QUASH SUBPOENAS AND VACATING PRIOR ORDER** |
| MICROSOFT CORPORATION, | |
| Applicant. | |

On March 27, 2006, a hearing was held before Magistrate Judge Patricia V. Trumbull on motions to quash subpoenas brought by Sun Microsystems, Inc., Morgan, Lewis & Bockius LLP, and Jeffrey Kingston (collectively "Sun") and Oracle Corporation, Clifford Chance LLP, Daniel Harris and Ronald Alepin (collectively "Oracle") with regard to subpoenas served on them by Microsoft Corporation ("Microsoft").[1]  Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that the motions to quash are GRANTED, and this court's prior *ex parte* order granting Microsoft permission to serve the subject subpoenas is VACATED, for the reasons discussed herein.

**I.   BACKGROUND**

Microsoft seeks documents from Sun and Oracle for use in enforcement proceedings

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

currently before the European Commission ("EC") in connection with two prior orders of the Commission: 1) the Commission Decision of 24.3.2004 (the "2004 Decision"); and 2) the Commission Decision of 28.07.2005 (the "Trustee Decision"). Those orders were issued at the conclusion of proceedings initiated by a complaint Sun Microsystems, Inc. filed with the European Commission on December 10, 1998, alleging infringements by Microsoft of Article 82 of the EC Treaty.[2]

On November 10, 2005, the European Commission adopted a decision finding that Microsoft had violated the 2004 Decision, and instructing Microsoft to come into compliance by December 15, 2005. Microsoft asserts that it complied by making revised documentation available on December 15, 2005. On about December 21, 2005, the European Commission adopted a Statement of Objection ("SO") charging that Microsoft had failed to comply. The SO triggered for Microsoft a right to access the "file" and a right to a hearing.

By letter dated January 30, 2006, Microsoft requested all documents in the DG-Competition's possession that reflect or pertain to communications between the Commission and third parties such as Sun and Oracle. It also requested documents that reflect discussions which

---

[2] By way of background, in *Intel Corporation v. Advanced Micro Devices, Inc.,* the Supreme Court described the structure of the European Commission and how it enforces the European Union's competition laws:

> "The European Commission is the executive and administrative organ of the European Communities. The Commission exercises responsibility over the wide range of subject areas covered by the European Union treaty; those areas include the treaty provisions, and regulations thereunder, governing competition. The DG-Competition, operating under the Commission's aegis, is the European Union's primary antitrust law enforcer. Within the DG-Competition's domain are anti-competitive agreements and abuse of dominant market position." *Intel Corp., v. Advanced Micro Devices, Inc*., 542 U.S. 241, 250 (2004) (citations omitted).

The Court explained that the European Commission, acting through DG-Competition, enforces European competition laws and regulations. *Id.* at 254. "The DG-Competition's 'overriding responsibility' is to conduct investigations into alleged violations of the European Union's competition prescriptions. On a receipt of a complaint, or *sua sponte*, the DG-Competition conducts a preliminary investigation." *Ibid.* This investigation results in a formal written decision whether to pursue the complaint. *Ibid.* "If the DG-Competition decides to pursue the complaint, it typically serves the target of the investigation with a formal 'statement of objections' and advises the target of its intention to recommend a decision finding that the target has violated European competition law." *Ibid.* The target is entitled to a hearing before an independent hearing officer, who then reports back to the DG-Competition. *Id.* at 255. Once the DG-Competition makes its recommendation to the European Commission, the Commission may dismiss the complaint or issue a decision finding infringement. *Id.*

ORDER, *page 2*

may have taken place between the third parties and the Monitoring Trustee. The matter went to a Commission hearing officer, which held that Microsoft was entitled to many of the requested documents *based on confidentiality waivers* by the third parties, including Sun and Oracle.

On March 3, 2006, Microsoft filed an *ex parte* application in this court requesting permission to serve subpoenas on Sun and Oracle seeking discovery regarding certain communications between those companies and Trustee and/or the Commission. This court granted the *ex parte* application. *See In re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (finding grant of §1782 request on *ex parte* basis proper, and noting that witnesses can raise objections by moving to quash the subpoenas). On March 15, 2006, Sun and Oracle filed the instant motions to quash.

On March 24, 2006, the hearing officer responded to another request by Microsoft for access to documents provided by third parties to the Trustee and transmitted by the latter to the Commission–including documents sought by the subpoenas at issue here. The hearing officer stated that the Commission is obliged to go back to the information providers for a potential application of the "Akzo" procedure before such information could be disclosed. The hearing officer further stated that Microsoft would be provided with *non-confidential* versions after completion of that procedure.

## II.   LEGAL ANALYSIS

District courts are authorized to order persons within their district to produce documents or give testimony for use in a foreign or international tribunal. *See* 28 U.S.C. § 1782(a). Section 1782(a) provides, in relevant part:

> "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."

Under the circumstances of the present case, the European Commission qualifies as "a foreign or international tribunal" for purposes of Section 1782. *Intel Corp. v. Advanced Micro*

*Devices, Inc.*, 542 U.S. 241, 257-58 (2004). And Microsoft clearly qualifies as an "interested person." Thus, this court has the authority to order Sun and Oracle, both of whom are located in this district, to produce the requested documents and testimony. However, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 264.

