

EUROPEAN COMMISSION

The Hearing Officer

Brussels, 24 March 2006
KW/MK/mjc D(2006)

**MICROSOFT**   *VIA*    **COVINGTON & BURLING**
MR GEORG BERRISCH
44 Avenue des Arts
1040 Brussels

*Fax : 02/502 15 98*

Subject:   Case No. COMP/C-3/37.792 Microsoft
Ref.:      Microsoft's letter of 22 March 2006

Dear Mr Berrisch,

I write in response to your letter of 22 March 2006 concerning the request made on behalf of Microsoft for a postponement of the oral hearing scheduled for 30/31 March 2006. Your client also reiterates their concerns that the document and annexes sent to Microsoft on 10 March 2005 ("the letter of facts") qualifies as a new Statement of Objections. Finally, Microsoft requests access to responses to Article 18 requests and to correspondence between third parties and the Trustee, third parties and the Commission, and between the Commission and TAEUS.

*Microsoft's view that the letter of facts qualifies as a new Statement of Objections*

I maintain the position expressed in my letter of 17 March 2006 that the Commission's letter of facts does not set out objections not contained in the Commission's Statement of Objections issued on 21 December 2005 ("SO").

I take the view that the SO cannot be considered premature and flawed merely because the Commission decided to address the Technical Documentation allegedly made available by Microsoft in Redmond on 15 December only subsequently in the letter of facts. According to the case law, a statement of objections is of preliminary nature. The Commission is always entitled to use further facts or evidence to bolster the original objections as long as the parties are given the opportunity to comment.[1] Accordingly, I do

---

[1] Judgement of the Court of First Instance of 30 September 2003 in Joined Cases T-191/98 and T-212/98 to T-214/98 (Atlantic Container Line), paragraph 165.

Commission européenne, B-1049 Bruxelles / Europese Commissie, B-1049 Brussel - Belgium. Telephone: (32-2) 299 11 11.
Office: J 79 - 05/215. Telephone: direct line (32-2) 296 55 75. Fax: (32-2) 296 95 78.
060324 FAX fr KW to Microsoft
E-mail: : EC.external.hearing-officer@cec.eu.int

not follow your assertion that the alleged incompleteness of the Commission's objections renders the letter of facts into a statement of objections.

The fact that the letter of facts addresses for the first time the offer made by Microsoft on 25 January 2006 to make available a source code reference license does not constitute a new objection. In this respect, the letter of facts rather maintains the objections expressed in the SO, explaining that this factual issue does not change the current assessment of Microsoft's lack of compliance. I cannot subscribe to your position, which seems to imply that the Commission is under an obligation to issue a new statement of objections each time Microsoft provides a slight update of its technical documentation or makes any other offer that it considers relevant for compliance, no matter how insufficient. Such a position is particularly questionable considering Microsoft's current practice of providing monthly updates of the technical documentation, and could deprive the procedure under Art. 24 of Regulation No 1/2003 of its *effet utile*. With regard to the source code reference license, the letter of facts concluded they are not related to the disclosures Microsoft is required to make under the Article 24(1) decision. In my view, this finding does not require a formal statement of objections which would give rise to the possibility of an oral hearing.

Moreover, I do not agree with your contention that the letter of facts and the reports of the Trustee and of TAEUS raise new allegations.

- TAEUS' review of the FRS protocol merely confirms the general deficiencies in the technical documentation which have already been identified in the description of other protocols, such as DRS. Microsoft was made aware of these issues in the Art. 24(1) decision.

- The Trustee's use of the "add user function" as an example was a means of testing the general sufficiency of the technical documentation. Although a different version of the documentation was used, Microsoft has been made aware of the general deficiencies in the Art. 24(1) decision and in the SO.

- The reference by the Trustee to innovation material was merely an aside to illustrate that necessary information on behaviours and dependencies is still missing from the technical documentation. This is a fact that has been highlighted both in the Art 24(1) Decision and the SO.

*Microsoft's request for a postponement of the oral hearing*

Microsoft raises concerns about their ability to fully exercise their rights of defence should the oral hearing be held before Microsoft has submitted its written comments on the letter of facts. As stated in my previous letter, it is my belief that Microsoft is in principle not legally entitled to an oral hearing with regard to the letter of facts. Oral hearings serve the purpose of giving the addressee an opportunity to defend itself orally with regard to a statement of objections. In the present case, however, Microsoft will have the opportunity to take advantage of the oral hearing to make observations also on the letter of facts if it wishes to do so. This puts your client in a better situation than other addressees of letters of facts, who usually receive such documents only after an oral hearing.

Furthermore, I believe that the two weeks of additional time granted to your client subsequent to the oral hearing should enable Microsoft to focus on the preparation of the oral hearing both with regard to the SO and the letter of facts.

In light of the above, I see no reason to postpone the oral hearing scheduled for 30/31 March 2006. The preparations for this hearing have already reached an advanced stage.

*Microsoft's request for access to file*

For the reasons set out in detail in my letters of letters of 13, 30 January and 8 February 2006, I reaffirm my position that Microsoft is not entitled to access the internal correspondence between the Commission and TAEUS. However, I will verify carefully whether this correspondence contains items which are indispensable for Microsoft's defence. Should this be the case, your client will be granted access to the information in question.

As regards the Article 18 responses, Microsoft will be provided with non-confidential versions as soon as the Commission receives them. You can rest assured that Microsoft will again be provided with sufficient time to comment on them.

As to your request for access to documents provided by third parties to the Trustee and transmitted by the latter to the Commission, I do not share your view that the Commission breached "applicable procedural rules" by not making the information available as yet. On the contrary, the Commission is obliged to go back to the information providers for a potential application of the Akzo procedure before such information can be disclosed. Your client will be provided with non-confidential versions after completion of this procedure, at which time a new file list will be at Microsoft's disposal.

Yours sincerely,

Karen WILLIAMS

Cc: Messrs Tradacete, Madero Villarejo