Richard A. Jones (SBN: 135248)
COVINGTON & BURLING
One Front Street
San Francisco, CA 94111
TEL: (415) 591-6000
FAX: (415) 591-6091
E-MAIL: rjones@cov.com

E. Edward Bruce (*pro hac vice*)
William D. Iverson (*pro hac vice*)
Joshua D. Wolson (*pro hac vice*)
COVINGTON & BURLING
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
TEL: (202) 662-6000
FAX: (202) 662-6291
E-MAIL:  ebruce@cov.com
         wiverson@cov.com
         jwolson@cov.com

Attorneys for Applicant Microsoft Corp.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re*<br><br>Application Of<br><br>MICROSOFT CORPORATION,<br><br>    Applicant. | Case No. 06-80038 JF (PVT)<br><br>**MICROSOFT CORPORATION'S MOTION FOR DE NOVO REVIEW AND TO EXPAND THE RECORD**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 3, 5th Floor<br><br>Hon. Jeremy D. Fogel |

Case No. 06-80038 JF (PVT)

1  Pursuant to Civil L.R. 72-3(a) and (b), Applicant Microsoft Corp. ("Microsoft")
2  hereby moves this Court for *de novo* determination of the Magistrate's Order Granting Motions
3  to Quash Subpoenas and Vacating Prior Order dated March 29, 2006 ("Order") and to
4  supplement the record of the proceedings before the Magistrate.

5  Review of the Magistrate's Order should be *de novo* because the Order is a
6  Dispositive Decision within the meaning of Fed. R. Civ. P. 72 and Civil L.R. 72-3, because it
7  effectively denies Microsoft's Application and, if upheld, would resolve this matter in its
8  entirety.[1]  For the reasons stated in the accompanying Objections to Magistrate's Order,
9  Microsoft objects to the Magistrate's Order in its entirety.

10  The Court should supplement the record of the proceedings before the Magistrate
11  in order to take into account events that have transpired since the hearing before the Magistrate
12  on March 27.  In particular, the Court should supplement the record to account for the following
13  events.

14  1.  On March 28, 2006, the Hon. Mark Wolf of the United States District
15  Court for the District of Massachusetts held a hearing on Novell, Inc.'s motion to quash a
16  subpoena substantially similar to the subpoenas at issue in this proceeding.  The Massachusetts
17  District Court's findings and analysis of many of the considerations at issue here are
18  documented in an excerpt transcript, a copy of which is Exhibit A to the Supplemental
19  Declaration of Joshua D. Wolson.[2]

---

[1] Even if the Magistrate's Order were not considered a Dispositive Decision, the Court's standard of review would nonetheless be *de novo*, because the Order rests entirely on matters of law:  the proper interpretation of § 1782 and the application of the Supreme Court's decision in *Intel*. *See Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999) (magistrate judge's legal conclusions reviewed *de novo*) (citing *U.S. v. McConney*, 728 F.2d 1195, 1200-01 (9th Cir. 1984), *overruled on other grounds*, *Estate of Merchant v. C.I.R.*, 947 F.2d 1390 (9th Cir. 1991))

[2] The transcript of proceedings before the Massachusetts District Court is not factual material, but rather supplemental legal authority submitted for the Court's consideration.  Therefore, the Court can consider it without having to supplement the record.  Nonetheless, we are including it in this motion, in case the Court has any doubt about its ability to consider the transcript absent such a motion.

MICROSOFT CORPORATION'S MOTION FOR DE NOVO
REVIEW AND TO EXPAND THE RECORD
Case No. 06-80038 JF (PVT)

1   2.   Also on March 28, the Commission provided Microsoft with "documents exchanged between IBM, Oracle and Sun and the Trustee …." A copy of the Commission's cover letter accompanying that production is attached to the Supplemental Wolson Declaration at Exhibit C. Attached to that letter was a list of documents that the Commission withheld from its production, which reveals that the Commission did not withhold as confidential any documents evidencing communications with Oracle or Sun. Because these materials were provided in Europe on March 28, Microsoft did not have the opportunity to submit them to the Magistrate before her Order on March 29.

3.   Because Microsoft had not previously received many of the documents that the Commission provided on March 28, Microsoft did not have the opportunity to submit the following documents to the Magistrate:

   a.   An e-mail provided to Microsoft by the Commission suggesting that a previously-undisclosed conference call between Sun Microsystems, Inc., its counsel, members of the Commission's case team, and the Monitoring Trustee appointed by the Commission occurred on November 25, 2005 (Wolson Supp. Decl. Ex. D);

   b.   An e-mail confirming that the Monitoring Trustee would visit Sun's facilities in Burlington, Massachusetts, in December 2005 (Wolson Supp. Decl. Ex. E);

   c.   An e-mail between the Monitoring Trustee and counsel for Oracle seeking to arrange a meeting between the Monitoring Trustee and "Ronald" – presumably Ronald Alepin, an advisor who had been retained by Oracle (Wolson Supp. Decl. Ex. F).

All of these events occurred after the hearing before the Magistrate. Thus, this Court should exercise its discretion and permit Microsoft to supplement the record to take into account these recent developments. *See U.S. v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (district court has discretion to hear new evidence on objection from magistrate's order); *see also id.* at 623 (affirming district court's denial of motion to supplement the record because evidence was known to defendant before Magistrate's hearing).

Respectfully submitted,

/s/ Joshua D. Wolson
--------------------

Richard A. Jones
COVINGTON & BURLING
One Front Street
San Francisco, CA 94111
Tel. No.: (415) 591-6000
Fax No.: (415) 591-6091
E-mail: rjones@cov.com

E. Edward Bruce
William D. Iverson
Joshua D. Wolson
COVINGTON & BURLING
1201 Pennsylvania Ave. NW
Washington, DC 20004-2401
Tel. No.: (202) 662-6000
Fax No.: (202) 778-5324
E-mail: ebruce@cov.com
          wiverson@cov.com
          jwolson@cov.com

Dated: April 3, 2006

*Attorneys for Applicant Microsoft Corp.*