WILMER CUTLER PICKERING
 HALE AND DORR LLP
Elizabeth I. Rogers (SBN: 226234)
elizabeth.rogers@wilmerhale.com
1117 California Avenue
Palo Alto, CA 94304
Tel. (650) 858-6000
Fax. (650) 858-6100

WILMER CUTLER PICKERING
 HALE AND DORR LLP
A. Douglas Melamed (*pro hac vice application pending*)
Douglas.Melamed@wilmerhale.com
2445 M Street, N.W.
Washington, District of Columbia 20037-1420
Tel. (202) 663-6000
Fax. (202) 663-6363

WILMER CUTLER PICKERING
 HALE AND DORR LLP
Michelle D. Miller (*pro hac vice application pending*)
michelle.miller@wilmerhale.com
60 State Street
Boston, MA 02109
Tel. (617) 526-6000
Fax. (617) 526-5000

Attorneys for Intervenor
The Commission of the European Communities

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re* | Case No. 06-80038 JF (PVT) |
| Application Of | **MEMORANDUM OF THE COMMISSION OF THE EUROPEAN COMMUNITIES IN OPPOSITION TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER** |
| MICROSOFT CORPORATION | |
| Applicant. | |
| | Date:    To Be Set |
| | Time:    To Be Set |
| | Place:   Courtroom 3, 5th Floor |
| | The Hon. Jeremy D. Fogel |

i
MEMORANDUM OF THE EUROPEAN COMMUNITIES
IN OPPOSITION TO MICROSOFT'S OBJECTIONS
TO MAGISTRATE'S ORDER
Case No. 06-80038 JF (PVT)

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................................1

II. BACKGROUND .......................................................................................................................2

      A.    Background On the Institutional Structure of the Commission And its Decision-Making Process ...........................................................................................2

      B.    The Proceedings Against Microsoft Pursuant To Article 24 of Regulation 1/2003 ...........................................................................................................................3

      C.    Access To Third-Party Documents In Connection With Commission Proceedings ..................................................................................................................5

III. ARGUMENT............................................................................................................................7

      A.    Microsoft's Opposition Is Based On Misunderstandings Of The Law Of The European Community. ...........................................................................................7

      B.    Microsoft's Request Should Be Denied For Important Reasons Of Comity And Legal Policy. ...................................................................................................8

            1.    The Commission Is Not Receptive To United States Court Intervention. ..................................................................................................9

            2.    Principles of Comity Require Deference To The Commission's Procedures And European Community Law. ...................................................11

            3.    The Policy of the European Community To Encourage Third-Party Participation In Enforcement Of The Law Would Be Undermined By Enforcing the Subpoenas ...............................................................................12

IV. CONCLUSION ......................................................................................................................14

i

MEMORANDUM OF THE EUROPEAN COMMUNITIES
IN OPPOSITION TO MICROSOFT'S OBJECTIONS
TO MAGISTRATE'S ORDER
Case No. 06-80038 JF (PVT)

# TABLE OF AUTHORITIES

**Federal Cases**

*Advanced Micro Devices, Inc. v. Intel Corp.*,
  Civ. A. No. 01-7033, 2004 WL 2282320 (N.D. Cal. Oct. 4, 2004)………………….....10, 11

*In re Matter of Application of Schmitz*, 259 F. Supp. 2d 294
  (S.D.N.Y. 2003), *aff'd*, 376 F.3d 79 (2d Cir. 2004)……………………………………11

*Intel Corp. v. Advanced Micro Devices*, 542 U.S. 264 (2004)………………………….....9, 11, 12


**Federal Statutes**

28 U.S.C. § 1782………………………………………………………………………………..passim


**Other Authorities**

C (2005) 2988 final…………………………………………………………………………….4

EEA Agreement and Regulation (EC) No 139/2004,
  OJ 2005/C 325, 22.12.2005 (Notice on Access to File)…………………………………..6, 7

Commission Notice on Immunity from Fines and Reduction of Fines in Cartel Cases,
  OJ 2002 C 45…………………………………………………………………………….12

*Hoffman-La Roche Co. AG v. Commission*, [1979] ECR 461…………………………………..6

Judgment of the Court of Justice of January 7, 2004, in Joined Cases
  C-204/00 P, C-205/00 P and C-219/00 P, Aalborg Portland, [2004] ECR, not yet reported…7

OJC C 23 of 23.01.1997………………………………………………………………………6

OJ C 325, 24.12.2002……………………………………………………………………….2

OJ No L 1, 4.1.2003………………………………………………………………………..5

Order of the President of the Court of First Instance of December 22, 2004
  In Case T-201/04 R, *Microsoft v. Commission*, [2004] ECR, not yet reported……………….4

Treaty Establishing the European Community……………………………………………….passim

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

# MEMORANDUM IN OPPOSITION TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

## I. INTRODUCTION

The Commission of the European Communities (the "European Commission" or the "Commission") respectfully submits this Memorandum in Opposition to Microsoft Corporation's Objections to Magistrate's Order ("Microsoft's Opposition"). The Magistrate's Order should be affirmed because Microsoft's subpoenas to Sun Microsystems, Inc., Morgan, Lewis & Bockius LLP, and Jeffrey Kingston (hereinafter referred to collectively as "Sun") and Oracle Corporation, Clifford Chance LLP, Daniel Harris and Ronald Alepin (hereinafter referred to collectively as "Oracle") are an effort by Microsoft to circumvent both the Commission's procedures and deliberate restrictions on a litigant's access to documents from third parties embodied in the laws of the European Community. Permitting the discovery requested by Microsoft for use in the Commission's proceedings would contravene principles of international comity because, in this case, the Commission does not need and is *not* receptive to the United States judicial assistance sought by Microsoft pursuant to 28 U.S.C. § 1782. In order to protect the Commission's procedures and the policies of the European Community they are intended to advance, the Commission respectfully asks that this Court affirm the Magistrate's Order granting the motions to quash the subpoenas.

Microsoft's Opposition is grounded on the mistaken premise that the Commission is powerless to obtain the documents that Microsoft seeks through its subpoenas. (Opposition to Microsoft Corporation's Objections to Magistrates Order ("MS Opp.") at 13.) In a recent filing before the U.S. District Court for the District of Massachusetts relating to Microsoft's attempted enforcement of its subpoena to Novell, Inc. ("Massachusetts Case"), Microsoft conceded this mistake. (Microsoft Corporation's Reply to Response of Novell, Inc. ("MS Reply") at 1, attached to the Declaration of Elizabeth I. Rogers ("Rogers Declaration") as Exhibit A.) Accordingly, Microsoft was forced to shift its position (and presumably will refocus its position before this Court as well) to argue that, despite the Commission's clear authority to request the third-party documents that Microsoft seeks, Microsoft nonetheless requires the intervention of United States courts because

1

Microsoft *itself* does not have the ability unilaterally to obtain those third-party documents or to compel the Commission to do so. (*See* MS Opp. at 13.) But Microsoft's observation that it has no automatic right under European Community law to obtain the requested documents from Sun and Oracle highlights the flaw in its argument. Contrary to Microsoft's argument, the fact that the European Community has decided *not* to empower litigants before the Commission to obtain directly third-party documents reflects important law and policy considerations and weighs heavily in favor of affirming the Magistrate's Order. It is precisely because of that sovereign decision that this Court should decline to permit Microsoft to circumvent the laws and policies of the European Community.

## II. BACKGROUND

### A. Background On the Institutional Structure of the Commission And its Decision-Making Process

To provide a context for the Commission's role and decision-making authority, the Commission offers a brief explanation of the institutional structure put in place by the relevant international treaties and agreements that established the European Community. Pursuant to the Treaty Establishing the European Community (the "Treaty"), the Member States have agreed to transfer a large part of their sovereign powers in many areas to the European Community.[1] The European Commission, which is one of the institutions of the European Community, is the European Community's basic executive and administrative organ, or department. Among the Commission's functions is to ensure the effective enforcement of and compliance with the provisions of the Treaty—making it the so-called "guardian of the Treaty."[2] Functionally, the Commission's powers include proposing legislation, managing and implementing European Union policies, budgeting and law enforcement. The Commission is also entrusted with the task of representing the European Community on the international stage, including in contexts of litigation like this where the European Community's interests are at stake or likely to be affected.

---

[1] See consolidated version in OJ C 325, 24.12.2002, p. 33.
[2] See Article 211 of the EC Treaty

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

In a number of areas, the Commission has been granted powers to enforce directly the Treaty regulations and decisions promulgated pursuant to it. With regard in particular to competition law and policy, the Treaty conferred on the Commission substantial decision-making powers. Through the Directorate-General for Competition (hereinafter "DG Competition"), which is one the of the Commission's internal departments, the Commission enforces the Treaty's provisions relating to competition law.[3] These provisions include, in particular, Article 81 (relating to anticompetitive agreements, including cartels), Article 82 (relating to abuse of dominant position, which is roughly equivalent to what is called monopolization in the United States), Article 87 (relating to market-distorting state aid), and specific legislation regulating concentrations of undertakings with Community dimension (i.e., mergers). It is pursuant to this grant of authority that the Commission decided that Microsoft infringed, *inter alia*, Article 82 and subsequently that Microsoft failed to comply with the Commission's orders.

**B.     The Proceedings Against Microsoft Pursuant To Article 24 of Regulation 1/2003**

On March 24, 2004, the Commission adopted a decision in Case COMP/C-3/37.792 – Microsoft ("the Decision"), in which it concluded that Microsoft had abused its dominant position in PC operating systems by:

- (i) refusing to provide interoperability information necessary for competitors to be able to effectively compete in the work group server operating system market, and

- (ii) tying its Windows Media Player with the Windows PC operating system.

The Commission imposed a fine of €497,196,304 on Microsoft and ordered it to bring the above-mentioned infringements of Article 82 EC to an end (Article 4 of the Decision). In particular, the Decision ordered Microsoft to supply interoperability information to interested entities on reasonable and non-discriminatory terms and conditions ("the interoperability remedy", Article 5 of

---

[3]     DG Competition, as an internal department of the European Commission, has no power to act autonomously. The actions and law enforcement activities it undertakes are carried out under the prior authorization and on behalf of the European Commission, the Commission being the decision making organ of the European Community in areas of competition law.

3
MEMORANDUM OF THE EUROPEAN COMMUNITIES
IN OPPOSITION TO MICROSOFT'S OBJECTIONS
TO MAGISTRATE'S ORDER
Case No. 06-80038 JF (PVT)

the Decision) and to offer a full-functioning version of its Windows PC operating system that does not incorporate Windows Media Player ("the tying remedy," Article 6 of the Decision).

The Decision also provided for the establishment of a mechanism to monitor proper and accurate implementation, including the appointment of a Monitoring Trustee, whose role is to provide expert advice to the Commission on Microsoft's compliance with the Decision. Microsoft was granted a deadline of 120 days to implement the interoperability remedy, and a deadline of 90 days to implement the tying remedy.

The obligations imposed by the Decision on Microsoft were suspended, pending judicial review of the Decision -- in particular, the Court of First Instance's consideration of Microsoft's request for interim measures. Microsoft's application for interim measures was, however, dismissed by the President of the Court of First Instance on December 22, 2004.[4] Consequently, Microsoft is under an obligation to comply with the Decision without delay.

On July 28, 2005, the Commission adopted another decision concerning the monitoring mechanism contained in Article 7 of the Decision.[5] The July 2005 decision sets out, in particular, the framework under which the Monitoring Trustee, mentioned earlier, will work. Pursuant to this July 2005 decision, the Commission invited Microsoft to put forward candidates for appointment as Monitoring Trustee. On October 4, 2005, on the basis of a short list of candidates submitted by Microsoft and with Microsoft's agreement, the Commission appointed as Monitoring Trustee Professor Neil Barrett, a British computer science expert.

In the meantime, on the basis of an opinion about Technical Documentation pursuant to the March 2004 Decision rendered by the firm, OTR ("Organization and Technology Research"), which is an outside expert firm retained by the Commission to assist it on technical issues, the Commission was concerned that Microsoft might not be complying with the interoperability provisions of the March 2004 Decision. Article 24 of Council Regulation 1/2003 grants the Commission the power to impose on parties' daily penalty payments, not exceeding 5% of the average daily turnover

---

[4] Order of the President of the Court of First Instance of December 22, 2004 in Case T-201/04 R, *Microsoft v. Commission*, [2004] ECR, not yet reported.
[5] See doc. C (2005) 2988 final.

4
MEMORANDUM OF THE EUROPEAN COMMUNITIES
IN OPPOSITION TO MICROSOFT'S OBJECTIONS
TO MAGISTRATE'S ORDER
Case No. 06-80038 JF (PVT)

(revenues) of the parties concerned in the preceding business year. The purpose is to compel parties to put an end to infringement of Article 81 or 82 EC Treaty following a prohibition decision taken against them by the Commission pursuant to Article 7 of Regulation 1/2003 (see Article 24(1)(a)).

The Commission thus initiated proceedings against Microsoft in order to ensure that Microsoft is complying with the Decision and, if necessary, to compel its compliance. On November 10, 2005, the Commission issued another decision against Microsoft, pursuant to Article 24(1) of Regulation 1/2003 ("the Art 24(1) Decision"), for failure to comply with the interoperability provisions of its March 2004 Decision. The Art 24(1) Decision is the first step in a procedure that can lead to the imposition of daily penalty payments pursuant to Article 24 of Regulation 1/2003. The Art 24 (1) decision imposed a penalty payment of up to €2 million per day on Microsoft, commencing December 15, 2005, in the event that it is established that Microsoft did not comply with Article 5(a) and (c) of the Decision, i.e., its obligations to: (i) supply complete and accurate interoperability information and (ii) to make that information available on reasonable terms, as explained above.

Meanwhile, the new Monitoring Trustee had been appointed, assumed his advisory functions, and submitted reports to the Commission regarding the state of the Technical Documentation provided to the Commission by Microsoft in response to the Art 24(1) Decision. In light of the Monitoring Trustee's reports, the Commission, on December 21, 2005, adopted a Statement of Objections against Microsoft which took the preliminary view that Microsoft had not yet complied with its obligation to supply complete and accurate interoperability information. It is in connection with this Statement of Objections that Microsoft seeks documents from Oracle and Sun in this Court, from Novell, Inc. in the U.S. District Court for the District of Massachusetts, and from International Business Machines Corporation ("IBM") in the U.S. District Court for the Southern District of New York.

**C.    Access To Third-Party Documents In Connection With Commission Proceedings**

The Commission's powers of enforcement in competition law are set out in Council Regulation 1/2003 (OJ No L 1, 4.1.2003, p. 1, a copy of which is attached to the Rogers Declaration

as Exhibit B).[6] Regulation 1/2003 provides specific means for investigating suspected violations of competition law, including issuing formal requests for information, taking oral statements, conducting on-site inspections, and obtaining documents from third-parties.

It is well established in European Community law in general, and competition law in particular, that the rights of defense and the right to be heard of potentially affected entities and individuals are properly respected. As the European Court of Justice has held in its judgment in connection with *Hoffman-La Roche Co. AG v. Commission*, [1979] ECR 461: *"observance of the right to be heard is in all proceedings in which sanctions, in particular fines or penalty payments, may be imposed a fundamental principle of Community law which must be respected […]"*.[7]

In line with this judgment and established case law of the European Court of Justice and the Court of First Instance, the Commission has put in place a number of procedural rules which guarantee the application of the principle of equality of arms, the protection of the rights of defense and due process in proceedings before the Commission. In particular, in order to enable any affected party to effectively exercise its right of defense in competition proceedings before the Commission, the Commission has in place procedures for litigants to obtain both documents held in the Commission's file and documents outside of the Commission's file held by third parties.

The "Commission's file" in a competition law investigation (hereinafter also referred to as "the file") consists of all documents that have been obtained, produced and/or otherwise assembled by the Commission during the investigation phase.[8] Access to the file is granted to adversely affected parties in proceedings before the Commission. The access is granted to all documents making up the Commission's file, with the exception of internal documents,[9] business secrets of

---

[6] Council Regulation 1/200 replaced Council Regulation No. 17/62.

[7] Judgment of the Court of February 13, 1979 in Case 85/76, *Hoffmann-La Roche & Co. AG v. Commission* [1979] ECR 461, a copy of which is attached to the Rogers Declaration as Exhibit C.

[8] See Commission Notice on the rules for access to the Commission file in cases pursuant to Articles 81 and 82 of the EC Treaty, and Articles 53, 54 and 57 of the EEA Agreement and Regulation (EC) No 139/2004, OJ 2005/C 325, 22.12.2005, p. 7 ("Notice on access to file"), at paragraph 7, a copy of which is attached to the Rogers Declaration as Exhibit D. This notice replaces an earlier but similar Commission Notice of 1997 on access to file; see OJ C 23 of 23.01.1997.

[9] "Internal documents" can be neither incriminating nor exculpatory under the law of the European Community. They do not constitute part of the evidence on which the Commission can

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

other entities or other confidential information.[10] In this instance, following the Statement of Objections addressed to Microsoft, Microsoft requested and ultimately obtained all non-confidential Sun and Oracle documents within the Commission's file. Microsoft does not dispute that it received the documents it requested from the Commission's file. It now seeks, instead, "documents that are in the exclusive possession of third parties." (MS Opp. at 1)

In matters before the Commission, a litigant who believes documents in the possession of third parties bear on an issue before the Commission may request that the Commission obtain and furnish those documents. To date, Microsoft has not sought to obtain through the Commission any of the Sun and Oracle documents it purportedly seeks through the subpoenas at issue here (*i.e.*, those that were not contained in the Commission's file).

### III.   ARGUMENT

**A.   Microsoft's Opposition Is Based On Misunderstandings Of The Law Of The European Community.**

Microsoft apparently recognizes that the Commission has a process to obtain third-party documents,[11] but it does not recognize the law and public policy implications of its failure to follow that process. Had Microsoft followed Commission procedures (instead of opting to seek the assistance of this Court), the Commission would have been able to exercise appropriately its discretion, balancing the needs of the requesting party and the interests of the third party in a manner consistent with the laws and public policy of the European Community.

---

rely in its assessment of a case. Thus, the parties will not be granted access to internal documents in the Commission file. Given their lack of evidentiary value, this restriction on access to internal documents does not prejudice the proper exercise of the parties' right of defense. See Commission Notice on access to file, at paragraph 3.1, attached to the Rogers Declaration as Exhibit D.

[10]   The European Court of Justice has confirmed that "the Commission is allowed to preclude from the administrative procedure evidence which has no relation to the allegations of fact and of law in the Statement of Objections and which therefore has no relevance to the investigation." *See* Judgment of the Court of Justice of January 7, 2004, in Joined Cases C-204/00 P, C-205/00 P, C-211/00 P, C-213/00 P, C-217/00 P and C-219/00 P, Aalborg Portland, [2004] ECR, not yet reported, at paragraph 126, a copy of which is attached to the Rogers Declaration as Exhibit E.

[11]   Microsoft apparently understands this procedure because it has previously requested that the Commission obtain for it copies of correspondence between the Trustee and third parties. The Commission obtained this material, put it in the file, and provided it to Microsoft.

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

Microsoft argues that the assistance of United States courts is nevertheless needed here because, "even if the Commission did have the authority to discover documents from Sun and Oracle, that would not offer *Microsoft* a way to obtain evidence related to its defense." (MS Opp. at 13) (emphasis in original). But the laws of the European Community embody a deliberate decision not to authorize private parties to conduct their own discovery. To the contrary, under the laws of the European Community, private parties must first ask the Commission to obtain the documents they seek, and the Commission determines in the first instance whether the request is appropriate. The Commission's determination is ultimately subject to appellate review by the European courts in order to ensure that the rights of the requesting litigant are protected.[12]

If the Commission does not act upon a request to obtain documents from a third-party, the litigant may appeal the final decision of the Commission to the Court of First Instance and, if unsuccessful there, to the European Court of Justice. Such an appeal could include arguments related to procedural irregularities or breach of fundamental principles of law, such as the rights of defense. Thus, if Microsoft had followed the procedure established under European Community law by asking the Commission to obtain the documents it now seeks and the Commission had declined to do so, the Commission's rejection of Microsoft's request would ultimately be subject to review by the European courts. It is the province of the European courts, not the United States courts, to balance Microsoft's rights as a defendant against the limitations on proof-gathering that are a matter of legal and public policy of the European Community.

**B.     Microsoft's Request Should Be Denied For Important Reasons Of Comity And Legal Policy.**

The Magistrate's decision here properly concludes that the subpoenas to Oracle and Sun should be quashed and that:

> [I]ssues of comity weigh against allowing the discovery in this case. "Congress did not seek to place itself on a collision course with foreign tribunals and legislatures, which have carefully chosen the procedures and laws best suited to their concepts of litigation." *In re*

---

[12] A final Commission decision against Microsoft can be challenged in accordance with Article 230 of the EC Treaty. *Cf*. Case 60/81 *IBM v Commission* [1981] ECR-2639.

> *Application of Asta Medica, S.A.,* 981 F.2d 1, 6 (1st Cir. 1992), *abrogated* (to the extend it held § 1782 included a categorical foreign-discoverability requirement) by *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. at 259-262. As a matter of comity, this court is unwilling to order discovery when doing so will interfere with the European Commission's orderly handling of its own enforcement proceedings. (Order Granting Motions to Quash Subpoenas and Vacating Prior Order, dated March 29, 2006 ("Magistrate's Order") at 6.)

No matter how Microsoft chooses to justify it, Microsoft cannot overcome the fact that its subpoenas are an attempt to end-run the procedures for and limitations on proof-gathering established by the laws of the European Community. Those laws reflect the sovereign determination of the European Community about the proper scope, availability, and mechanisms of such proof-gathering. *See Intel Corp. v. Advanced Micro Devices*, 542 U.S. 264 (2004) (stating that courts may consider "whether the § 1782 (a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country …").

Microsoft's argument that its subpoenas should be enforced because the Hearing Officer in connection with the proceedings before the Commission determined that Microsoft would be entitled to the type of documents it now seeks had they been in the Commission's file (MS Opp. at 14) misses the point entirely. That argument concerns, at most, issues of relevance and of Microsoft's right of access to documents on which the Commission is relying in its decision-making. By contrast, Microsoft's subpoenas to Oracle and Sun implicate procedures governing, and substantive limitations on, the scope of discovery from third-party of documents not in the Commission's file. Under the laws of the European Community, the Commission is charged in the first instance with weighing the litigant's need for such documents against the costs and burdens on third parties of being required to produce them.

Microsoft' subpoenas ignore the applicable provisions of European law. Its attempt to side-step the law of the European Community should be rejected for a number of related reasons.

### 1. The Commission Is Not Receptive To United States Court Intervention.

Perhaps most important, the Commission neither requires nor wants the assistance of the United States courts in this matter. *See id.* (stating that courts may consider "the receptivity of the

foreign government or the court or agency abroad to U.S. federal-court judicial assistance"). The Magistrate, in her Order, recognizes the significance of this fact as a consideration weighing against the discovery Microsoft seeks. (Magistrate's Order at 5-6.)

Although Microsoft apparently concedes that the Commission is a "tribunal" under 28 U.S.C. § 1782 (MS Opp. at 16), it argues that the Magistrate should not have credited the views on "receptivity" expressed by DG Competition in its letter, dated March 13, 2006, from Philip Lowe, the Director-General Competition (a copy of which is attached as Exhibit I to the Declaration of Christopher S. Yates in Support of Oracle's Motion to Quash), on the ground that DG Competition does not speak for the Commission in this matter (MS Opp. at 13). Microsoft is wrong about that; the letter from DG Competition, one of the Commission's services, does accurately reflect the views of the Commission. In any event, the Commission's position -- that it is *not* receptive to the involvement of the U.S. courts in this matter -- is stated clearly here.[13]

Microsoft takes its argument a step further by claiming that the Magistrate also erred in according deference to the Commission itself because "[s]ince 'comity' here means deference to the views of a prosecutor, this suffers from the same infirmity as the Magistrate's reliance on the views of DG Comp." (MS Opp. at 17.) But the Commission is not a "prosecutor." It is an institution that is analogous to a United States regulatory agency, such as the Federal Trade Commission, that undertakes investigations, conducts hearings and adjudicates cases, and whose decisions are subject to judicial review. It is, moreover, as Microsoft concedes, a "tribunal" under Section 1782.

Under *Intel* and other cases, the fact that the Commission opposes this Court's intervention in this process warrants substantial deference. *See*, *e.g.*, *Advanced Micro Devices, Inc. v. Intel Corp.*, Civ. A. No. 01-7033, 2004 WL 2282320 at *2 (N.D. Cal. Oct. 4, 2004) (denying application for discovery under 28 U.S.C. § 1782 because the Commission had the authority to obtain the requested discovery on its own, chose not to, and clearly stated that it was not receptive to judicial assistance from United States courts). Indeed, permitting Microsoft to enforce the subpoenas in the face of the

---

[13] A copy of the Authority issued by the Commission in this matter is attached to the Rogers Declaration as Exhibit F.

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

Commission's stated opposition would undermine the very purpose of 28 U.S.C. § 1782 by interfering with, rather than assisting, a foreign proceeding. *See In re Matter of Application of Schmitz*, 259 F. Supp. 2d 294, 298-299 (S.D.N.Y. 2003), *aff'd*, 376 F.3d 79 (2d Cir. 2004) (denying request under 28 U.S.C. § 1782 in part because of the German authorities' clear opposition).

### 2. Principles of Comity Require Deference To The Commission's Procedures And European Community Law.

Principles of comity require that this Court not permit Microsoft to ignore the Commission's established procedures for obtaining documents from third parties. The Commission's procedures for providing access to third-party documents not in the Commission's possession are designed to provide access to evidence in a manner that is fair and transparent and to enable the Commission to maintain control over proof-gathering activity in the matters before it. *See Intel*, 542 U.S. at 261 (maintaining that comity may be an "important touchstone" of a district court's discretion).

Similarly, the Court should not permit Microsoft to avoid the substantive limitations on a litigant's access to third-party documents under the laws of the European Community. *See Advanced Micro Devices*, 2004 WL 2282320 at *3 (rejecting petition under 28 U.S.C. § 1782 in part because it appeared "to be an attempt to circumvent the [Commission's] decision not to pursue such discovery"). Because the Commission's procedures are adequate to permit the kind of discovery Microsoft wants, Microsoft's stated concern – that it might not be able to obtain through the Commission's procedures all the documents it hopes to obtain – is in essence a complaint that the deliberate restrictions on a litigant's ability to obtain documents from third parties in proceedings before the Commission might not be to Microsoft's liking. If Microsoft were to avail itself of the Commission's procedure and ask the Commission to obtain the documents it now seeks, the Commission would consider under the laws of the European Community whether the probative value of the requested documents is sufficient to justify the costs – both to the Commission and to the producing third party – of obtaining them. This Court should not by enforcing Microsoft's

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

11
MEMORANDUM OF THE EUROPEAN COMMUNITIES
IN OPPOSITION TO MICROSOFT'S OBJECTIONS
TO MAGISTRATE'S ORDER
Case No. 06-80038 JF (PVT)

subpoenas usurp the authority of the Commission (and of European courts reviewing the Commission's decision) to make that judgment.[14]

### 3. The Policy of the European Community To Encourage Third-Party Participation In Enforcement Of The Law Would Be Undermined By Enforcing the Subpoenas.

Finally, enforcing Microsoft's subpoenas would undermine the policy of the European Community to encourage private entities to participate in the enforcement of the law – here, in enforcement of competition law. The Commission depends on private parties to bring potential violations to the attention of the Commission and to provide information to the Commission when needed.[15] Given the time and cost of document collection and production and the costs associated with necessary legal representation, third-party discovery can be burdensome and expensive for the recipient of a subpoena. To the extent that private entities with a presence in the United States may face the prospect of onerous and intrusive discovery in the United States, those entities could be deterred from aiding the Commission in the future. In turn, the Commission's ability to enforce the law of the European Community would be weakened.

This consideration has particular relevance here, where Microsoft purports to seek documents from Sun and Oracle precisely because Sun and Oracle provided information to a Monitoring Trustee appointed by the Commission to review Microsoft's compliance with a Commission

---

[14] While the Supreme Court in *Intel* held that a discovery request under 28 U.S.C. § 1782 would not be categorically barred whenever the same documents were not discoverable in the relevant foreign jurisdiction, it did so on the ground that "[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions – reasons that do not necessarily signal objection to foreign aid." 542 U.S. at 260-61. In other words, the Supreme Court held only that lack of discoverability abroad would not preclude discovery under 28 U.S.C. § 1782 where that discovery would assist the foreign proceedings and is not objected to by the foreign authority. *Id.* at 262. Here, the scope of discoverability under Commission procedures is guided by the Commission's balancing of the interest of the requesting party and the interest of the producing party. If, as Microsoft might fear, Microsoft would be unable to obtain through the Commission's procedures all the documents it seeks by its subpoenas, it would be because of substantive limitations on proof-gathering imposed by the law of the European Community. That law would be undermined, not assisted, if this Court were to require broader discovery sought by Microsoft.

[15] The Commission's Notice on Leniency – which offers cartel participants confidentiality in return for their confessions of wrongdoing – is a primary illustration of this general policy. *Cf.* Commission Notice on Immunity from Fines and Reduction of Fines in Cartel Cases, OJ 2002 C 45, page 03.

1  decision. The participation of Sun and Oracle and other third parties is important in enabling the
2  Commission to render a reasoned judgment concerning Microsoft's compliance with the
3  Commission's decision that it provide to third parties adequate interoperability information
4  concerning its operating system.  The Commission has a substantial interest in enabling companies
5  like Sun and Oracle to assist it in such Monitoring activities.  To protect that interest, it is necessary
6  that the Commission (subject to review by the courts of the European Community) apply its own
7  standards of access to documents, taking into account both the litigant's need for the documents and
8  the need to protect third-parties from burden and intrusion.
9  / / / /
10 / / / /
11 / / / /
12 / / / /
13 / / / /
14 / / / /
15 / / / /
16 / / / /
17 / / / /
18 / / / /
19 / / / /
20 / / / /
21 / / / /
22 / / / /
23 / / / /
24 / / / /
25 / / / /
26 / / / /
27
28

13
MEMORANDUM OF THE EUROPEAN COMMUNITIES
IN OPPOSITION TO MICROSOFT'S OBJECTIONS
TO MAGISTRATE'S ORDER
Case No. 06-80038 JF (PVT)

### IV.     CONCLUSION

For the reasons set forth herein, the Magistrate's Order should be affirmed, and the motions to quash Microsoft's subpoenas should be granted.

Dated: April 17, 2006

Respectfully submitted,

WILMER CUTLER PICKERING
 HALE AND DORR LLP


By_____/s/_____
       Elizabeth I. Rogers

Attorneys for Intervenor, the Commission of the European Communities

Of Counsel:

WILMER CUTLER PICKERING
 HALE AND DORR LLP
A. Douglas Melamed (*pro hac vice application pending*)
Douglas.Melamed@wilmerhale.com
2445 M Street, N.W.
Washington, District of Columbia 20037-1420
Tel. (202) 663-6000
Fax. (202) 663-6363

WILMER CUTLER PICKERING
 HALE AND DORR LLP
Michelle D. Miller (*pro hac vice application pending*)
michelle.miller@wilmerhale.com
60 State Street
Boston, MA 02109
Tel. (617) 526-6000
Fax. (617) 526-5000

Theofanis Christoforou
Legal Advisor of the Legal Service
Of the Commission of the
European Communities

Per Hellstrom
Member of the Legal Service
Of the Commission of the
European Communities

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304