Microsoft Corporation v. Ronald Alepin Morrison & Foerster et al
Case 5:06-mc-80038-JF   Document 48-5   Filed 04/17/2006   Page 1 of 10
Doc. 48 Att. 4

# EXHIBIT D

Dockets.Justia.com

22.12.2005 | EN | Official Journal of the European Union | C 325/7

**Commission Notice on the rules for access to the Commission file in cases pursuant to Articles 81 and 82 of the EC Treaty, Articles 53, 54 and 57 of the EEA Agreement and Council Regulation (EC) No 139/2004**

(2005/C 325/07)

(Text with EEA relevance)

### I. INTRODUCTION AND SUBJECT-MATTER OF THE NOTICE

1. Access to the Commission file is one of the procedural guarantees intended to apply the principle of equality of arms and to protect the rights of the defence. Access to the file is provided for in Article 27(1) and (2) of Council Regulation (EC) No 1/2003 [1], Article 15(1) of Commission Regulation (EC) No 773/2004 ('the Implementing Regulation') [2], Article 18(1) and (3) of the Council Regulation (EC) No 139/2004 ('Merger Regulation') [3] and Article 17(1) of Commission Regulation (EC) No 802/2004 ('the Merger Implementing Regulation') [4]. In accordance with these provisions, before taking decisions on the basis of Articles 7, 8, 23 and 24(2) of Regulation (EC) No 1/2003 and Articles 6(3), 7(3), 8(2) to (6), 14 and 15 of the Merger Regulation, the Commission shall give the persons, undertakings or associations of undertakings, as the case may be, an opportunity of making known their views on the objections against them and they shall be entitled to have access to the Commission's file in order to fully respect their rights of defence in the proceedings. The present notice provides the framework for the exercise of the right set out in these provisions. It does not cover the possibility of the provision of documents in the context of other proceedings. This notice is without prejudice to the interpretation of such provisions by the Community Courts. The principles set out in this Notice apply also when the Commission enforces Articles 53, 54 and 57 of the EEA Agreement [5].

2. This specific right outlined above is distinct from the general right to access to documents under Regulation (EC) No 1049/2001 [6], which is subject to different criteria and exceptions and pursues a different purpose.

3. The term access to the file is used in this notice exclusively to mean the access granted to the persons, undertakings or association of undertakings to whom the Commission has addressed a statement of objections. This notice clarifies who has access to the file for this purpose.

4. The same term, or the term access to documents, is also used in the above-mentioned regulations in respect of complainants or other involved parties. These situations are, however, distinct from that of the addressees of a statement of objections and therefore do not fall under the definition of access to the file for the purposes of this notice. These related situations are dealt with in a separate section of the notice.

5. This notice also explains to which information access is granted, when access takes place and what are the procedures for implementing access to the file.

---

[1] Council Regulation (EC) No 1/2003 of 16 December 2002 on the implementation of the rules on competition laid down in Articles 81 and 82 of the Treaty, OJ L 1, 4.1.2003, p. 1-25.
[2] Commission Regulation (EC) No 773/2004 of 7 April 2004 relating to the conduct of proceedings by the Commission pursuant to Articles 81 and 82 of the EC Treaty, OJ L 123, 27.4.2004, p. 18-24.
[3] Council Regulation (EC) No 139/2004 of 20 January 2004 on the control of concentrations between undertakings, OJ L 24, 29.1.2004, p. 1-22.
[4] Commission Regulation (EC) No 802/2004 of 21 April 2004 implementing Council Regulation (EC) No 139/2004 on the control of concentrations between undertakings, OJ L 133, 30.4.2004, p. 1-39. Corrected in the OJ L 172, 6.5.2004, p. 9.
[5] References in this Notice to Articles 81 and 82 therefore apply also to Articles 53 and 54 of the EEA Agreement.
[6] Regulation (EC) No 1049/2001 of the European Parliament and of the Council of 30 May 2001 regarding public access to European Parliament, Council and Commission documents, OJ L 145, 31.5.2001, p. 43. See for instance Case T-2/03, *Verein für Konsumenteninformation v. Commission*, judgment of 13 April 2005, not yet reported.

C 325/8     EN     Official Journal of the European Union     22.12.2005

6. As from its publication, this notice replaces the 1997 Commission notice on access to the file ([1]). The new rules take account of the legislation applicable as of 1 May 2004, namely the above referred Regulation (EC) No 1/2003, Merger Regulation, Implementing Regulation and Merger Implementing Regulation, as well as the Commission Decision of 23 May 2001 on the terms of reference of Hearing Officers in certain competition proceedings ([2]). It also takes into account the recent case law of the Court of Justice and the Court of First Instance of the European Communities ([3]) and the practice developed by the Commission since the adoption of the 1997 notice.

## II. SCOPE OF ACCESS TO THE FILE

### A. Who is entitled to access to the file?

7. Access to the file pursuant to the provisions mentioned in paragraph 1 is intended to enable the effective exercise of the rights of defence against the objections brought forward by the Commission. For this purpose, both in cases under Articles 81 and 82 EC and in cases under the Merger Regulation, access is granted, upon request, to the persons, undertakings or associations of undertakings ([4]), as the case may be, to which the Commission addresses its objections ([5]) (hereinafter, 'the parties').

### B. To which documents is access granted?

1. *The content of the Commission file*

8. The 'Commission file' in a competition investigation (hereinafter also referred to as 'the file') consists of all documents ([6]), which have been obtained, produced and/or assembled by the Commission Directorate General for Competition, during the investigation.

9. In the course of investigation under Articles 20, 21 and 22(2) of Regulation (EC) No 1/2003 and Articles 12 and 13 of the Merger Regulation, the Commission may collect a number of documents, some of which may, following a more detailed examination, prove to be unrelated to the subject matter of the case in question. Such documents may be returned to the undertaking from which those have been obtained. Upon return, these documents will no longer constitute part of the file.

2. *Accessible documents*

10. The parties must be able to acquaint themselves with the information in the Commission's file, so that, on the basis of this information, they can effectively express their views on the preliminary conclusions reached by the Commission in its objections. For this purpose they will be granted access to all documents making up the Commission file, as defined in paragraph 8, with the exception of internal documents, business secrets of other undertakings, or other confidential information ([7]).

---

([1]) Commission notice on the internal rules of procedure for processing requests for access to the file in cases under Articles 85 and 86 [now 81 and 82] of the EC Treaty, Articles 65 and 66 of the ECSC Treaty and Council Regulation (EEC) No 4064/89, OJ C 23, 23.1.1997, p. 3.
([2]) OJ L 162, 19.6.2001, p. 21.
([3]) In particular Joint Cases T-25/95 et al., *Cimenteries CBR SA et al. v Commission*, [2000] ECR II-0491.
([4]) In the remainder of this Notice, the term 'undertaking' includes both undertakings and associations of undertakings. The term 'person' encompasses natural and legal persons. Many entities are legal persons and undertakings at the same time; in this case, they are covered by both terms. The same applies where a natural person is an undertaking within the meaning of Articles 81 and 82. In Merger proceedings, account must also be taken of persons referred to in Article 3(1)(b) of the Merger Regulation, even when they are natural persons. Where entities without legal personality which are also not undertakings become involved in Commission competition proceedings, the Commission applies, where appropriate, the principles set out in this Notice *mutatis mutandis*.
([5]) Cf. Article 15(1) of the Implementing Regulation, Article 18(3) of the Merger Regulation and Article 17(1) of the Merger Implementing Regulation.
([6]) In this notice the term 'document' is used for all forms of information support, irrespective of the storage medium. This covers also any electronic data storage device as may be or become available.
([7]) Cf. Article 27(2) of Regulation (EC) No 1/2003, Articles 15(2) and 16(1) of the Implementing Regulation, and Article 17(3) of the Merger Implementing Regulation. Those exceptions are also mentioned in Case T-7/89, *Hercules Chemicals v Commission*, [1991] ECR II-1711, paragraph 54. The Court has ruled that it does not belong to the Commission alone to decide which documents in the file may be useful for the purposes of the defence (Cf. Case T-30/91 *Solvay v. Commission*, [1995] ECR II-1775, paragraphs 81-86, and Case T-36/91 *ICI vs. Commission*, [1995] ECR II-1847, paragraphs 91-96).

11. Results of a study commissioned in connection with proceedings are accessible together with the terms of reference and the methodology of the study. Precautions may however be necessary in order to protect intellectual property rights.

3. *Non-accessible documents*

3.1. *Internal documents*

3.1.1 *General principles*

12. Internal documents can be neither incriminating nor exculpatory ([1]). They do not constitute part of the evidence on which the Commission can rely in its assessment of a case. Thus, the parties will not be granted access to internal documents in the Commission file ([2]). Given their lack of evidential value, this restriction on access to internal documents does not prejudice the proper exercise of the parties' right of defence ([3]).

13. There is no obligation on the Commission departments to draft any minutes of meetings ([4]) with any person or undertaking. If the Commission chooses to make notes of such meetings, such documents constitute the Commission's own interpretation of what was said at the meetings, for which reason they are classified as internal documents. Where, however, the person or undertaking in question has agreed the minutes, such minutes will be made accessible after deletion of any business secrets or other confidential information. Such agreed minutes constitute part of the evidence on which the Commission can rely in its assessment of a case ([5]).

14. In the case of a study commissioned in connection with proceedings, correspondence between the Commission and its contractor containing evaluation of the contractor's work or relating to financial aspects of the study, are considered internal documents and will thus not be accessible.

3.1.2 *Correspondence with other public authorities*

15. A particular case of internal documents is the Commission's correspondence with other public authorities and the internal documents received from such authorities (whether from EC Member States ('the Member States') or non-member countries). Examples of such non-accessible documents include:

— correspondence between the Commission and the competition authorities of the Member States, or between the latter ([6]);

— correspondence between the Commission and other public authorities of the Member States ([7]);

— correspondence between the Commission, the EFTA Surveillance Authority and public authorities of EFTA States ([8]);

— correspondence between the Commission and public authorities of non-member countries, including their competition authorities, in particular where the Community and a third country have concluded an agreement governing the confidentiality of the information exchanged ([9]).

---

([1]) Examples of internal documents are drafts, opinions, memos or notes from the Commission departments or other public authorities concerned.
([2]) Cf. Article 27(2) of Regulation (EC) No 1/2003, Article 15(2) of the Implementing Regulation, and Article 17(3) of the Merger Implementing Regulation.
([3]) Cf. paragraph 1 above.
([4]) Cf. judgement of 30.9.2003 in Joined Cases T-191/98 and T-212/98 to T-214/98 *Atlantic Container Line and others v Commission* (TACA), [2003] ECR II-3275, paragraphs 349-359.
([5]) Statements recorded pursuant to Article 19 or Article 20(2)(e) of Regulation 1/2003 or Article 13(2)(e) of Merger Regulation will also normally belong to the accessible documents (see paragraph 10 above).
([6]) Cf. Article 27(2) of Regulation (EC) No 1/2003, Article 15(2) of the Implementing Regulation, Article 17(3) of the Merger Implementing Regulation.
([7]) Cf. Order of the Court of First Instance in Cases T-134/94 et al *NMH Stahlwerke and Others v Commission* [1997] ECR II-2293, paragraph 36, and Case T-65/89, *BPB Industries and British Gypsum* [1993] ECR II-389, paragraph 33.
([8]) In this notice the term 'EFTA States' includes the EFTA States that are parties to the EEA Agreement.
([9]) For example, Article VIII.2 of the Agreement between the European Communities and the Government of the United States of America regarding the application of their competition laws (OJ No L 95, 27.4.1995, p. 47) stipulates that information provided to it in confidence under the Agreement must be protected 'to the fullest extent possible'. That Article creates an international-law obligation binding the Commission.

C 325/10    EN    Official Journal of the European Union    22.12.2005

16. In certain exceptional circumstances, access is granted to documents originating from Member States, the EFTA Surveillance Authority or EFTA States, after deletion of any business secrets or other confidential information. The Commission will consult the entity submitting the document prior to granting access to identify business secrets or other confidential information.

This is the case where the documents originating from Member States contain allegations brought against the parties, which the Commission must examine, or form part of the evidence in the investigative process, in a way similar to documents obtained from private parties. These considerations apply, in particular, as regards:

— documents and information exchanged pursuant to Article 12 of Regulation (EC) No 1/2003, and information provided to the Commission pursuant to Article 18(6) of Regulation (EC) No 1/2003;

— complaints lodged by a Member State under Article 7(2) of Regulation (EC) No 1/2003.

Access will also be granted to documents originating from Member States or the EFTA Surveillance Authority in so far as they are relevant to the parties' defence with regard to the exercise of competence by the Commission [1].

3.2. Confidential information

17. The Commission file may also include documents containing two categories of information, namely business secrets and other confidential information, to which access may be partially or totally restricted [2]. Access will be granted, where possible, to non-confidential versions of the original information. Where confidentiality can only be assured by summarising the relevant information, access will be granted to a summary. All other documents are accessible in their original form.

3.2.1 Business secrets

18. In so far as disclosure of information about an undertaking's business activity could result in a serious harm to the same undertaking, such information constitutes business secrets [3]. Examples of information that may qualify as business secrets include: technical and/or financial information relating to an undertaking's know-how, methods of assessing costs, production secrets and processes, supply sources, quantities produced and sold, market shares, customer and distributor lists, marketing plans, cost and price structure and sales strategy.

3.2.2 Other confidential information

19. The category 'other confidential information' includes information other than business secrets, which may be considered as confidential, insofar as its disclosure would significantly harm a person or undertaking. Depending on the specific circumstances of each case, this may apply to information provided by third parties about undertakings which are able to place very considerable economic or commercial pressure on their competitors or on their trading partners, customers or suppliers. The Court of First Instance and the Court of Justice have acknowledged that it is legitimate to refuse to reveal to such undertakings certain letters received from their customers, since their disclosure might easily expose the authors to the risk of retaliatory measures [4]. Therefore the notion of other confidential information may include information that would enable the parties to identify complainants or other third parties where those have a justified wish to remain anonymous.

---

[1] In the merger control area, this may apply in particular to submissions by a Member State under Article 9 (2) of the Merger Regulation with regard to a case referral.

[2] Cf. Article 16(1) of the Implementing Regulation and Article 17(3) of the Merger Implementing Regulation; Case T-7/89 Hercules Chemicals NV v Commission, [1991] ECR II-1711, paragraph 54; Case T-23/99, LR AF 1998 A/S v Commission, [2002] ECR II-1705, paragraph 170.

[3] Judgement of 18.9.1996 in Case T-353/94, Postbank NV v Commission, [1996] ECR II-921, paragraph 87.

[4] The Community Courts have pronounced upon this question both in cases of alleged abuse of a dominant position (Article 82 of the EC Treaty) (Case T-65/89, BPB Industries and British Gypsum [1993] ECR II-389; and Case C-310/93P, BPB Industries and British Gypsum [1995] ECR I-865), and in merger cases (Case T-221/95 Endemol v Commission [1999] ECR II-1299, paragraph 69, and Case T-5/02 Laval v. Commission [2002] ECR II-4381, paragraph 98 et seq.).

20. The category of other confidential information also includes military secrets.

### 3.2.3 *Criteria for the acceptance of requests for confidential treatment.*

21. Information will be classified as confidential where the person or undertaking in question has made a claim to this effect and such claim has been accepted by the Commission [1].

22. Claims for confidentiality must relate to information which is within the scope of the above descriptions of business secrets or other confidential information. The reasons for which information is claimed to be a business secret or other confidential information must be substantiated [2]. Confidentiality claims can normally only pertain to information obtained by the Commission from the same person or undertaking and not to information from any other source.

23. Information relating to an undertaking but which is already known outside the undertaking (in case of a group, outside the group), or outside the association to which it has been communicated by that undertaking, will not normally be considered confidential [3]. Information that has lost its commercial importance, for instance due to the passage of time, can no longer be regarded as confidential. As a general rule, the Commission presumes that information pertaining to the parties' turnover, sales, market-share data and similar information which is more than 5 years old is no longer confidential [4].

24. In proceedings under Articles 81 and 82 of the Treaty, the qualification of a piece of information as confidential is not a bar to its disclosure if such information is necessary to prove an alleged infringement ('inculpatory document') or could be necessary to exonerate a party ('exculpatory document'). In this case, the need to safeguard the rights of the defence of the parties through the provision of the widest possible access to the Commission file may outweigh the concern to protect confidential information of other parties [5]. It is for the Commission to assess whether those circumstances apply to any specific situation. This calls for an assessment of all relevant elements, including:

    — the relevance of the information in determining whether or not an infringement has been committed, and its probative value;

    — whether the information is indispensable;

    — the degree of sensitivity involved (to what extent would disclosure of the information harm the interests of the person or undertaking in question)

    — the preliminary view of the seriousness of the alleged infringement.

    Similar considerations apply to proceedings under the Merger Regulation when the disclosure of information is considered necessary by the Commission for the purpose of the procedure [6].

25. Where the Commission intends to disclose information, the person or undertaking in question shall be granted the possibility to provide a non-confidential version of the documents where that information is contained, with the same evidential value as the original documents [7].

### C. When is access to the file granted?

26. Prior to the notification of the Commission's statement of objections pursuant to the provisions mentioned in paragraph 1, the parties have no right of access to the file.

---

[1] See paragraph 40 below.
[2] See paragraph 35 below.
[3] However, business secrets or other confidential information which are given to a trade or professional association by its members do not lose their confidential nature with regard to third parties and may therefore not be passed on to complainants. Cf. Joined Cases 209 to 215 and 218/78, *Fedetab*, [1980] ECR 3125, paragraph 46.
[4] See paragraphs 35-38 below on asking undertakings to identify confidential information.
[5] Cf. Article 27(2) of Regulation (EC) No 1/2003 and Article 15(3) of the Implementing Regulation.
[6] Article 18(1) of the Merger Implementing Regulation.
[7] Cf. paragraph 42 below.

C 325/12   EN   Official Journal of the European Union   22.12.2005

1. *In antitrust proceedings under Articles 81 and 82 of the Treaty*

27. Access to the file will be granted upon request and, normally, on a single occasion, following the notification of the Commission's objections to the parties, in order to ensure the principle of equality of arms and to protect their rights of defence. As a general rule, therefore, no access will be granted to other parties' replies to the Commission's objections.

    A party will, however, be granted access to documents received after notification of the objections at later stages of the administrative procedure, where such documents may constitute new evidence — whether of an incriminating or of an exculpatory nature —, pertaining to the allegations concerning that party in the Commission's statement of objections. This is particularly the case where the Commission intends to rely on new evidence.

2. *In proceedings under the Merger Regulation*

28. In accordance with Article 18(1) and (3) of the Merger Regulation and Article 17(1) of the Merger Implementing Regulation, the notifying parties will be given access to the Commission's file upon request at every stage of the procedure following the notification of the Commission's objections up to the consultation of the Advisory Committee. In contrast, this notice does not address the possibility of the provision of documents before the Commission states its objections to undertakings under the Merger Regulation (¹).

### III. PARTICULAR QUESTIONS REGARDING COMPLAINANTS AND OTHER INVOLVED PARTIES

29. The present section relates to situations where the Commission may or has to provide access to certain documents contained in its file to the complainants in antitrust proceedings and other involved parties in merger proceedings. Irrespective of the wording used in the antitrust and merger implementing regulations (²), these two situations are distinct — in terms of scope, timing, and rights — from access to the file, as defined in the preceding section of this notice.

#### A. Provision of documents to complainants in antitrust proceedings

30. The Court of First Instance has ruled (³) that complainants do not have the same rights and guarantees as the parties under investigation. Therefore complainants cannot claim a right of access to the file as established for parties.

31. However, a complainant who, pursuant to Article 7(1) of the Implementing Regulation, has been informed of the Commission's intention to reject its complaint (⁴), may request access to the documents on which the Commission has based its provisional assessment (⁵). The complainant will be provided access to such documents on a single occasion, following the issuance of the letter informing the complainant of the Commission's intention to reject its complaint.

32. Complainants do not have a right of access to business secrets or other confidential information which the Commission has obtained in the course of its investigation (⁶).

---

(¹) This question is dealt with in the Directorate General Competition document 'DG COMP Best Practices on the conduct of EC merger control proceedings', available on the web-site of the Directorate General for Competition: http://europa.eu.int/comm/competition/index_en.html.
(²) Cf. Article 8(1) of the Implementing Regulation, which speaks about 'access to documents' to complainants and Article 17(2) of Merger Implementing Regulation which speaks about 'access to file' to other involved parties 'in so far as this is necessary for the purposes of preparing their comments'.
(³) See Case T-17/93 *Matra-Hachette SA v Commission*, [1994] ECR II-595, paragraph 34. The Court ruled that the rights of third parties, as laid down by Article 19 of the Council Regulation No 17 of 6.2.1962 (now replaced by Article 27 of Regulation (EC) No 1/2003), were limited to the right to participate in the administrative procedure.
(⁴) By means of a letter issued in accordance with Article 7(1) of the Implementing Regulation.
(⁵) Cf. Article 8(1) of the Implementing Regulation.
(⁶) Cf. Article 8(1) of the Implementing Regulation.

### B. Provision of documents to other involved parties in merger proceedings

33. In accordance with Article 17(2) of the Merger Implementing Regulation, access to the file in merger proceedings shall also be given, upon request, to other involved parties who have been informed of the objections in so far as this is necessary for the purposes of preparing their comments.

34. Such other involved parties are parties to the proposed concentration other than the notifying parties, such as the seller and the undertaking which is the target of the concentration ([1]).

## IV. PROCEDURE FOR IMPLEMENTING ACCESS TO THE FILE

### A. Preparatory procedure

35. Any person which submits information or comments in one of the situations listed hereunder, or subsequently submits further information to the Commission in the course of the same procedures, has an obligation to clearly identify any material which it considers to be confidential, giving reasons, and provide a separate non-confidential version by the date set by the Commission for making its views known ([2]):

   a) In antitrust proceedings

   — an addressee of a Commission's statement of objections making known its views on the objections ([3]);

   — a complainant making known its views on a Commission statement of objections ([4]);

   — any other natural or legal person, which applies to be heard and shows a sufficient interest, or which is invited by the Commission to express its views, making known its views in writing or at an oral hearing ([5]);

   — a complainant making known his views on a Commission letter informing him on the Commission's intention to reject the complaint ([6]).

   b) In merger proceedings

   — notifying parties or other involved parties making known their views on Commission objections adopted with a view to take a decision with regard to a request for a derogation from suspension of a concentration and which adversely affects one or more of those parties, or on a provisional decision adopted in the matter ([7]);

   — notifying parties to whom the Commission has addressed a statement of objections, other involved parties who have been informed of those objections or parties to whom the Commission has addressed objections with a view to inflict a fine or a periodic penalty payment, submitting their comments on the objections ([8]);

   — third persons who apply to be heard, or any other natural or legal person invited by the Commission to express their views, making known their views in writing or at an oral hearing ([9]);

   — any person which supplies information pursuant to Article 11 of the Merger Regulation.

---

([1]) Cf. Article 11(b) of the Merger Implementing Regulation.
([2]) Cf. Article 16(2) of the Implementing Regulation and Article 18(2) of the Merger Implementing Regulation.
([3]) pursuant to Article 10(2) of the Implementing Regulation.
([4]) pursuant to Article 6(1) of the Implementing Regulation.
([5]) pursuant to Article 13(1) and (3) of the Implementing Regulation.
([6]) pursuant to Article 7(1) of the Implementing Regulation.
([7]) Article 12 of the Merger Implementing Regulation.
([8]) Article 13 of the Merger Implementing Regulation.
([9]) pursuant to Article 16 of the Merger Implementing Regulation.

C 325/14     EN     Official Journal of the European Union     22.12.2005

36. Moreover, the Commission may require undertakings ([1]), in all cases where they produce or have produced documents, to identify the documents or parts of documents, which they consider to contain business secrets or other confidential information belonging to them, and to identify the undertakings with regard to which such documents are to be considered confidential ([2]).

37. For the purposes of quickly dealing with confidentiality claims referred to in paragraph 36 above, the Commission may set a time-limit within which the undertakings shall: (i) substantiate their claim for confidentiality with regard to each individual document or part of document; (ii) provide the Commission with a non-confidential version of the documents, in which the confidential passages are deleted ([3]). In antitrust proceedings the undertakings in question shall also provide within the said time-limit a concise description of each piece of deleted information ([4]).

38. The non-confidential versions and the descriptions of the deleted information must be established in a manner that enables any party with access to the file to determine whether the information deleted is likely to be relevant for its defence and therefore whether there are sufficient grounds to request the Commission to grant access to the information claimed to be confidential.

### B. Treatment of confidential information

39. In antitrust proceedings, if undertakings fail to comply with the provisions set out in paragraphs 35 to 37 above, the Commission may assume that the documents or statements concerned do not contain confidential information ([5]). The Commission may consequently assume that the undertaking has no objections to the disclosure of the documents or statements concerned in their entirety.

40. In both antitrust proceedings and in proceedings under the Merger Regulation, should the person or undertaking in question meet the conditions set out in paragraphs 35 to 37 above, to the extent they are applicable, the Commission will either:

— provisionally accept the claims which seem justified; or

— inform the person or undertaking in question that it does not agree with the confidentiality claim in whole or in part, where it is apparent that the claim is unjustified.

41. The Commission may reverse its provisional acceptance of the confidentiality claim in whole or in part at a later stage.

42. Where the Directorate General for Competition does not agree with the confidentiality claim from the outset or where it takes the view that the provisional acceptance of the confidentiality claim should be reversed, and thus intends to disclose information, it will grant the person or undertaking in question an opportunity to express its views. In such cases, the Directorate General for Competition will inform the person or undertaking in writing of its intention to disclose information, give its reasons and set a time-limit within which such person or undertaking may inform it in writing of its views. If, following submission of those views, a disagreement on the confidentiality claim persists, the matter will be dealt with by the Hearing Officer according to the applicable Commission terms of reference of Hearing Officers ([6]).

---

([1]) In merger proceedings the principles set out in the present and subsequent paragraphs also apply to the persons referred to in Article 3(1)(b) of Merger Regulation.
([2]) Cf. Article 16(3) of the Implementing Regulation and Article 18(3) of the Merger Implementing Regulation. This also applies to documents gathered by the Commission in an inspection pursuant to Article 13 of the Merger Regulation and Articles 20 and 21 of Regulation (EC) No 1/2003.
([3]) Cf. Article 16(3) of the Implementing Regulation and Article 18(3) of the Merger Implementing Regulation.
([4]) Cf. Article 16(3) of the Implementing Regulation.
([5]) Cf. Article 16 of the Implementing Regulation.
([6]) Cf. Article 9 of the Commission Decision of 23.5.2001 on the terms of reference of hearing officers in certain competition proceedings, OJ L 162 19.6.2001, p. 21.

43. Where there is a risk that an undertaking which is able to place very considerable economic or commercial pressure on its competitors or on its trading partners, customers or suppliers will adopt retaliatory measures against those, as a consequence of their collaboration in the investigation carried out by the Commission [1], the Commission will protect the anonymity of the authors by providing access to a non-confidential version or summary of the responses in question [2]. Requests for anonymity in such circumstances, as well as requests for anonymity according to point 81 of the Commission Notice on the handling of complaints [3] will be dealt with according to paragraphs 40 to 42 above.

### C. Provision of access to file

44. The Commission may determine that access to the file shall be granted in one of the following ways, taking due account of the technical capabilities of the parties:

— by means of a CD-ROM(s) or any other electronic data storage device as may become available in future;

— through copies of the accessible file in paper form sent to them by mail;

— by inviting them to examine the accessible file on the Commission's premises.

The Commission may choose any combination of these methods.

45. In order to facilitate access to the file, the parties will receive an enumerative list of documents setting out the content of the Commission file, as defined in paragraph 8 above.

46. Access is granted to evidence as contained in the Commission file, in its original form: the Commission is under no obligation to provide a translation of documents in the file [4].

47. If a party considers that, after having obtained access to the file, it requires knowledge of specific non-accessible information for its defence, it may submit a reasoned request to that end to the Commission. If the services of the Directorate General for Competition are not in a position to accept the request and if the party disagrees with that view, the matter will be resolved by the Hearing Officer, in accordance with the applicable terms of reference of Hearing Officers [5].

48. Access to the file in accordance with this notice is granted on the condition that the information thereby obtained may only be used for the purposes of judicial or administrative proceedings for the application of the Community competition rules at issue in the related administrative proceedings [6]. Should the information be used for a different purpose, at any point in time, with the involvement of an outside counsel, the Commission may report the incident to the bar of that counsel, with a view to disciplinary action.

49. With the exception of paragraphs 45 and 47, this section C applies equally to the grant of access to documents to complainants (in antitrust proceedings) and to other involved parties (in merger proceedings).

---

[1] Cf. paragraph 19 above.
[2] Cf. Case T-5/02, *Tetra Laval vs. Commission*, [2002] ECR II-4381, paragraph 98, 104 and 105.
[3] Commission Notice on the handling of complaints by the Commission under Articles 81 and 82 of the EC Treaty, OJ C 101, 27.4.2004, p. 65.
[4] Cf. Case T-25/95 et al. *Cimenteries*, paragraph 635.
[5] Cf. Article 8 of the Commission Decision of 23.5.2001 on the terms of reference of hearing officers in certain competition proceedings, OJ L 162, 19.6.2001, p. 21.
[6] Cf. Articles 15(4) and 8(2) of the Implementing Regulation, respectively, and Article 17(4) of the Merger Implementing Regulation.