1   JAMES N. PENROD (State Bar No.: 43030)
    MORGAN, LEWIS & BOCKIUS LLP
2   One Market, Spear Tower
    San Francisco, CA 94105
3   Telephone:    415.442.1000
    Facsimile:    415.442.1001
4   email:  jpenrod@morganlewis.com

5

    Attorneys for SUN MICROSYSTEMS, INC.,
6   MORGAN, LEWIS & BOCKIUS LLP, AND MAKING
    A SPECIAL APPEARANCE FOR JEFFREY
7   KINGSTON, WHO HAS NOT BEEN SERVED

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12
    In re Application of Microsoft Corp.
13                                          Case No. 06-80038 JF (PVT)

14
                                            **RESPONSE OF SUN MICROSYSTEMS**
15                                          **INC., MORGAN, LEWIS & BOCKIUS**
                                            **AND, BY SPECIAL APPEARANCE,**
16                                          **JEFFREY KINGSTON, TO MICROSOFT**
                                            **CORPORATION'S OBJECTIONS TO**
17                                          **MAGISTRATE'S ORDER**

18                                          Date:      To Be Set
                                            Time:      To Be Set
19                                          Before:    Honorable Jeremy Fogel
                                            Place:     To Be Set
20
                                            Complaint Filed:   N/A
21                                          Trial Date:        N/A

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dockets.Justia.com

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT ............................................................................................................... 2

    A.    BECAUSE THE EUROPEAN COMMISSION HAS JURISDICTION OVER SUN AND CAN ORDER PRODUCTION OF THE DOCUMENTS MICROSOFT SEEKS HERE, THE INTEL DECISION INDICATES THAT THIS COURT SHOULD NOT ALLOW THE USE OF SECTION 1782 IN THIS CASE ........................................................................................ 2

        1.    MICROSOFT'S CURRENT POSITION AS OF APRIL 3, 2006.............. 2

        2.    THE COMMISSION DOES HAVE THE POWER TO ORDER THE PRODUCTION OF THESE DOCUMENTS .................................... 2

        3.    MICROSOFT'S EVEN NEWER POSITION AS OF APRIL 12, 2006 ......................................................................................................... 3

        4.    THE COMMISSION DOES HAVE JURISDICTION OVER SUN .......... 6

        5.    THE DOCUMENTS MICROSOFT SEEKS ARE AVAILABLE IN EUROPE ....................................................................................... 6

        6.    THE EUROPEAN COMMISSION'S PROCEDURES PROVIDE A MEANS FOR MICROSOFT TO OBTAIN THESE DOCUMENTS IN THAT PROCEEDING, ASSUMING THE COMMISSION IS ASKED FOR THEM, AND AGREES, AND ORDERS THE DISCOVERY ............................................................... 7

        7.    THE INTEL DECISION HOLDS THAT SECTION 1782 SHOULD NOT BE USED IN THESE CIRCUMSTANCES ................... 9

    B.    THE EUROPEAN COMMISSION IS UNEQUIVOCALLY OPPOSED TO THIS PROCEEDING AND THE INTEL DECISION AGAIN INDICATES THIS COURT SHOULD NOT ALLOW THIS DISCOVERY UNDER SECTION 1782 ................................................................ 10

    C.    MICROSOFT OPENLY ADMITS THAT IT IS SEEKING TO CIRCUMVENT THE RULINGS OF THE EUROPEAN COMMISSION -- THE COMMISSION AGREES AND STRONGLY OPPOSES THIS CIRCUMVENTION OF ITS RULINGS AND PROCEDURES ........................ 11

    D.    THE COMMISSION'S RULES ARE REASONABLE AND BALANCE THE RIGHTS OF ALL PARTIES AND THE COMMISSION'S INVESTIGATIVE PROCESSES, AND THIS COURT SHOULD NOT UPSET THAT BALANCE ................................................................................... 13

    E.    MICROSOFT'S ATTEMPTS TO DISTINGUISH THE INTEL DECISION ARE STRAINED AND ILLOGICAL ............................................. 14

        1.    THE SUPREME COURT WAS MAKING BROAD POLICY STATEMENTS IN THE INTEL DECISION ...................................... 14

        2.    MICROSOFT'S RELIANCE ON THE EUROPMEPA CASE IS MISLEADING .............................................................................. 14

        3.    MICROSOFT'S ANALYSIS OF THE LEGISLATIVE HISTORY OF SECTION 1782 IS ILLOGICAL ...................................... 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                            i.                      Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1

**TABLE OF CONTENTS**
**(continued)**

2
                                                                                              **Page**

3          4.    MICROSOFT CREATES STRAW MEN TO DEFLECT THE
                 COURT FROM THE OBVIOUS CONTROLLING EFFECT OF
4                THE INTEL DECISION IN THIS CASE ................................................. 16

5          5.    THE INTEL DECISION IS CONTROLLING AND MANDATES
                 THAT THIS COURT SHOULD UPHOLD THE ORDER OF THE
6                MAGISTRATE ........................................................................................ 17

III.    CONCLUSION ........................................................................................................ 17

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1-SF/7360025.1                                    ii.                          Case No. 06-80038 JF (PVT)

RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

# TABLE OF AUTHORITIES

Page

## CASES

Case 107/82 *AEG-Telefunken AG v. Commission*
(1983) ECR 3151 .............................................................................................. 13

Case 374/87, *Orkem v. Commission*
(1989) ECR 3283 ................................................................................................ 3

Case C-310/93 *P BPB Industries and British Gypsum v. Commission*
(1995) I-865 ...................................................................................................... 13

*Hoffman LaRoche v. Empagran S.A.*,
542 U.S. 155 (2004) .......................................................................................... 11

*In re Application of Europmepa S.A.*
51 F. 3d 1095 (2d Cir. 1995) ............................................................................. 14

*Intel Corporation v. Advance Micro Devices*,
542 U.S. 155 (2004) .................................................................................... passim

## STATUTES

28 U.S.C. Section 1782 ............................................................................................ passim

## OTHER AUTHORITIES

V. Korah, An Introductory Guide to EC Competition Law and Practice 221–24
(2004) ................................................................................................................. 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

## I.    INTRODUCTION

Microsoft Corporation ("Microsoft") is asking this Court—on a hurry up basis—to educate itself about the complexities of the European Union's competition law enforcement system, procedures and rules—which are different from ours in the United States—and to inject itself into the middle of a large, complex antitrust proceeding that has been going on for years. Microsoft is also asking this Court to either preempt a ruling that Microsoft has already sought before the Commission of the European Communities ("Commission" or "European Commission") or to reverse the decision of the European Commission, in effect, replacing the European Courts of Appeal ("The Court of First Instance" and the "European Court of Justice") with this trial Court in the United States.

In the process of pushing this Court, and other Courts, to a quick decision, Microsoft has also misstated the law and misled this Court, as well as the other Courts, as to the powers of the European Commission. Microsoft has now openly admitted and apologized to the Court in Boston, Massachusetts for what it calls its "good faith mistake," which led to the wrong and absolutely incorrect and misleading argument before the Court in Boston (as well as this Court) that the European Commission did not have the power to order the discovery Microsoft is requesting here. As a result of this, and the fact the European Commission has formally opposed the subpoena of Novell, Inc. ("Novell") in Boston, the Federal Judge in Boston has just granted the motion to quash filed by Novell today—April 17, 2006.

Up until Microsoft admitted this "mistake," of course, the argument it was "mistaken" about—that the Commission did not have the power to obtain the documents it seeks here—was the lynchpin of its 28 U.S.C. Section 1782 ("Section 1782") Application. Microsoft has now abandoned that argument—as it had to—because it was unquestionably wrong and misleading. Microsoft had not choice but to retool its position, yet again, by relying on one remaining claim— that it has no way of obtaining the documents it seeks here. This last remaining argument is equally and demonstrably wrong. The truth is, Microsoft has never availed itself of the established Commission procedures for obtaining these documents—procedures that have been in place for many years.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                    1.                    Case No. 06-80038 JF (PVT)

RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1    This Section 1782 Application is part of Microsoft's very public attack on the European

2    Commission and its procedures.  This Court should not allow itself to be used as a foil in

3    Microsoft's campaign to avoid its obligations to correct serious antitrust violations under

4    European Community competition laws.[1]

5    **II.    ARGUMENT**

6    **A.    BECAUSE THE EUROPEAN COMMISSION HAS JURISDICTION OVER**
     **SUN AND CAN ORDER PRODUCTION OF THE DOCUMENTS**
7    **MICROSOFT SEEKS HERE, THE *INTEL* DECISION INDICATES THAT**
     **THIS COURT SHOULD NOT ALLOW THE USE OF SECTION 1782 IN**
8    **THIS CASE**

9    **1.    MICROSOFT'S CURRENT POSITION AS OF APRIL 3, 2006**

10    Microsoft's position under 28 U.S.C. Section 1782 ("Section 1782") has transformed—

11    chameleon-like—over the past few weeks, from a shotgun blunderbuss, into Microsoft's present

12    claim that it seeks only documents that are not in the European Commission's file.  Microsoft

13    claims that the "Commission's procedures offer no way for Microsoft or the Commission to

14    compel" their production by way of document requests because the Commission lacks

15    jurisdiction over Sun and because the documents are unavailable in Europe.  *See* Microsoft's

16    Objections to Magistrate's Order ("MS Objections"), Page 12, line 14, Page 13, line 8, and Page

17    9, line 27.  Every one of these arguments is incorrect.

18    **2.    THE COMMISSION DOES HAVE THE POWER TO ORDER THE**
     **PRODUCTION OF THESE DOCUMENTS**
19

20    In clear opposition to these unsupported and repetitive claims by Microsoft, the European

21    commission **does have the power to order production of the documents sought here**.  The

22    Commission states that it has this power unequivocally in its Amicus Brief filed in the district

23    Court in Boston. (*See* Memorandum of the Commission of the European Communities in Support

---

[1]  In the interest of saving time space and too much duplication, Sun Microsystems, Inc. ("Sun") wishes to
adopt and incorporate by reference its Memorandum of Points and Authorities in Support of its Motion to
Quash the Microsoft Subpoenas filed with Magistrate Trumbull and supporting declarations ("Sun Motion
to Quash.") and the Memorandum of Points and Authorities of Oracle Corporation ("Oracle")and
supporting declarations in Support of its Motion to Quash Microsoft's Subpoenas to the Oracle parties.
("Oracle Motion to Quash") Those pleadings explain the structure and procedures of the European
Commission as well as the history of the Microsoft case and the current subpoenas. They also discuss the
leading Supreme Court decision on Section 1782, *Intel Corporation v. Advance Micro Devices*, 542 U.S.
155 (2004) ("Intel").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                                                2.                        Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1  of Novell, Inc.'s Motion to Quash, Exhibit A to Supplemental Declaration of James N. Penrod

2  ("Penrod Supp. Decl."), ¶ 10 ("EC Amicus Brief"); *See* Articles 15, 18, 19 and 20 of Council

3  regulation (EC) No 1/2003, Attached to  EC Amicus Brief as their Exhibit B ("Regulation

4  1/2003").  The Commission points out that it has very broad powers and that it exercises them

5  "very frequently" and imposes heavy fines for non-compliance. *Id.*

6      In clear opposition to the unsupported statements of Microsoft, to the contrary, the

7  European Commission **does have the authority to issue document requests and does so**

8  **frequently**. Moreover, **"it has all the necessary powers to obtain the documents and**

9  **information"** and it **"has, in fact, exercised them in this case."**  EC Amicus brief at 17; *See*

10  Declaration of Jeffrey Kingston is Support of this Response to Microsoft's Objections ("Kingston

11  Supp. Decl.").  The Commission also states that it has used these powers against the interested

12  third parties, such as Sun, in the pending proceeding in Europe against Microsoft.  *See* EC

13  Amicus Brief at 11.  Indeed, it would be a strange legal system that allowed the "dawn raids"

14  Microsoft discusses, but did not allow simple document requests or subpoenas.

15      **3.      MICROSOFT'S EVEN NEWER POSITION AS OF APRIL 12, 2006**

16      Microsoft has belatedly admitted that the Commission can issue document requests after

17  its mischaracterizations before the Federal Judge in Boston were exposed by Novell.  *See*

18  Response of Novell to (1) Microsoft's Response to Memorandum of the Commission of the

19  European Communities and (2) Microsoft's Supplemental Statement, Penrod Supp. Decl., Exhibit

20  D ("Novell Response to MS") and Microsoft's Reply to Response of Novell Inc., Penrod Supp.

21  Decl., Exhibit F ("MS Reply to Novell").

22      Novell pointedly told the Boston Court that Microsoft had blatantly misstated the powers

23  of the Commission to issue document requests and that such power had been established law for

24  many years.  *See* EC Amicus Brief at 10 and Novell Response to MS at 1–2.  Novell pointed out

25  that the European Court of Justice ruled as early as 1989 that the power to request information is

26  independent from the procedure for inspections of company premises, and that it includes the

27  power to require the disclosure of documents. S*ee* Article 14 of Regulation 17 (now Article 20 of

28  Regulation 1/2003); Case 374/87, *Orkem v. Commission*, (1989) ECR 3283 , ¶¶ 14, 34, attached

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                3.                Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1    to Novell Response to MS as their Exhibit A.

2    Novell also noted that Microsoft's mischaracterization of applicable precedent was also

3    surprising in light of the fact that the authority Microsoft cites for the proposition that the

4    information the Commission can gather under Article 18 takes the form of written requests and

5    written responses, analogous to interrogatories in American proceedings, rather than the

6    document requests that Microsoft has posed here, **in fact makes no such comparison**.  On the

7    contrary, **it explicitly discusses the Commission's power to require the production of**

8    **documents**. *See* V. Korah, An Introductory Guide to EC Competition Law and Practice 221–24

9    (2004), excerpt attached as Exhibit E to Novell Response to MS (*See* Penrod Supp. Decl., Exhibit

10   D).

11   Microsoft  plead guilty to this accusation of misstating the powers of the Commission in

12   its Reply and said **"[t]he response filed by Novell on April 11 points out that the European**

13   **Commission does have the authority to request documents from third parties such as Novell**

14   **under Article 18 of regulation 1/2003.  Novell is correct.  We apologize for any**

15   **inconvenience this good faith mistake concerning EC procedural law may have caused the**

16   **Court."**  It is difficult to understand how a "mistake" of this magnitude could occur considering

17   the fact Microsoft has experienced counsel in Brussels.  The use of the word "inconvenience"

18   could also qualify as the understatement of the year.  This "inconvenience," of course, was the

19   major foundation of Microsoft's position both here and in Boston and it was the major foundation

20   of the Judge's tentative conclusions in Boston—namely that he was doing something the

21   Commission could not accomplish.[2]

22   Presumably, this admission of serious error in its characterization of European

23   Commission law will lead Microsoft to withdraw its equally erroneous and incorrect statements in

---

[2] Microsoft seems to be asking this Court to consider the Transcript of a tentative opinion by the Boston
Judge as a decision with some sort of binding precedence in this Court and, at the same time, accuses the
Magistrate of "refusing to consider it." Microsoft Objections p.12 lines 1-4. First, it is not a decision;
second, it would not be binding on this Court even if it was; and third, filing it after the hearing without
leave of court was a blatant violation of the local rules. For all these reasons, the Magistrate acted well
within her discretion not to allow it to be filed. This of course was before Microsoft admitted it had gotten
the Judge in Boston to reach his tentative conclusions as a result of clear and incorrect  misrepresentations
about the Commission's powers in Europe.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                                4.                         Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1  its Objections filed with this Court.  Microsoft claims that the Hearing Officer, in a letter to

2  Microsoft on February 8, 2006, *see* Exhibit G to Declaration of Thomas W. Burt in Support of *Ex*

3  *Parte* Application for Order of Discovery Pursuant to 28 U.S.C. Section 1782 ("Burt

4  Declaration"), "effectively" took the position that she had no power to compel the production of

5  documents that were not in the Commission's file.  *See* MS Objections at 6, lines 1–8.  Microsoft

6  has relied heavily on the statement of the Massachusetts District Court to the effect that the

7  "Hearing Officer and the commission have no power to order Novell (or Sun or Oracle) to

8  disclose relevant documents…"  *See* Microsoft Objections at 13, lines 5-8.   First, the Hearing

9  Officer makes no such statement in the letter, which is why Microsoft uses the conclusory word

10 "effectively."  Second, the statement is completely wrong and incorrect as the Commission has

11 told us in its Amicus Brief and as Microsoft has admitted in its Reply to the response of Novell.

12 The same is true of its heavy reliance on the comments of the District Judge in Boston, which

13 were induced by, and based on, the completely incorrect and misleading statements made by

14 Microsoft about the powers of the Commission.

15      Having admitted to a major misrepresentation to the Court, Microsoft then ignores this

16 gaping hole in its arguments and blithely goes forward by again transforming their claim. As it

17 had no choice, Microsoft simply drops the argument that the Commission cannot request and

18 order production of these documents and reduces the matter to what it now calls "the central

19 issue," which it says is that "Microsoft has no ability under Commission procedures to obtain

20 documents Novell[3] has in its possession."  See MS Reply to Novell, Penrod Supp. Decl., Exhibit

21 F at. 1).[4]  This statement is as equally incorrect as all the others.

22 _____
[3] And as applied here, Sun and Oracle.

23 [4] The Commission has now filed a Reply Memorandum of the European Communities in Support of
24 Novell, Inc.'s Motion to Quash Attached to the Supplemental Declaration of James N. Penrod as Ex. 6
   ("EC Reply Amicus Brief") and describes Microsoft's argument's newest metamorphosis this way: "Until
25 its most recent filing, the foundation of Microsoft's petition under 28 U.S.C. 1782 was Microsoft's
   mistaken premise that the commission is powerless to obtain the third party documents that Microsoft
26 seeks through its subpoena. Microsoft now concedes that it was mistaken. As a result, Microsoft now
   shifts its argument and asserts that, despite the Commission's clear authority to request the documents
27 Microsoft seeks, Microsoft nonetheless requires the intervention of the United States Courts because
   Microsoft *itself* does not have the ability unilaterally too obtain documents from Novell, or to compel the
28 Commission to do so." EC Reply Brief p.1-2.

RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

#### 4.    THE COMMISSION DOES HAVE JURISDICTION OVER SUN

In clear opposition to Microsoft's unsupported statements to the contrary (MS Objections at 19, lines 13–17), the Commission **does have jurisdiction over Sun**.  The Commission says this unequivocally in its Amicus Brief in the Novell proceeding in Boston.  There, the Commission stated that Novell does not need to be a party to be subject to its jurisdiction, *See* EC Amicus Brief at 11. (This appears to be similar to an American company being subject to DOJ information gathering powers).  Sun does business in the European Community.  Sun was the original complainant and it is an "interested third party, "like Novell, subject to the Commission's jurisdiction.  Sun has also acknowledged that it is subject to the Commission's jurisdiction.  *See* Declaration of Jeffrey S. Kingston in Support of Sun Motion to Quash ("Kingston Declaration"), ¶ 4.  The Commission states unequivocally that **"the Commission has all the power to request any information from Novell or any other third company at any time that is relevant to the proceedings in the Microsoft case."**  *See* EC Amicus Brief at 11.

Because the Commission has jurisdiction over Sun, it can request the documents Microsoft seeks here from Sun and order their production.  Thus, the tentative conclusions Microsoft was able to convince the Court in Boston to reach, "the Hearing Officer and the Commission have no power to order Novell (or Sun or Oracle) to disclose" and "the Commission has no procedures for obtaining documents that are exclusively in the control of Novell" were clearly in error.  *See* MS Objections to Magistrate's Order at 13, citing the Massachusetts court's transcript.  That error was invited by Microsoft's misstatements about the powers of the Commission—misstatements Microsoft now abandons with little comment.

#### 5.    THE DOCUMENTS MICROSOFT SEEKS ARE AVAILABLE IN EUROPE

In clear opposition to the unsupported statements of Microsoft, the documents it seeks are either in the Brussels office of Morgan, Lewis & Bockius LLP ("Morgan Lewis") or subject to control for production from that office and, therefore, are available to be produced in Europe.  *See* Kingston Supp. Decl. ¶ 4.

RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

6.    **THE EUROPEAN COMMISSION'S PROCEDURES PROVIDE A MEANS FOR MICROSOFT TO OBTAIN THESE DOCUMENTS IN THAT PROCEEDING, ASSUMING THE COMMISSION IS ASKED FOR THEM, AND AGREES, AND ORDERS THE DISCOVERY**

Microsoft is well versed in the European Commission's procedures for obtaining discovery of documents it deems necessary for its defense. The Commission's procedures are less formal, but not very different than the procedures in the United States. **Microsoft only has to ask for them** (by way of letter to the Hearing Officer). If the Hearing Officer and the Commission agree, they can order production of the documents and give them to Microsoft. If they disagree, the Commission denies the request and Microsoft has a right to appeal such decisions—just like in the United States. The point Microsoft seems not to understand is that the appeal is in Europe—it is not an appeal to the District Court in the Northern District of California. The Commission makes this point in its Amicus Brief when it tells the Boston court that **"[i]t is for the Community judiciary to finally establish whether a document which was not disclosed might have influenced the course of the proceedings and the content of the commission's decision. Therefore, a discovery order by a United States federal court granting access to documents which the commission has not granted access would risk interfering seriously with the above mentioned review by the European courts concerning the rights of defense and, thus, is likely to circumvent well-established domestic rules on judicial review in the European community."** *See* EC Amicus brief at 16–17. This is no different than what this Court would expect if it upheld a discovery ruling of a Federal Magistrate. This Court would expect that discovery ruling to be appealed to the Ninth Circuit—not to a trial court in France, Germany, or the European Commission in Brussels.

Without going through the history in detail, if this Court reviews the voluminous documents now in this file, it will see that on several occasions Microsoft has asked the Hearing Officer for documents that it did not have, and Microsoft has been given many documents after asking for them. Sun and the other interested third parties have even waived privileges in some instances to allow this to happen. *See* Letters between Microsoft and the Hearing Officer attached to the Burt Declaration supporting the *Ex Parte* Application, Exhibits C, D, E, F, G, and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                    7.                    Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1    N and the Supplemental Declaration of Joshua D. Wolson in support of MS Objections, Exhibits

2    B and C.

3        Microsoft tells this Court that it has made "repeated efforts to obtain through the

4    Commission's procedures" the documents it seeks here.  *See* Microsoft Objections at 5, lines 17–

5    19.  Nowhere does Microsoft refer this Court to such a request.  We don't claim to be perfect, but

6    our review of all the letters and other correspondence between Microsoft and the Hearing Officer

7    and the Commission has not revealed a specific request for the communications between Sun

8    (and the other interested third parties) and the Trustee and OTR that are not in the Commission's

9    file or that are solely in Sun's or its counsel's possession.  Such a request may be in the high stack

10   of paper this matter has generated, so it is possible we have missed it.

11       If we did miss it, so did the Commission.  In its Reply Amicus Brief, the Commission

12   states that Microsoft's evolving position on documents not in the Commission's file are based on

13   misunderstandings of the law of the European Community.  *See* EC Reply Amicus Brief at 2.

14   The Commission points out that now that Microsoft is apparently satisfied that it has all the

15   documents it seeks in the Commission's file, it is now focused on documents not in the

16   Commission's file, but "**unlike the documents in the Commission's file, Microsoft did not**

17   **first seek these documents through established Commission procedure but, instead, argued**

18   **to this Court that the commission lacked power to obtain documents from third parties.**" *Id*.

19   at 2.  The Commission goes on to say that "[h]ad Microsoft followed this procedure (instead of

20   opting to seek the assistance of this court), the Commission would have been able to exercise

21   appropriately its discretion, balancing the needs of the requesting party and the interests of the

22   third party in a manner consistent with the laws and public policy of the European Community…"

23   *Id*. at 3.  The Commission points out that Microsoft simply ignores the fact the European

24   procedure grants a right of appeal to two higher courts if the Commission rules against it.  The

25   Commission's view is that "[i]t is the province of the European courts, not the United States

26   courts, to balance Microsoft's rights as a defendant against the limitations on proof gathering that

27   are a matter of legal and public policy of the European Community."  *Id*. at 3.

28       Although Microsoft must fail here for the simple reason that it never even tried to obtain

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                                    8.                        Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1   these documents through the established Commission procedures, even if Microsoft had actually

2   asked for these documents from the Commission, it doesn't matter for purposes of this Court's

3   decision here.  Microsoft's Objections seem to be making up the fact they made such a request,

4   but even if they had, this Court could only be left with two possibilities: (1) that this phantom

5   request is still pending before the Commission or (2) that the Commission has ruled against

6   Microsoft on the request.  In either case, it would be serious error for a United States District

7   Court to jump into the middle of the European proceeding and either order discovery that

8   Microsoft has never asked for in Europe, or preempt or reverse a decision of the Commission

9   concerning an identical discovery request in Europe in the face of clear opposition by the

10  Commission.  The Federal Court in Boston has reached this conclusion and issued a

11  Memorandum and Order today, April 17, 2006, granting Novell's motion to quash an almost

12  identical subpoena to the subpoena in issue before this Court. *See* Memorandum and Order of the

13  United States District Court, District of Massachusetts, April 17, 2006, attached as Exhibit G to

14  Penrod Supp. Decl.

15  ### 7.    THE *INTEL* DECISION HOLDS THAT SECTION 1782 SHOULD NOT BE USED IN THESE CIRCUMSTANCES

16

17          The third prong of the factors to consider set forth in the *Intel* case provide that, if the

18  party from whom discovery was sought was subject to the jurisdiction of the foreign tribunal, it

19  would not be appropriate to allow the use of Section 1782 in the Unites States.  The reasons are

20  fairly obvious.  First, it is unnecessary and, second, it is best left to the decision of the tribunal

21  that is in charge of the proceeding in the foreign country.  Indeed, the Commission has told the

22  Court in Boston that **"permitting Microsoft to enforce the subpoena in the face of the**

23  **Commission's stated opposition would undermine the very purpose of 28 U.S.C. Section**

24  **1782 by interfering with, rather than assisting, a foreign proceeding."**  EC Reply Amicus

25  Brief at 5.  The above facts—that the Commission does have jurisdiction over Sun, there are

26  procedures that Microsoft could exercise to request the documents before the Commission, the

27  Commission can order the production of the documents, and the documents can be produced in

28  Europe—should be dispositive of this matter without further analysis and the Magistrate's Order

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                                9.                      Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1    should be affirmed.

2        **B.    THE EUROPEAN COMMISSION IS UNEQUIVOCALLY OPPOSED TO
              THIS PROCEEDING AND THE *INTEL* DECISION AGAIN INDICATES
3            THIS COURT SHOULD NOT ALLOW THIS DISCOVERY UNDER
              SECTION 1782**

4            Microsoft is asking this Court to blindly ignore the clear and unambiguous opposition of

5    the European Commission to this proceeding in the United States.  The letter filed before

6    Magistrate Trumbull, below, states that Microsoft is fully protected by the Commission's

7    procedures and that granting this Section 1782 Application would be **"unduly intrusive and**

8    **totally at odds with the European rules on access to file."** The Commission also states that it

9    would **"seriously hamper the work of the Commission"** and "**seriously harm the**

10   **Commission's investigatory process."**  *See* Letter from the DG Competition , Declaration of

11   James N. Penrod, Exhibit A , at 24–27 ("Commission Letter").

12           Microsoft, taking advantage of the differences between the inquisitorial system and our

13   adversary system,[5] managed to convince the Judge in Boston that the Commission Letter was

14   actually from the "prosecutor" and not the Commission.  The Judge in Boston tentatively

15   concluded that he had not actually heard from the Commission itself and he asked the

16   Commission to come over and state its views—and it did.  The Commission has since filed its

17   Amicus Brief and its Reply Amicus Brief in Boston, and the Commission—not the DG

18   Competition—has told the Judge in Boston that, among other things,  the Commission is "**not**

19   **receptive** " to this discovery (EC Amicus Brief at 1) and that the use of Section 1782 in these

20   circumstances "**raises serious issues of law and policy**," (EC Amicus Brief at 4) that it will be

21   "**affirmatively harmful to the Commission's sovereign interests**"(EC Amicus Brief at 14), that

22   it would **"contravene principles of international comity"** (EC Amicus Brief at 1) and that

23   **"permitting the discovery requested by Microsoft would be a serious risk of contravening**

24   **principles of international comity by interfering with law enforcement and sovereign policy**

25   **choices in the handling of law proceedings in the European community."** (EC Amicus Brief

26   p. 17).

27   _____
     [5] Magistrate Trumbull understood and discussed these differences.

28

1    The Commission also states that granting Section 1782 requests such as Microsoft's

2    **"would seriously compromise the Commission's powers of investigation and competition**

3    **law enforcement."** (EC Amicus Brief at 14) and that this use if section 1782 risks **"subversion**

4    **of the regulatory limits on an antitrust defendant's access to file"**—limits that **"are lawfully**

5    **imposed by the European Community, in the exercise of its sovereign regulatory powers in**

6    **its territory pursuant to the public interest."** (EC Amicus Brief at 15).  In its Reply Amicus

7    Brief, the Commission reiterates several of these points and notes that the Commission "neither

8    requires nor wants the assistance of the United States Courts in this matter" and that "[a]s

9    Microsoft now admits, the Commission has the authority to obtain the requested documents and

10   exercises that authority as appropriate to maintain control of the proof-gathering practices in

11   matters before it" and that its opposition to the use of Section 1782 here deserves "substantial

12   deference" under *Intel* and other cases.  *See* EC Reply Amicus Brief at 4–5.

13   Although Microsoft seems to miss the point, it is hard to imagine how the Commission

14   could express its opposition to this proceeding any more clearly.

15   The fact the Commission is unalterably opposed to this use of Section 1782 should be

16   dispositive of this matter with no further analysis under the first factor of the *Intel* decision.  That

17   factor requires this Court to consider the attitude and receptiveness of the foreign tribunal to the

18   use of Section 1782.  To override the Commission's open and clear opposition would be a shock

19   to principles of international comity—principles to which the Supreme Court has become more

20   sensitive[6] and which the Supreme Court discussed in the *Intel* decision.

21   **C.    MICROSOFT OPENLY ADMITS THAT IT IS SEEKING TO**
     **CIRCUMVENT THE RULINGS OF THE EUROPEAN COMMISSION --**
22   **THE COMMISSION AGREES AND STRONGLY OPPOSES THIS**
     **CIRCUMVENTION OF ITS RULINGS AND PROCEDURES**
23
24   Microsoft's Associate General Counsel, when he publicly announced Microsoft's new

25   strategy of attacking the Commission and its procedures, openly admitted that Microsoft is

26   coming to the United States to circumvent the Commission and to a more favorable ruling.  He

27   said "[o]ur repeated requests to the European Commission for full and fair file access have not

[6] *Hoffman LaRoche v. Empagran S.A.*, 542 U.S. 155 (2004).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                11.                    Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1    been successful, so we are now turning to the U. S. Courts for assistance." *See* Yates Declaration

2    in Support of Oracle's Motion to Quash, Exhibit 18 ("Yates Declaration").

3        The Commission, in the Letter to this court and in its Amicus Brief in Boston, agrees that

4    this is what Microsoft is doing.  In the Letter to this Court, the Commission said that Microsoft's

5    attempt to use Section 1782 here is "**an attempt to circumvent established rules on access to**

6    **file in proceedings before the commission**," and such a request would **"circumvent and**

7    **undermine**" the European Rules on access to file.  *See* Commission Letter ¶¶ 23, 24–25.  In the

8    Amicus Brief the Commission filed in the Federal Court in Boston, the Commission says that it

9    **"believes that enforcement of Microsoft's subpoena would pose a serious risk that the**

10   **commission's rules and procedures concerning competition law enforcement would be**

11   **circumvented"** (EC Amicus Brief at 1) and that **"Microsoft's discovery request under 28**

12   **U.S.C. Section 1782(a) is seen rather as an attempt to circumvent established rules on access**

13   **to file in proceedings before the commission**" (EC Amicus brief at 10).  The Commission sees

14   this as an attempted **"subversion of the regulatory limits on an antitrust defendant's access to**

15   **file"**—limits that **"are lawfully imposed by the European Community, in the exercise of its**

16   **sovereign regulatory powers in its territory and pursuant to the public interest**.  *See* EC

17   Amicus Brief at 15.

18       In its reply Amicus Brief, the Commission elaborates on many of these points. The

19   Commission notes that **"[i]f Microsoft were to avail itself of the Commission's procedure and**

20   **ask the Commission to obtain the documents it now seeks, the commission would consider,**

21   **under the law of the European Community, whether the probative value of the requested**

22   **documents is sufficient to justify the costs – both to the Commission and the producing**

23   **third party – of obtaining them. This Court should not by enforcing Microsoft's subpoena**

24   **usurp the authority of the Commission (and of the European courts reviewing the**

25   **Commission's decision) to make that judgment."**  EC Reply Amicus Brief at 6.

26       Again, on the basis of these facts alone, the Magistrate's Order granting Sun's Motion to

27   Quash should be upheld under the second factor to consider from *Intel* which told the lower

28   courts not to allow Section 1782 to be used as a veiled attempt to circumvent rulings in the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                                12.                    Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1    foreign tribunal.  Microsoft admits, and the Commission agrees, that this is the very kind of end-

2    run *Intel* warned against.

3        **D.**       **THE COMMISSION'S RULES ARE REASONABLE AND BALANCE THE RIGHTS OF ALL PARTIES AND THE COMMISSION'S INVESTIGATIVE PROCESSES, AND THIS COURT SHOULD NOT UPSET THAT BALANCE**

4

5

6          Now that Microsoft agrees that the Commission has the power to compel production of

7    the documents, this Court should not exercise its discretion in a way that would upset the balance

8    that the Commission's rules strike between the party under investigation, third parties and the

9    Commission's own investigatory processes.  For example, the European Court of Justice has held

10    that a party under investigation that holds a dominant market position might retaliate against

11    entities that have cooperated with an investigation by the Commission.  Microsoft agreed in the

12    underlying case that it held a dominant position in the supply of operating systems that run on

13    personal computers. *See* Recital 429 of the March 2004 Decision attached as Ex G to the Novell

14    Response to MS; Penrod Supp. Decl., Exhibit D.

15          Microsoft was also found to hold a dominant position in the market for work group server

16    operating systems.  *Id*. at Recital 541.  This danger is carefully considered and balanced with

17    other rights of the parties by the Commission and is discussed in the applicable notice on access

18    to file (E.G., ¶ 19), that Microsoft submitted as Exhibit O to the Burt Declaration as well as by

19    European Community case law.  *See* Case C-310/93 *P BPB Industries and British Gypsum v.*

20    *Commission* (1995) I-865, ¶¶ 26–27, attached as Exhibit F to the Novell Response to MS

21    (attached to the Penrod Supp. Decl., Exhibit D).  If a third party communicates with the

22    Commission in confidence, the Commission can make a decision whether to protect that

23    confidentiality or not.  In either case, this Court should not circumvent what the European

24    Community considers an essential protection that goes to the core of its investigations and

25    enforcement proceedings.  As we argued to the magistrate, in the final analysis, nothing Microsoft

26    has not been given can be used against it in the proceedings. *See* Case 107/82 *AEG-Telefunken*

27    *AG v. Commission* (1983) ECR 3151 ¶ 27; *Solvay SA v Commission* (1995) ECR II-1775 ¶¶ 81–

28    87, both submitted to the Magistrate as Exhibit D to Penrod Decl.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1          13.          Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

This is just one example of the difficulty this Court faces in enforcing a subpoena that will interfere with the sovereign policy choices made by the European Community.[7] The balance they have struck between the rights and interests of all the parties involved should be respected by this Court in accordance with principles if international comity. For these reasons, the Court should uphold the Order of Magistrate quashing the subpoena.

### E. MICROSOFT'S ATTEMPTS TO DISTINGUISH THE *INTEL* DECISION ARE STRAINED AND ILLOGICAL

#### 1. THE SUPREME COURT WAS MAKING BROAD POLICY STATEMENTS IN THE *INTEL* DECISION

With respect to the *Intel* decision, Microsoft wants to convert the Supreme Court from a general policy making court to one that always narrowly limits its decisions to the precise facts before it. *See* MS Objections at 18–19. That is not what the Supreme Court usually does. It usually sets policy. The *Intel* decision is a broad policy statement about Section 1782. Moreover, nothing in the *Intel* decision suggests that the Court was limiting the decision to its precise facts. Indeed, the Court went out of its way to explain it was not deciding the facts of the case. That was left to judge Ware in this District who—on facts strikingly similar to the facts here, involving the same European Commission—denied all discovery in light of the policy statements in the *Intel* decision. As discussed above, each of the primary policy considerations set forth in the *Intel* decision—the receptivity of the foreign tribunal, whether the party from whom discovery is sought is subject to the jurisdiction of the foreign tribunal, and whether the use of Section 1782 is a veiled attempt to circumvent the rulings or policies of the foreign tribunal—lead to the conclusion that the magistrate's Order should be upheld. *See Intel,* 541 U.S. at 264–65.

#### 2. MICROSOFT'S RELIANCE ON THE *EUROPMEPA* CASE IS MISLEADING

As it did below, Microsoft relies on *In re Application of Europmepa S.A.*, 51 F. 3d 1095 (2d Cir. 1995) as setting a general standard for Section 1782 applications. As it did below, Microsoft leaves out the most important phrase in that decision.

---

[7] It is worth noting that Microsoft's problems are not the result of the Commissions procedures. Microsoft's problems are the result of scathing reports by the very computer expert Microsoft recommended as a monitoring trustee and which Microsoft is paying to perform that function.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                    14.                    Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1   Before the Magistrate, Microsoft quoted from the *Europmepa* case for the following

2   proposition:  Section 1782's "underlying policy should generally prompt district courts to provide

3   some sort of discovery assistance."  *See* Microsoft Corporation's Consolidated Memorandum of

4   Points and Authorities in Opposition to Motions to Quash Subpoenas ("MS Consolidated

5   Opposition"), at 14.  The quoted language did not contain the customary three dots at the

6   beginning which would alert the Magistrate to the fact that they had left part of the quote out.

7   The actual quote at 51 F 3d 1105, however, reads as follows: **"Absent specific directions to the**

8   **contrary from a foreign forum**, the statutes underlying policy should generally prompt district

9   courts to provide some sort of discovery." (Emphasis added).  For purposes of this Court's

10  consideration of the *Europmepa* case on this record, dropping the first half of that quote

11  completely changes the meaning and impact of the decision.

12   This misleading maneuver was pointed out during oral argument before the Magistrate

13  during argument, so now Microsoft uses another quote from *Europmepa* which says the

14  following: Where possible, it is "far preferable for a district court to reconcile whatever

15  misgivings it may have about the impact of its participation in the foreign litigation by issuing a

16  closely tailored discovery order rather than by simply denying relief outright."  *See* Microsoft

17  Objections at 18, lines 22–25.  On the very same page of the decision, the Second Circuit

18  pointedly said that the record contained "no authoritative declarations by French judicial,

19  executive or legislative bodies objecting to foreign discovery assistance…".  *See Europmepa* 51

20  F.3d at 1101.  It is submitted again that the use of this decision without telling this Court about

21  the foundational condition the *Europmepa* court made—**"Absent specific directions to the**

22  **contrary from the foreign forum"**—is misleading and suggests the case stands for something

23  that it does not in the context of this case.

24   We mention this only to illustrate how strained Microsoft's attempts to avoid the impact

25  of the *Intel* decision are.

26   **3.     MICROSOFT'S ANALYSIS OF THE LEGISLATIVE HISTORY OF
        SECTION 1782 IS ILLOGICAL**

27   Microsoft  argued below that the legislative history of the 1964 amendments to Section

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1

15.

Case No. 06-80038 JF (PVT)

RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1  1782 reads as follows: "in exercising its discretionary power, the court may take into account the

2  nature and attitudes *of the government of the country from which the request emanates* and the

3  character of the proceedings in that country."  S. Rept 88-1950 at 7.  MS Consolidated Opposition

4  at 16, lines 3–12 (emphasis added by Microsoft).

5       Microsoft argued that this meant that the court was supposed to consider the attitude of the

6  foreign government only if that government was making the request.  First, very rudimentary

7  powers of reasoning would suggest that, if the foreign government was making the request, that

8  government must think it is a good idea.  Its attitude or receptivity would be obvious, and

9  Microsoft's interpretation would render the legislative history meaningless at best and ridiculous

10  at worst.  Secondly, the Supreme Court in *Intel* considered the same legislative history and said

11  nothing to indicate that it was reading the history in a way that limited its decision to an issue of

12  who was requesting the discovery.

13       It seems wholly unnecessary to revisit the same legislative history the Supreme Court

14  considered already when there is a well-reasoned decision of the Supreme Court that is on point.

15  If we must revisit it, however, the only reasonable way to read the legislative history is the way

16  the Supreme Court obviously read it—that this Court should consider the attitude and receptivity

17  of the country or tribunal where the proceeding that has led to the Section 1782 request is

18  pending.

19  **4.    MICROSOFT CREATES STRAW MEN TO DEFLECT THE**
20  **COURT FROM THE OBVIOUS CONTROLLING EFFECT OF THE**
     **INTEL DECISION IN THIS CASE**

21       Microsoft spent a lot of time below taking us to task for arguing that Section 1782 can be

22  used only to assist foreign tribunals and that Microsoft falls within the *Intel* decision's definition

23  of "interested party." See MS Consolidated Opposition at 1–2.   We have never said that

24  Microsoft does not have standing to be here.  This is a straw man Microsoft sets up and knocks

25  down to deflect the Court from the main factors the *Intel* Court provided for consideration here.

26  What we are saying is that Section 1782 is designed to help to obtain discovery that is otherwise

27  not available in a foreign jurisdiction, where the foreign jurisdiction is not opposed to discovery,

28  and where it is not an attempt to circumvent the foreign jurisdiction.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                              16.                    Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

### 5.    THE *INTEL* DECISION IS CONTROLLING AND MANDATES THAT THIS COURT SHOULD UPHOLD THE ORDER OF THE MAGISTRATE

Microsoft's makes these strained attempts to escape the *Intel* decision because it is obvious that Microsoft loses if the *Intel* decision is applied to these facts.  For all of the reasons stated above, the three controlling factors in the *Intel* decision should lead this Court to uphold the decision of the Magistrate.  This Court should never reach the fourth factor—the burdensomeness and intrusiveness of the subpoenas.

### III.    CONCLUSION

It seems clear what Microsoft is doing here. It does not like the decisions of the European Commission and it is coming here—and to two other Federal courts—to circumvent the Commission and in an attempt to get a decision they like.

Microsoft has chosen to do business in the European Community voluntarily subjecting itself to the European Community's courts, laws and procedures.  European companies like BMW and Alcatel choose to do business in the United States subjecting themselves to our courts, laws and procedures.  These companies do not get to run back to France or Germany or Brussels to ask their courts to change our rules and procedures.

Microsoft is asking this Court to ignore the European Commission's strong opposition to this procedure as well as the *Intel* decision and to interject itself into the middle of a large, complex and long proceeding and either preempt or reverse decisions of the European Commission.  Such a result would be in direct contravention of the Supreme Court's strong direction to consider principles of international comity in making these decisions.

It has been said that "comity" is a certain degree of trust between countries in each other's systems even though they may operate differently.  It has also been said that comity is a concept that is, and will, become more important as antitrust enforcement spreads around a shrinking world. The alternative—an international system of seriatim review by different authorities that enables opponents of a particular decision to skip around the globe until they get an answer they like—must be seen as unacceptable.  This is exactly what Microsoft is doing.

///

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                                    17.                          Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

1    For all of the foregoing reasons, this Court should affirm the Magistrate's well-reasoned

2    Order.

3

4

5    Dated:  April 17, 2006                    MORGAN, LEWIS & BOCKIUS LLP

6

7                                             By _____ /s/ _____
                                                    James N. Penrod
8                                             Attorneys for SUN MICROSYSTEMS, INC.,
                                              MORGAN, LEWIS & BOCKIUS AND MAKING
9                                             A SPECIAL APPEARANCE FOR JEFFREY
                                              KINGSTON
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7360025.1                          18.                Case No. 06-80038 JF (PVT)
RESPONSE OF SUN MICROSYSTEMS, INC., MORGAN, LEWIS & BOCKIUS LLP, AND JEFFREY
KINGSTON, TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER