Microsoft Corporation v. Ronald Alepin Morrison & Foerster et al
Case 5:06-mc-80038-JF    Document 52-5    Filed 04/17/2006    Page 1 of 7
Doc. 52 Att. 4

Exhibit B
to
SUPPLEMENTAL DECLARATION OF JAMES N. PENROD IN SUPPORT OF RESPONSE TO
MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

Exhibit B
to
SUPPLEMENTAL DECLARATION OF JAMES N. PENROD IN SUPPORT OF RESPONSE TO
MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re* | Civil Action No. 06-MBD-10061 |
| Application of | |
| | Hon. Mark L. Wolf |
| MICROSOFT CORPORATION, | |
| Applicant. | |

### MICROSOFT CORPORATION'S RESPONSE TO MEMORANDUM OF COMMISSION OF THE EUROPEAN COMMUNITIES IN SUPPORT OF NOVELL, INC.'S MOTION TO QUASH

The Memorandum filed by the European Commission ("Commission") ignores the possibility that Novell has in its possession the type of relevant documents that motivated this Court's ruling on March 28: documents which "are not reflected in the Commission's file," such as "internal memoranda of oral communications."[1] (Tr. 12.) Instead, the Commission contends that Microsoft's access, under Commission rules, to "documents making up the Commission's file, with the exception of internal documents, business secrets of other entities or other confidential information" should be enough for Microsoft's defense before the Commission. But the Commission fails to acknowledge that documents that are not – and never were – in its file may bear on various aspects of Microsoft's defense. Microsoft has no way to obtain these documents and present them to the Commission absent this Court's assistance.

Importantly, Microsoft and the Commission are in agreement about the documents to which Microsoft is and is not entitled under Commission rules. In particular,

---

[1] The Commission filed its Memorandum after filing a motion for leave to intervene. The Commission, however, has no interest in the "property or transaction which is the subject of the action," *i.e.*, the documents that Microsoft seeks from Novell. Fed. R. Civ. P. 24(a). Nor does the Commission have a claim or defense in another action in common with those in this case. Fed. R. Civ. P. 24(b). Thus, the Commission's opportunity to be heard should more properly be styled an application for leave to file as *amicus curiae*, rather than for leave to intervene.

DC: 2103151-2

Microsoft recognizes that Commission rules do not permit it to obtain "internal [to the Commission] documents, business secrets of other entities or other confidential information." (Comm. Mem. 5.) Microsoft is not seeking such documents from Novell. Instead, Microsoft is seeking documents that, if they were in the Commission's file, would have been provided to Microsoft.

In short, the Commission's Memorandum offers no concrete basis for this Court to reverse its provisional ruling and deny Microsoft the discovery that it needs for its defense before the Commission.

## ARGUMENT

### I. DOCUMENTS IN NOVELL'S POSSESSION ARE UNAVAILABLE TO MICROSOFT ABSENT THIS COURT'S ASSISTANCE.

The Commission claims that this Court need not permit Microsoft to take discovery because the Commission has the power to request "information" from Novell and other third parties. (Comm. Mem. 11-12.) The Commission's power under Article 18, however, does not extend to requiring the production of the documents that Microsoft seeks from Novell. Article 18 gives the Commission the power to require third parties to "provide all necessary information." (Comm. Mem. Ex. B, Art. 18.) The "information" that the Commission can gather under Article 18 takes the form of written requests and written responses, analogous to interrogatories in American proceedings, rather than the document requests that Microsoft has posed here. *See* V. Korah, An Introductory Guide to EC Competition Law and Practice 221-24 (discussing Article 18 procedures) (2004).[2]

---

[2] Under Article 20 of Regulation 1/2003, the Commission can carry out inspections of company premises (colloquially known as "dawn raids") and examine and obtain books and other records. The distinction between obtaining written answers under Article 18 and obtaining copies of books and records under Article 20 is confirmed by Article 23(1), which allows the Commission to impose fines for supplying "incorrect" information under Article 18, or producing books and

2

Even if the Commission did have authority to request documents from Novell, it has not identified any way for *Microsoft* to obtain such documents if Microsoft determines that it needs them to aid its defense. Instead, the Commission only requests such documents if it decides that the documents are necessary for the Commission's own purposes. The Commission has not identified any procedure under European law by which Microsoft can obtain documents through Regulation 1/2003, and there is none. Thus, Microsoft must turn to this Court for assistance to obtain documents exclusively in Novell's possession.

## II. MICROSOFT SEEKS DOCUMENTS CONSISTENT WITH THOSE THAT WOULD BE AVAILABLE TO IT UNDER COMMISSION PROCEDURES.

In its supplemental filing today, Microsoft advised the Court of a recent decision by the hearing officer and a recent production by the Commission that demonstrate that Commission procedures permit Microsoft access to communications between the Commission, OTR, or the Trustee, on the one hand, and third parties such as Novell on the other. Indeed, on at least two separate occasions, the Commission's hearing officer has determined that Microsoft is entitled to documents evidencing communications between the Commission, OTR, or the Trustee and third parties such as Novell. (Burt Decl. Ex. G (Feb. 8 letter) (submitted in support of Microsoft Application); Wolson Supp. Decl Ex. A (March 24 letter) (submitted in support of Microsoft Supplemental Statement).) The Commission recognized as much on March 28, when it provided Microsoft with "those documents exchanged between IBM, Oracle and Sun and the Trustee, which are not confidential or which are not unrelated to the subject matter of the [SO]." (Wolson Supp. Decl. Ex. B.)

---

records in incomplete form under Article 20. *See id.* at 224-28. In this case, the Commission does not assert that it has made any effort to obtain documents through an Article 20 inspection of any Novell premises within the Member States (because it has not), and in any event no such inspection could occur outside the Member States. Microsoft, moreover, has no ability to require the Commission to carry out any inspection.

3

The Commission acknowledges these procedural developments, but it nonetheless claims that Microsoft seeks to "circumvent the [Commission's] rules on access to file." (Comm. Mem. 15.) However, the Commission does not point to a single rule or decision that Microsoft's request would purportedly circumvent. Neither the Commission nor the hearing officer has said that Microsoft may not rely on documents from outside of the Commission's file for its defense, much less that such documents would be inadmissible. Nor does any decision or Commission rule prevent Microsoft from obtaining access to such documents. Microsoft's application, therefore, does not "circumvent" any Commission rule. Rather, Microsoft's request is consistent with the discovery guidelines that the hearing officer has set.

### III.   THE CONCERNS RAISED BY THE COMMISSION CAN BE ADDRESSED WITHOUT DENYING MICROSOFT'S DISCOVERY APPLICATION.

The Commission also raises three concerns characterized as "sovereign interests," none of which presents a basis to deny Microsoft's request for discovery on the facts of this case: concerns for confidentiality and privilege protections (Comm. Mem. 15-16); the Commission's limitations on the way that the documents can be used (*id.* at 16-17); and a desire to leave to the Commission and reviewing courts the decision of whether the Commission should produce specific documents (*id* at 17).

Most importantly, the Commission does not state that any of those concerns are present in this particular case.

The first two points raised by the Commission effectively express concern that the Commission's rules on privilege, confidentiality concerns, and use of documents obtained in connection with a proceeding may differ from the analogous rules in the United States. The Commission does not provide any specific examples of such differences; it simply hypothesizes that they might exist. For example, the Commission worries that third parties' confidential and

4

business secrets might be revealed in a manner inconsistent with Commission rules on confidentiality if § 1782 discovery is permitted.

Most decisively, however, the Commission has not indicated that any communications that it, the Trustee, or OTR had with Novell were confidential. Indeed, in the list of confidential documents that provided Microsoft on March 28, it did not list any from Novell. (Supp. Wolson Decl. Ex. B.) Moreover, the Commission does not point to any reason for such generic confidentiality fears on the facts of this case, where Microsoft is seeking discovery about communications by Novell concerning Microsoft's compliance with its obligations under the 2004 Decision to supply Interoperability Information. Neither Novell nor DG Comp, or now the Commission, have suggested any reason why such documents would contain business secrets of Novell.[3]

Finally, the Commission claims that its decision to grant or refuse to grant access to a document should be an internal European decision, and the European judiciary should be entrusted with review of that decision. (Comm. Mem. 17.) Microsoft agrees. However, that concern is wholly inapplicable here. The Commission has not denied Microsoft access to the documents that it seeks from Novell because the Commission does not have those documents. Thus, this case does not present a risk of "interfering seriously with the ... review by the European Courts" of the Commission's decision to grant or deny access to certain documents.

---

[3] Even if the Commission could identify specific confidentiality concerns that it believes are present in this case, those concerns could be addressed through a protective order. See Fed. R. Civ. P. 26(c). For example, the Commission points out that it permits documents obtained through its access-to-file procedures only "for the purposes of judicial and administrative procedures for the application of Articles 81 and 82 of the Treaty" and expresses concerns that any documents Novell produced "may not be protected at all or not protected to the same extent" if they are produced in this proceeding. However, this Court clearly has the power, under Rule 26(c), to restrict the use of any documents that Novell produces to the Commission's proceeding against Microsoft, if Novell can and does make a good faith assertion of confidentiality. Such steps would surely take appropriate account of any comity interests between the Court and the Commission.

5

The Commission's speculation about sovereign concerns that might arise in other cases has no bearing on the proper outcome of *this* case.

## CONCLUSION

For the reasons stated, the Court should make its provisional order final and require Novell to comply expeditiously with Microsoft's narrowed subpoena.

Respectfully Submitted,

/s/ Pamela A. Zorn
Robert J. Muldoon, Jr. (BBO# 359480)
Pamela A. Zorn (BBO# 640800)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000 (Telephone)
(617) 646-2222 (Facsimile)

E. Edward Bruce (*pro hac vice*)
William D. Iverson (*pro hac vice*)
Joshua D. Wolson (*pro hac vice*)
COVINGTON & BURLING
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 662-6000 (Telephone)
(202) 662-6291 (Facsimile)

*Attorneys for Applicant Microsoft Corporation*

Dated: April 6, 2006