Exhibit C
to
**SUPPLEMENTAL DECLARATION OF JAMES N. PENROD IN SUPPORT OF RESPONSE TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER**

Exhibit C
to
**SUPPLEMENTAL DECLARATION OF JAMES N. PENROD IN SUPPORT OF RESPONSE TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re* | : |
| | : Civil Action No. 06-MBD-10061 |
| Application of | : |
| | : Hon. Mark L. Wolf |
| MICROSOFT CORPORATION, | : |
| | : |
| Applicant. | : |
| | : |

### MICROSOFT CORPORATION'S SUPPLEMENTAL STATEMENT SUBMITTED PURSUANT TO COURT ORDER

Pursuant to this Court's Order dated March 28, 2006, Applicant Microsoft Corp. ("Microsoft") submits this supplemental statement to apprise the Court of recent developments in connection with the proceeding against Microsoft before the European Commission ("Commission").

On March 24, in response to an additional request from Microsoft, the hearing officer at the Commission informed Microsoft that it would be provided with non-confidential versions of "documents provided by third parties to the Trustee *and transmitted by the latter to the Commission.*" (Supplemental Declaration of Joshua Wolson Ex. A (emphasis added).) However, the hearing officer explained that Microsoft could not receive any documents until the Commission completed a confidentiality review known as an "Akzo procedure," in which a company supplying information to the Commission is given an opportunity to object to the Commission's disclosure of that information. (*Id.*) Notably, the hearing officer only required the Commission to turn over copies of those documents if they had been sent to the Commission.

On March 28, the Commission provided Microsoft with "those documents exchanged between IBM, Oracle and Sun and the Trustee, which are not confidential or

which are not unrelated to the subject matter of the [SO]." (Supp. Wolson Decl. Ex. B.) The Commission also provided Microsoft with "comments made by third parties on the Statement of Objections or on Microsoft's response thereto" and represented that OTR had "not received any documents from third parties." (*Id.*) That production included one document from Novell: Novell's "Observations on Statement of Objections of 21 December 2005," dated February 13, 2006. (Supp. Wolson Dec. Ex. C.) Finally, the Commission provided Microsoft with a list of documents that it had withheld from its production. That list revealed that the Commission did not withhold as confidential any documents evidencing communications with Novell.

Thus, as of March 28, the hearing officer and the Commission had agreed to provide Microsoft all documents in the Commission's, OTR's, or the Trustee's possession that reflected Novell's communications with the Commission, OTR, or the Trustee. Of course, as the Court has observed, this would not include documents that Novell never sent to the Commission, the Trustee, or OTR, such as internal memoranda or notes documenting conversations or meetings. Nor would it include documents that were not retained by the Commission, OTR, or the Trustee.

Respectfully Submitted,

/s/ Pamela A. Zorn
Robert J. Muldoon, Jr. (BBO# 359480)
Pamela A. Zorn (BBO# 640800)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000 (Telephone)
(617) 646-2222 (Facsimile)

E. Edward Bruce (*pro hac vice*)
William D. Iverson (*pro hac vice*)
Joshua D. Wolson (*pro hac vice*)
COVINGTON & BURLING
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 662-6000 (Telephone)
(202) 662-6291 (Facsimile)

*Attorneys for Applicant Microsoft Corporation*

Dated: April 6, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re* | : |
| | : Civil Action No. 06-MBD-10061 |
| Application of | : |
| | : Hon. Mark L. Wolf |
| MICROSOFT CORPORATION, | : |
| | : |
| Applicant. | : |

## SUPPLEMENTAL DECLARATION OF JOSHUA D. WOLSON

Joshua D. Wolson declares as follows:

1. I am an attorney for the law firm of Covington & Burling, counsel for Microsoft Corp. in the above-captioned action. I make this declaration based on personal knowledge and facts acquired in the course of my duties.

2. Attached at Exhibit A is a copy of a letter dated March 24, 2006, sent to Microsoft by the hearing officer at the European Commission ("Commission"). In the letter, the hearing officer determined that Microsoft would be "provided with non-confidential versions" of documents provided by third parties such as Novell to the Monitoring Trustee.

3. Attached at Exhibit B is a copy of a letter dated March 28, 2006, which was sent to Microsoft from the Commission, providing Microsoft with "documents exchanged between IBM, Oracle and Sun and the Trustee ..." and with "comments made by third parties on the Statement of Objections or on Microsoft's response thereto." Attached to that letter was a list of documents that the Commission withheld from its production, which reveals that the Commission did not withhold as confidential any documents evidencing communications with Novell.

4. The Commission's March 28 production to Microsoft included one document from Novell: Novell's "Observations on Statement of Objections of 21 December 2005," dated February 13, 2006. A copy of that documents is attached at Exhibit C.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Joshua D. Wolson

# EXHIBIT A



EUROPEAN COMMISSION

The Hearing Officer

Brussels, 24 March 2006
KW/MK/mjc D(2006)

MICROSOFT   *VIA*   COVINGTON & BURLING
MR GEORG BERRISCH
44 Avenue des Arts
1040 Brussels
*Fax : 02/502 15 98*

Subject:  Case No. COMP/C-3/37.792 Microsoft
Ref.:     Microsoft's letter of 22 March 2006

Dear Mr Berrisch,

I write in response to your letter of 22 March 2006 concerning the request made on behalf of Microsoft for a postponement of the oral hearing scheduled for 30/31 March 2006. Your client also reiterates their concerns that the document and annexes sent to Microsoft on 10 March 2005 ("the letter of facts") qualifies as a new Statement of Objections. Finally, Microsoft requests access to responses to Article 18 requests and to correspondence between third parties and the Trustee, third parties and the Commission, and between the Commission and TAEUS.

*Microsoft's view that the letter of facts qualifies as a new Statement of Objections*

I maintain the position expressed in my letter of 17 March 2006 that the Commission's letter of facts does not set out objections not contained in the Commission's Statement of Objections issued on 21 December 2005 ("SO").

I take the view that the SO cannot be considered premature and flawed merely because the Commission decided to address the Technical Documentation allegedly made available by Microsoft in Redmond on 15 December only subsequently in the letter of facts. According to the case law, a statement of objections is of preliminary nature. The Commission is always entitled to use further facts or evidence to bolster the original objections as long as the parties are given the opportunity to comment.[1] Accordingly, I do

---

[1] Judgement of the Court of First Instance of 30 September 2003 in Joined Cases T-191/98 and T-212/98 to T-214/98 (Atlantic Container Line), paragraph 165.

Commission européenne, B-1049 Bruxelles / Europese Commissie, B-1049 Brussel - Belgium. Telephone: (32-2) 299 11 11.
Office: J 70 - 05/215. Telephone: direct line (32-2) 296 66 75. Fax: (32-2) 296 95 78.
060324 FAX fr KW to Microsoft
E-mail : EC.external.hearing-officer@cec.eu.int

not follow your assertion that the alleged incompleteness of the Commission's objections renders the letter of facts into a statement of objections.

The fact that the letter of facts addresses for the first time the offer made by Microsoft on 25 January 2006 to make available a source code reference license does not constitute a new objection. In this respect, the letter of facts rather maintains the objections expressed in the SO, explaining that this factual issue does not change the current assessment of Microsoft's lack of compliance. I cannot subscribe to your position, which seems to imply that the Commission is under an obligation to issue a new statement of objections each time Microsoft provides a slight update of its technical documentation or makes any other offer that it considers relevant for compliance, no matter how insufficient. Such a position is particularly questionable considering Microsoft's current practice of providing monthly updates of the technical documentation, and could deprive the procedure under Art. 24 of Regulation No 1/2003 of its *effet utile*. With regard to the source code reference license, the letter of facts concluded they are not related to the disclosures Microsoft is required to make under the Article 24(1) decision. In my view, this finding does not require a formal statement of objections which would give rise to the possibility of an oral hearing.

Moreover, I do not agree with your contention that the letter of facts and the reports of the Trustee and of TAEUS raise new allegations.

- TAEUS' review of the FRS protocol merely confirms the general deficiencies in the technical documentation which have already been identified in the description of other protocols, such as DRS. Microsoft was made aware of these issues in the Art. 24(1) decision.

- The Trustee's use of the "add user function" as an example was a means of testing the general sufficiency of the technical documentation. Although a different version of the documentation was used, Microsoft has been made aware of the general deficiencies in the Art. 24(1) decision and in the SO.

- The reference by the Trustee to innovation material was merely an aside to illustrate that necessary information on behaviours and dependencies is still missing from the technical documentation. This is a fact that has been highlighted both in the Art 24(1) Decision and the SO.

*Microsoft's request for a postponement of the oral hearing*

Microsoft raises concerns about their ability to fully exercise their rights of defence should the oral hearing be held before Microsoft has submitted its written comments on the letter of facts. As stated in my previous letter, it is my belief that Microsoft is in principle not legally entitled to an oral hearing with regard to the letter of facts. Oral hearings serve the purpose of giving the addressee an opportunity to defend itself orally with regard to a statement of objections. In the present case, however, Microsoft will have the opportunity to take advantage of the oral hearing to make observations also on the letter of facts if it wishes to do so. This puts your client in a better situation than other addressees of letters of facts, who usually receive such documents only after an oral hearing.

2

Furthermore, I believe that the two weeks of additional time granted to your client subsequent to the oral hearing should enable Microsoft to focus on the preparation of the oral hearing both with regard to the SO and the letter of facts.

In light of the above, I see no reason to postpone the oral hearing scheduled for 30/31 March 2006. The preparations for this hearing have already reached an advanced stage.

*Microsoft's request for access to file*

For the reasons set out in detail in my letters of letters of 13, 30 January and 8 February 2006, I reaffirm my position that Microsoft is not entitled to access the internal correspondence between the Commission and TAEUS. However, I will verify carefully whether this correspondence contains items which are indispensable for Microsoft's defence. Should this be the case, your client will be granted access to the information in question.

As regards the Article 18 responses, Microsoft will be provided with non-confidential versions as soon as the Commission receives them. You can rest assured that Microsoft will again be provided with sufficient time to comment on them.

As to your request for access to documents provided by third parties to the Trustee and transmitted by the latter to the Commission, I do not share your view that the Commission breached "applicable procedural rules" by not making the information available as yet. On the contrary, the Commission is obliged to go back to the information providers for a potential application of the Akzo procedure before such information can be disclosed. Your client will be provided with non-confidential versions after completion of this procedure, at which time a new file list will be at Microsoft's disposal.

Yours sincerely,

*Karen Williams*

Karen WILLIAMS

Cc: Messrs Tradacete, Madero Villarejo

3

# EXHIBIT B



EUROPEAN COMMISSION
Competition DG

Information, communication and media
Information Industries, Internet and consumer electronics

Brussels, 28.03.06 D 001803
COMP/C-3/ABR/aj D(2006)*D229

Registered with advice of delivery

Mr. Georg M. Berrisch
Covington & Burling
Avenue des Arts 44
B - 1040 Brussels

Subject:   Case COMP/C-3/37792 Microsoft
           Access to documents provided by third parties to the Trustee and OTR
           Third party comments on the Statement of Objections

Dear Mr. Berrisch,

Following your request for access to documents provided by third parties to the Trustee, the Commission asked the Trustee to disclose and transmit to the Commission any documents he has directly received from third parties or Microsoft in carrying out his functions pursuant to Article 3.1 of the Trustee Decision and Section C.1 of the Trustee Mandate as well as any minutes he has taken as regards communications with third parties or Microsoft.

After receipt of the documents in question, the Commission requested the views of the concerned third parties on the confidentiality of the documents. After having examined the third parties' claims on confidentiality, we are now in position to provide Microsoft with those documents exchanged between IBM, Oracle and Sun and the Trustee, which are not confidential or which are not unrelated to the subject matter of the Statement of Objections of 21 December 2005. For your convenience we attach a list of the documents which are not transmitted to Microsoft for the above-mentioned reasons. You will notice that certain e-mails received by the Trustee were also addressed to members of the Case Team. As you will see, the e-mails in question are trivial in nature and have no relation to the allegations of fact and of law raised in the 21 December 2005 Statement of Objections and therefore have no

European Commission, B-1049 Brussels - Belgium - Telephone: (32-2) 299.11.11
Office: J-70 4/136 - Telephone: direct line (32-2) 295.12.78 – Fax: (32-2) 295.01.28
Email: Comp-Greffe-Antitrust@cec.eu.int

relevance to the present investigation[1]. Strictly speaking they do not form part of the case file and they are provided to Microsoft for the sake of transparency only.

As regards documents provided by third parties to OTR, this company has confirmed in writing that they have not received any documents from third parties.

For your information we are also enclosing non-confidential versions of the comments made by third parties on the Statement of Objections or on Microsoft's response thereto.

I would like to remind you that Microsoft is not entitled to use the information contained in the enclosed correspondence for purposes other than your client's defence under this procedure. In this respect, third parties have expressed serious concerns, based on Microsoft's previous behaviour, that portions of the material disclosed might be made public, in breach of the provisions laid down in Regulation 773/2004. I trust that Microsoft will abide by its obligations under Regulation 773/2004.

Yours sincerely,

Cecilio Madero Villarejo
Head of Unit

Enclosure

Copy: Mrs Karen Williams, Hearing Officer

---

[1] Judgment of the European Court of Justice of 7 January 2004 *In Joined Cases C-204/00 P, C-205/00 P, C-211/00 P, C-213/00 P, C-217/00 P and C-219/00 P* (Aalborg Portland A/S), paragraph 126: "*However, the Commission is allowed to preclude from the administrative procedure evidence which has no relation to the allegations of fact and of law in the SO and which therefore has no relevance to the investigation. An applicant cannot properly put forward as a ground of annulment the fact that irrelevant documents were not communicated to it.*"

# **Enclosure**

- List of documents that are not transmitted to Microsoft
- Communications IBM – Trustee
- Communications Oracle – Trustee
- Communications Sun – Trustee
- Comments from Red Hat
- Comments from ECIS
- Comments from FSFE
- Comments from Novell

**List of the documents which are not transmitted to Microsoft**

- E-mail from Mr. Maurits Domans to Prof. Neil Barrett of 8 December 2005 (business confidential)

- Documents included in CD II, referred to in Maurits Dolmans's email to Pro. Neil Barrett of 30 November 2005 (documents not related to the 21 December 2005 Statement of Objections), as follows:

C 1-2.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

    C-3.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

    C-4.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

    C-5.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

    C-6.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

D.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

E.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

F.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

G.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

H-1   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

    H-2.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

    H-3.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

I.   [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

J. [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

K. [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

L. [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

M. [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

N. [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

O. [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

P. [*Document unrelated to the subject matter of the 21 December 2005 Statement of Objections*]

# EXHIBIT C

CASE COMP/C-3/37.792 - MICROSOFT

NOVELL, INC
OBSERVATIONS ON STATEMENT OF OBJECTIONS OF 21 DECEMBER 2005

13 FEBRUARY 2006

By letter of 18 January 2006, the Commission invited Novell to submit observations on its Statement of Objections of 21 December 2005. The Statement of Objections indicates the Commission's preliminary intention, by a decision pursuant to Article 24(2) of Regulation 1/2003, to fix the periodic penalty payment which was imposed on Microsoft by the Article 24(1) decision of 10 November 2005 for non-compliance with its obligation to make interoperability information available to interested parties pursuant to Article 5(a) and (c) of the Commission's Decision of 24 March 2004 for the period between 15 December 2005 and e date to be specified.

Accordingly, these Observations constitute a communication by Novell to the Commission in relation to Microsoft's compliance with any non-suspended aspect of the Decision of 24 March 2004 based on conduct arising after 8 November 2004.

In response to information requests from the Commission, Novell has provided detailed information on the completeness of the WSPP Documentation (see in particular Novell's reply of 13 October 2005 to the Commission's information request of 4 October 2005) and on other aspects of Microsoft's non-compliance with the Decision.

The Commission's Statement of Objections and the various annexed reports from the Trustee confirm Novell's observation that Microsoft has not provided complete and accurate specifications for the Protocols as required by the Decision. It is clear from the explanations given in the Statement of Objections and in the Trustee's reports that the changes made by Microsoft to the Documentation subsequent to Novell's evaluation of 26-28 September 2005 are incapable of correcting the inadequacies observed by Novell.

Novell is aware of Microsoft's announcement to the media on 25 January 2006 that it will provide WSPP licensees with access to certain Windows source code. But Novell has no information as to the exact source code involved or the terms on which that access will be provided. More fundamentally, this proposal by Microsoft, even if implemented, would not constitute compliance with the 24 March 2004 Decision. That Decision does not call for disclosure of source code, but for complete and accurate specifications for the Protocols. Thus Microsoft's announcement amounts to an offer of an alternative to compliance with Decision. Access to source code is an inferior solution for undertakings wishing to develop interoperable workgroup server operating system products, as compared with complete and accurate specifications for the Protocols. Accordingly, Novell calls on the Commission to secure immediate compliance with the Decision

- 2 -

If a hearing is held by the Commission pursuant to Article 27(1) of Regulation 1/2003, then Novell requests that it may participate at that hearing in order to communicate with the Commission in relation to Microsoft's compliance with any non-suspended aspect of the Decision of 24 March 2004 based on conduct arising after 8 November 2004.