Exhibit F
to
SUPPLEMENTAL DECLARATION OF JAMES N. PENROD IN SUPPORT OF RESPONSE TO
MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

Exhibit F
to
SUPPLEMENTAL DECLARATION OF JAMES N. PENROD IN SUPPORT OF RESPONSE TO
MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re* : | |
| : | Civil Action No. 06-MBD-10061 |
| Application of : | |
| : | Hon. Mark L. Wolf |
| MICROSOFT CORPORATION, : | |
| : | |
| Applicant. : | |
| : | |

## MICROSOFT CORPORATION'S REPLY TO RESPONSE OF NOVELL, INC.

The response filed by Novell on April 11 points out that the European Commission does have the authority to request documents from third parties such as Novell under Article 18 of Regulation 1/2003. Novell is correct. We apologize for any inconvenience this good faith mistake concerning EC procedural law may have caused the Court.

Certain other points in Novell's response merit a brief reply.

## ARGUMENT

### I. MICROSOFT CANNOT OBTAIN RELEVANT DOCUMENTS FROM NOVELL ABSENT THIS COURT'S ASSISTANCE.

The central point in Microsoft's opposition to Novell's motion to quash and in Microsoft's response to the Commission remains unrebutted: *Microsoft* has no ability under Commission procedures to obtain documents that Novell has in its possession. (Opp. 14; Response 3.) Nor does Microsoft have the ability to take advantage of the Commission's ability to obtain such documents. Microsoft has no way to require the Commission to request documents from Novell under Article 18. That point is undisputed. Thus, Microsoft's only alternative to obtain documents that are relevant to its defense before the Commission is to turn to this Court for assistance pursuant to § 1782.

Microsoft's requested discovery under § 1782 does not constitute a circumvention of European restrictions on what is discoverable. As Novell does not dispute, the hearing officer and the Commission have repeatedly stated that Microsoft would be entitled to the documents it seeks if they were in the Commission's files. (Burt Decl. Ex. G; Supp. Wolson Decl. Exs. A, B.) That the documents are only in Novell's files is no bar to Microsoft's discovery of them. Novell's speculation about the Commission's need to protect confidential communications has no bearing here, because the Commission has not withheld as confidential any communications that the Trustee or OTR had with Novell. If, in future cases, issues of confidentiality are present, the Court can fashion an appropriate remedy. But the issue is not present here.[1]

If Novell were correct, and the Commission's "balance" of interests were dispositive, then § 1782 would never be available to a litigant before the Commission, because any discovery order would be argued to disrupt the Commission's "balance." Such an outcome would contradict the Supreme Court's decision in *Intel*, which held that the Commission is a "tribunal" for purposes of § 1782, and that litigants should therefore be able to turn to § 1782 for assistance in proceedings before the Commission. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258 (2004) ("we have no warrant to exclude the European Commission, to the extent that it acts as a first instance decision maker, from § 1782(a)'s ambit").

## II.   THE SUBMISSION OF NOVELL'S "OBSERVATIONS" WAS PROPER.

On March 28, the Commission provided Microsoft with what it described as a "non-confidential" version of Novell's observations on Microsoft's response to the SO. (Supp.

---

[1] Novell's footnote 2 suggests it would be improper for Microsoft to seek "documents in Novell's possession which refer to the internal views of the Commission staff on the investigation and its possible future evolution." But if the Commission has shared its views with third parties like Novell, those views are no longer "internal" to the Commission. The hearing officer, moreover, has ordered the production of such documents if they are in the Commission's file. (Burt Decl. Ex. G.) There is no reason to treat documents in Novell's files differently.

Wolson Decl. Ex. B.) That letter stated that Microsoft could use the documents only for its "defence under this procedure," *i.e.*, Microsoft's defense to the SO. Microsoft is using the documents in just that way – in this effort to obtain evidence in support of Microsoft's defense of the SO. Moreover, Microsoft has re-reviewed Novell's "Observations" in light of Novell's concerns, and Microsoft can only agree with the Commission's determination that nothing in the "Observations" is confidential. Indeed, Novell has not claimed that anything in the document is confidential, nor has it asked the Court to remove the document from the public record. Novell's actions belie any concerns that it claims to have with Microsoft's submission of the document.

## CONCLUSION

Nothing in Novell's Response should change this Court's prior analysis. Microsoft has no means available to it under European procedure to obtain the highly relevant documents that it seeks, absent the assistance of this Court. Accordingly, the Court should order Novell to comply with Microsoft's narrowed subpoena forthwith.

Dated: April 12, 2006                    Respectfully Submitted,

/s/ Pamela A. Zorn
Robert J. Muldoon, Jr. (BBO# 359480)
Pamela A. Zorn (BBO# 640800)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000 (Telephone)
(617) 646-2222 (Facsimile)

E. Edward Bruce (*pro hac vice*)
William D. Iverson (*pro hac vice*)
Joshua D. Wolson (*pro hac vice*)
COVINGTON & BURLING
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 662-6000 (Telephone)

Attorneys for Applicant Microsoft Corporation