# Exhibit G

to

**SUPPLEMENTAL DECLARATION OF JAMES N. PENROD IN SUPPORT OF RESPONSE TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER**

# Exhibit G

to

**SUPPLEMENTAL DECLARATION OF JAMES N. PENROD IN SUPPORT OF RESPONSE TO MICROSOFT CORPORATION'S OBJECTIONS TO MAGISTRATE'S ORDER**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
IN RE APPLICATION OF        )
MICROSOFT CORPORATION,      )    M.B.D. No. 06-10061-MLW
     Applicant              )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        April 17, 2006

I. SUMMARY

For the reasons set forth in this Memorandum, Novell, Inc.'s ("Novell") Motion to Quash the subpoena issued by Microsoft Corporation ("Microsoft") pursuant to 28 U.S.C. §1782(a) is being allowed. The information submitted since the March 28, 2006 hearing demonstrates that Microsoft erroneously, repeatedly represented that the Commission of the European Communities (the "Commission") could not obtain and, if it wished, make available to Microsoft the documents Microsoft seeks by its §1782(a) subpoena. Moreover, since the March 28, 2006 hearing, the Commission has informed the court that it supports Novell's motion to quash because it views Microsoft's subpoena as an effort to circumvent the Commission's procedures, and to disrupt the balance that the relevant laws strike to provide fair discovery to defendants in cases alleging unlawful competition and to protect the interests of third-parties who may have a well-founded fear of retaliation if they assist the Commission in such cases. As Microsoft has not demonstrated that the Commission's procedures are fundamentally

unfair, the court concludes that considerations of comity warrant the granting of Novell's motion to quash.

II.  PROCEDURAL BACKGROUND

On March 24, 2004, the Commission decided that Microsoft had unlawfully abused its dominant market position by: (a) refusing to disclose certain Interoperability Information necessary for competitors to be able to compete effectively in the work group server operating system market; and (b) tying its Windows Media Player to the Windows PC operating system ("the 2004 Decision"). Microsoft has appealed this decision to the Court of First Instance, which scheduled a five-day hearing on that appeal for April, 2006.

On November 10, 2005, the Commission decided that Microsoft had not complied with the 2004 Decision by failing to provide adequate Interoperability Information to prospective licensees, and by proposing excessive royalty rates to license the information ("the Article 24(1) Decision"). The Commission instructed Microsoft to comply with its decision by December 15, 2005, or risk being required to pay a fine of 2 million Euros ("€") per day.

On December 21, 2005, the Commission issued a Statement of Objections, charging that Microsoft had not complied with one component of the Article 24(1) Decision. More specifically, the Statement of Objections charged Microsoft with not adequately

2

sharing Interoperability Information. However, it did not address the royalty rates issue that was also included in the Article 24(1) Decision. According to Microsoft, the Statement of Objections was based on reports by a Monitoring Trustee, who was appointed by the Commission to assess Microsoft's compliance with the Article 24(1) decision, and comments received from Microsoft's competitors, including Novell.

The Statement of Objections was accompanied by a list of documents in the Commission file which, with some exceptions, Microsoft had a right, under European Union regulations, to examine. Microsoft promptly received some documents from the Commission file. It has subsequently received additional documents as a result of a request to a Hearing Officer empowered to respond to such requests, subject to appeal to the Court of First Instance.

At this point, Microsoft does not contend that it has not received proper discovery of the documents in the Commission file. However, it wishes to obtain documents, such as possible memoranda concerning any oral communications, that may be in the possession of Novell, but not in the Commission file.

On March 3, 2006, Microsoft filed an <u>ex parte</u> application with this court for the issuance of a §1782(a) subpoena to Novell. Similar applications for §1782 subpoenas to competitors of Microsoft, (including Sun Microsystems, Oracle, and IBM) were filed

3

in other jurisdictions.[1] The original subpoena to Novell was broad, seeking some information not relevant to the Interoperability Information issue now at issue as a result of the Statement of Objections. Microsoft represented that it needed the subpoenaed documents for a March 30, 2006 hearing before the Commission. The court authorized Microsoft to serve the subpoena, ordered the parties to meet to try to resolve any disputes, and established a schedule for the filing of a motion to quash the subpoena and related briefing.

Understanding the matter to be urgent, the court conducted a hearing on March 28, 2006. At the hearing, Microsoft clarified that it was not essential that it receive the requested discovery by March 30, 2006, as long as it obtain it by mid-April, 2006. Microsoft also abandoned its request for a prompt deposition of Novell. In addition, Microsoft substantially narrowed the description of the documents it is seeking from Novell, limiting it to documents relating to Microsoft's compliance or alleged failure to comply with its obligation under the 2004 Decision to provide accurate technical documentation embodying Interoperability Information.[2]

---

[1] 28 U.S.C. §1782(a) requires that an application for a subpoena be filed in the district in which the party to be subpoenaed resides.

[2] Since the March 28, 2006 hearing the parties have agreed that the subpoena has been modified to state that:

4

At the conclusion of the March 28, 2006 hearing, the court expressed its tentative view that Novell's motion to quash should be denied. That view was based largely on two understandings. First, as represented by Microsoft and not then disputed by Novell, the court understood that the Commission did not have the authority to obtain documents from third parties such as Novell. Second, the Commission had not stated that it was unreceptive to this court allowing the discovery from Novell Microsoft is seeking.[3] However, recognizing that there was not a March 30, 2006 deadline for the

---

> Novell shall produce all non-privileged documents in its possession, custody or control as of the date of service of the original subpoena on Novell, that constitute or summarize communications between Novell, the Commission, the Monitoring Trustee, [the Organization and Technology Research Group] or any other third party known or believed by Novell to have been retained by the Commission, relating specifically to or referencing the subject matter of the [Statement of Objections], namely Microsoft's compliance or alleged failure to comply with its obligation under Articles 5(a) and (c) of the 2004 Decision to provide complete and accurate technical documentation embodying the Interoperability Information.

[3] As of March 28, 2006, the Commission's Director General for Competition (the "DG Comp") had made a submission to the court in support of Novell's motion to quash. The "DG Competitions 'overriding responsibility' is to conduct investigations into alleged violations of the European Union's competition prescription." Intel Corporation v. Advanced Micro Devices, Inc., 542 U.S. 241, 255 (2004). As the court noted at the hearing, the DG Comp is, in effect, the prosecutor and its views are not necessarily those of the relevant, neutral tribunal, the Commission. Moreover, the DG Comp had only expressed opposition to Microsoft's initial broad request for documents not relevant to the Interoperability Information issue, but did not express a view on the more limited request before the court on March 28, 2006.

requested discovery to be produced, the court decided to provide the Commission an opportunity to express its view on Novell's motion to quash if it wished to do so, and to provide the parties an opportunity to supplement their submissions to address issues that came into clearer focus at the hearing.

The Commission has since filed two memoranda in support of Novell's motion to quash.[4] It asserts that "permitting the discovery requested by Microsoft would contravene principles of international comity since, in this case, the Commission is <u>not</u> receptive to the judicial assistance sought by Microsoft pursuant to 28 U.S.C. §1782 and, indeed, believes that enforcement of Microsoft's subpoena would pose a serious risk that the Commission's rules and procedures concerning competition law enforcement would be circumvented." Memorandum of the Commission of the European Communities in Support of Novell, Inc.'s Motion to Quash at 1. Moreover, Microsoft now acknowledges that its earlier argument was erroneous and that the Commission does have the authority to obtain documents from third parties such as Novell. Microsoft Corporation's Reply to Response of Novell, Inc. at 1. The Commission explains that it could obtain from Novell the documents Microsoft is seeking with its §1782(a) subpoena and, if

---

[4]The Commission has also filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24. Largely because the court has solicited and received the Commission's views, and Novell is adequately representing the Commission's stated interests, the motion to intervene is being denied.

6

the Commission deemed it appropriate, provide those documents to Microsoft. Reply Memorandum of the Commission of the European Communities in Support of Novell, Inc.'s Motion to Quash at 2. Microsoft does not dispute this.

III. ANALYSIS

This court has the discretion to permit the discovery Microsoft is seeking from Novell. However, it is not appropriate to do so.

28 U.S.C §1782(a) states in pertinent part that "the district court in which a person resides...may order him...to produce a document...for use in a proceeding in a foreign or international tribunal." Thus, this court has the authority to order discovery in connection with a proceeding before a foreign tribunal if it determines that the request is made by an interested party for material to be used in proceedings in a foreign tribunal, and if the party from whom the request is made resides in the district in which the court sits. See Intel, 542 U.S. at 255. The Commission is a foreign tribunal for the purposes of §1782(a). Id. at 258. As a litigant, Microsoft is an interested party. Id. at 256. Novell resides in Massachusetts. Therefore the court has the authority to grant Microsoft's request for discovery.

However, "a district court is not required to grant a §1782(a) discovery application simply because it has the authority to do

7

so."  Id. at 264. The Supreme Court has described the factors relevant to the exercise of a court's discretionary authority.

A primary purpose of §1782(a) is "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." Id. at 262. Therefore, one relevant consideration is the foreign tribunal's need for §1782(a) aid.  Id. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's reach; hence, their evidence, available in the United States, may be unobtainable absent §1782(a) relief." Id. However, in this case the Commission can, if it wishes, require Novell to produce to it the documents that Microsoft seeks.  The Commission could also furnish to Microsoft any documents that it obtains from Novell. Therefore, the Commission does not need the exercise of this court's §1782(a) authority to obtain from Novell any documents in which it is interested. Accordingly, the first factor favors granting Novell's motion to quash.

The second, related factor also strongly favors granting Novell's motion.  "A court presented with a §1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." Id. The Supreme Court has instructed

8

that "a district court should consider whether the §1782(a) request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States." Id.

In the instant case the foreign tribunal has been established by this nation's allies, including its legal progenitor, Great Britain. The Commission has elaborate standards and procedures for providing parties such as Microsoft with appropriate discovery. The Commission explains that those standards and procedures are also designed to consider the interests of third-parties, including any fear of retaliation they may have if they assist the Commission in unlawful competition cases against powerful companies such as Microsoft.

The proceedings which are underway are a continuation of a lengthy case. Microsoft has not asserted, let alone shown, that those proceedings are fundamentally unfair or will be without its requested §1782(a) discovery from Novell.

The Commission is not receptive to Microsoft's request. Rather, it strongly opposes it. The Commission asserts that "Microsoft's subpoena is a thinly veiled attempt to circumvent the procedures for and limitations on proof-gathering established by the laws of the European Community. Those laws reflect the sovereign determinations of the European Community about the proper scope, availability, and mechanisms for proof-gathering." Reply

9

Memorandum of the Commission of the European Communities in Support of Novell, Inc's Motion to Quash at 4. While the opposition of the Commission cannot properly be the end of the inquiry, it is persuasive here. The Commission explains that it relies upon private parties to provide to it information about potential violations of the laws that it enforces. At times those parties feel they need confidentiality to protect them against retaliation by powerful interests.

As described earlier, it is undisputed that the Commission has well-established standards and fully functioning procedures to consider both Microsoft's legitimate interest in the Novell documents it is seeking and the countervailing cognizable interests of third-parties. Enforcing Microsoft's §1782(a) subpoena to Novell would circumvent and undermine the law of the European Community concerning how a litigant may obtain third-party documents, and involve the risk that its standards for balancing competing interests will not be applied.

In some cases, "[a] foreign tribunal's reluctance to order production of materials present in the United States [] may signal no resistance to the receipt of evidence gathered pursuant to §1782(a). Id. at 262. However, since the March 28, 2006 hearing, it has been made vividly clear that the Commission does not want the aid of this court and, indeed, would regard it as an unwarranted interference with its own processes. As indicated

10

earlier, the Supreme Court has recognized that a primary purpose of §1782(a) is to aid foreign tribunals. Id. at 262. It is now evident that granting Microsoft the discovery it requests from Novell would interfere with the foreign tribunal, not assist it. Where, as here: the foreign tribunal can obtain the documents at issue and provide them to Microsoft; that tribunal does not want the involvement of this court; and there is no showing of fundamental unfairness in the absence of intervention, considerations of comity strongly favor quashing the subpoena. See Advance Micro Devices, Inc. v. Intel Corp., 2004 WL 2282320, at *2 (N.D. Cal. Oct. 4, 2004) (denying §1782(a) application because Commission did not need or want request to be granted and asserted that doing so would jeopardize Commission's vital interests); In re Matter of Application of Schmitz, 259 F. Supp. 2d 294, 298-99 (S.D.N.Y. 2003), aff'd, 376 F.3d 79 (2d Cir. 2004) (denying §1782(a) request in part because of the assertion of German authorities that requested discovery would undermine an ongoing investigation); In re Winkler, No. M. 19-88, slip op. at 3 (S.D.N.Y. Nov. 21, 2005) (§1782(a) application denied because German government was concerned that discovery would circumvent decision of German court limiting discovery).

As currently narrowed, Microsoft's request is not unduly burdensome for Novell, which represents that it has few documents subject to the narrowed subpoena. See Intel, 542 U.S. at 265

11

("unduly intrusive or burdensome requests may be rejected or trimmed"). Nevertheless, the other relevant factors persuade the court that Novell's motion to quash is meritorious.

IV.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Novell's Motion to Quash (Docket No. 7) is ALLOWED.

2. The Motion of the Commission of the European Communities to Intervene (Docket No. 22) is DENIED.

_____
UNITED STATES DISTRICT JUDGE