Factors courts consider in ruling on § 1782(a) requests[3] include, among other things, "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Ibid*. Another key consideration is "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions." *Id*. at 265. Thus, although the Supreme Court rejected any categorical foreign-discoverability rule, it did indicate that foreign-discoverability may be considered by a court as a matter of comity in deciding whether to grant discovery in particular cases. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 243 ("comity and parity concerns may be legitimate touchstones for a district court's exercise of discretion in particular cases.") and 264-65 ("Further, the grounds Intel urged for categorical limitations on §1782(a)'s scope may be relevant in determining whether a discovery order should be granted in a particular case"). Taken as a whole, these factors weigh against allowing the requested discovery in this case.

The European Commission is part of a civil law system which differs in significant ways from the U.S. judicial system. While our system of justice relies on an adversarial process, civil law systems rely on an "inquisitional" process in which the judicial officer plays a more active role in gathering evidence. *See Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern District of Iowa,* 482 U.S. 522, 560 (1987) ("The civil-law system is inquisitional rather than adversarial and the judge normally questions the witness and prepares a written summary of the evidence.") Thus, the nature of the tribunal and the procedures for proof-gathering are quite

---

[3] Because the order allowing the subpoenas to be served was issued on an *ex parte* basis, this is Sun and Oracle's first opportunity to object to Microsoft's motion for assistance under Section 1782. *See In re Letters Rogatory*, 539 F.2d at 1219. Thus, the court will apply to this motion the standards applicable to requests for assistance under Section 1782, and will deem that the burden of showing such assistance is warranted remains on Microsoft. To the extent procedurally necessary, the court deems the motions to quash to be motions for reconsideration of this court's prior order.

different than in U.S. courts. Microsoft has attempted to cast the DG-Competition as an "adversary." In light of the nature of the European Commission, that label is incorrect. As a matter of comity, this court presumes the neutrality of both the DG-Competition and the European Commission.

The character of the proceedings underway before the European Commission is particularly important in the instant case. The proceedings involve enforcement of the 2004 Decision the European Commission previously issued against Microsoft. The 2004 Decision called for the establishment of a trustee to monitor whether Microsoft complied, or failed to comply, with the requirements of the 2004 Decision. The Trustee Decision expressly provides that "Confidential Information"[4] obtained by the Trustee in the course of his duties may not be disclosed to anyone other than the Commission. (Trustee Decision, ¶ 5.1.) Any such information the Trustee transmits to the Commission becomes part of the file, and subject to the Commission's procedures for determining whether or not Microsoft is entitled to access to it. This is not a situation involving only a foreign tribunal's general rules and procedures governing proof gathering. This situation involves a tribunal's specific order restricting a specific litigant's ability to gather evidence. Under these circumstances, the subpoenas constitute an attempt to circumvent specific restrictions the European Commission has placed on Microsoft's right to obtain certain kinds of information. This alone weighs heavily against allowing the requested discovery.

Further, on the record before the court, it appears that the European Commission is *not* receptive to U.S. federal court judicial assistance in this case.[5] Microsoft urges the court to give little weight to this factor, arguing that this factor is only pertinent when a litigant is seeking discovery under Section 1782 in order to *assist* the foreign tribunal. At the hearing of the instant motions, Microsoft complained that any reliance on this factor would effectively nullify litigants "right" to assistance under Section 1782 where they are defendants before that tribunal. To begin with, Section

---

[4] This court is not inclined to undertake an analysis regarding whether the information Microsoft seeks constitutes "Confidential Information" as that term is defined in the Trustee Decision. Any such determination is for the European Commission to make.

[5] The DG Competition sent a memorandum to Sun's and Oracle's attorneys setting forth his position regarding the discovery Microsoft seeks. In paragraph 23, with regard to communications between third parties and the Trustee related to the current Statement of Objections, he states the subpoenas are "not objectively necessary but rather an attempt to circumvent the established rules on access to file in proceedings before the Commission."

1782 does not give either foreign tribunals or litigants before them any "right" to assistance. Such assistance is wholly within the discretion of the court. Moreover, this argument assumes that foreign tribunals will always object to litigants seeking assistance under Section 1782. There is no basis for that assumption. Finally, this factor is not dispositive. It is only one factor to be considered, which in this case weighs against allowing the discovery.

Finally, issues of comity weigh against allowing the discovery in this case. "Congress did not seek to place itself on a collision course with foreign tribunals and legislatures, which have carefully chosen the procedures and laws best suited to their concepts of litigation." *In re Application of Asta Medica, S.A.*, 981 F.2d 1, 6 (1st Cir. 1992), *abrogated* (to the extent it held §1782 included a categorical foreign-discoverability requirement) by *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 259-262. As a matter of comity, this court is unwilling to order discovery when doing so will interfere with the European Commission's orderly handling of its own enforcement proceedings.

### III.   CONCLUSION

For all of the reasons discussed herein, the court finds that Microsoft has not established that the discovery it seeks is warranted under Section 1782. Thus the court finds it appropriate to quash the subject subpoenas and vacate its prior order.

Dated: *3/29/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge