# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
IN RE:                                  )
                                        )
APPLICATION OF MICROSOFT                )
CORPORATION                             )   Civil Action 06-MBD-10061 (MLW)
                                        )
                                        )
                                        )
_____)

**REPLY MEMORANDUM OF THE COMMISSION OF THE EUROPEAN
COMMUNITIES IN SUPPORT OF NOVELL, INC.'S MOTION TO QUASH**

The Commission of the European Communities (the "Commission") submits this reply to two recent filings by Microsoft Corporation ("Microsoft"): Microsoft Corporation's Response to the Commission's Memorandum in Support of Novell, Inc.'s Motion to Quash and Microsoft Corporation's Reply to the Response of Novell, Inc. Microsoft's continued efforts to enforce its subpoena is an attempt to circumvent both the Commission's procedures and deliberate restrictions, embodied in the laws of the European Community, on a litigant's access to documents from third parties such as Novell. In order to protect those procedures and the laws and the policies they are intended to advance, the Commission supports Novell's Motion to Quash.

Until its most recent filing, the foundation of Microsoft's petition under 28 U.S.C. §1782 was Microsoft's mistaken premise that the Commission is powerless to obtain the third-party documents that Microsoft seeks through its subpoena. Microsoft now concedes that it was mistaken. (Microsoft Corporation's Reply to Response of Novell, Inc. ("MS Reply") at 1.) As a result, Microsoft now shifts its argument and asserts that, despite the Commission's clear authority to request the documents Microsoft seeks, Microsoft nonetheless requires the intervention of United States courts because Microsoft *itself* does not have the ability unilaterally

to obtain documents from Novell, or to compel the Commission to do so.  (MS Reply at 1; Microsoft Corporation's Response to the Memorandum of the Commission of the European Communities in Support of Novell, Inc.'s Motion to Quash ("MS Response") at 3.)  But Microsoft's observation that it has no ability under European Community law to obtain the requested documents directly from Novell highlights the flaw in its argument. Contrary to Microsoft's argument, the fact that the European Community has decided *not* to empower litigants before the Commission to obtain directly third-party documents reflects important law and policy considerations and weighs heavily against this Court providing the assistance Microsoft seeks.  It is precisely because of that sovereign decision that this Court should decline to permit Microsoft to circumvent the laws and policies of the European Community.

I. ARGUMENT

    A. **Microsoft's Initial And Revised Responses Are Both Based On Misunderstandings Of The Law Of The European Community.**

Apparently satisfied that it has obtained the documents it seeks in the Commission's file, Microsoft's present focus is on obtaining documents from Novell that are *not* in the Commission's file.  Unlike the documents in the Commission's file, Microsoft did not first seek these documents through established Commission procedure but, instead, argued to this Court that the Commission lacked the power to obtain documents from third parties. (MS Response at 2.)  Microsoft now concedes that any litigant before the Commission who believes documents in the possession of third parties bear on an issue before the Commission may request that the Commission seek and obtain those documents.  Had Microsoft followed this procedure (instead of opting to seek the assistance of this Court)[1], the Commission would have been able to exercise appropriately its discretion, balancing the needs of the requesting party and the interests of the

---

[1] Microsoft apparently understands this procedure because it has previously requested that the Commission obtain for it copies of correspondence between the Trustee and third parties.  The Commission obtained this material, put it in the file, and provided it to Microsoft.

third party in a manner consistent with the laws and public policy of the European Community discussed below.

Anticipating a hypothetical negative decision by the Commission, Microsoft further argues that the assistance of United States courts is needed here because Microsoft "has no way to require the Commission to request documents from Novell." (MS Reply at 1.) Microsoft simply ignores the fact that the procedure in the European Community includes the right of ultimate appellate review to protect the rights of the requesting litigant.[2] If the Commission does not act upon such a request to obtain documents from a third-party, the litigant may appeal the final decision of the Commission to the Court of First Instance and, if unsuccessful there, to the European Court of Justice.[3]

Such an appeal could include arguments related to procedural irregularities or breach of fundamental principles of law, such as the rights of a defendant to prepare a defense. Thus, if Microsoft had followed the procedure established under European Community law, but the Commission had declined to obtain the requested third-party information, the Commission's rejection of Microsoft's request would ultimately be open for review by the European courts. It is the province of the European courts, not the United States courts, to balance Microsoft's rights as a defendant against the limitations on proof-gathering that are a matter of legal and public policy of the European Community.

---

[2]   A final Commission decision against Microsoft could be challenged in accordance with Article 230 of the EC Treaty. *Cf*. Case 60/81 *IBM v Commission* [1981] ECR-2639.

[3]   Microsoft's argument implicitly suggests that the Commission is merely a prosecuting authority and, as a result, that Microsoft requires the aid of U.S. courts to ensure due process within the European Courts. (*See* Microsoft's Reply at 3 ("[T]he Commission only requests such documents if it decides that the documents are necessary for the Commission's own purposes.").) To the contrary, the Commission is an institution (and a "tribunal" under Section 1782), analogous to a regulatory agency here, such as the Federal Trade Commission, that conducts hearings and adjudicates cases and whose decisions are subject to judicial review.

### B. Microsoft's Request Should Be Denied For Important Reasons Of Comity And Legal Policy.

No matter how Microsoft chooses to justify it, Microsoft's subpoena is a thinly veiled attempt to circumvent the procedures for and limitations on proof-gathering established by the laws of the European Community. Those laws reflect the sovereign determination of the European Community about the proper scope, availability, and mechanisms of such proof-gathering. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (stating that courts may consider "whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country …"). Microsoft's suggestion that its subpoena would not circumvent European limitations merely because the Hearing Officer determined that Microsoft would have been entitled to the documents it seeks had they been in the Commission's file misses the point entirely. (MS Reply at 2.) Relevance aside, Microsoft's subpoena not only avoids limitation the Commission may place on the scope of third-party document requests, but importantly also avoids the manner in which a litigant obtains third-party documents under the law of the European Community (*i.e.,* that the documents are requested and pursued by the Commission rather than by the litigant).

This attempt by Microsoft to side-step the law of the European Community should be rejected for a number of related reasons. Perhaps most important, the Commission neither requires nor wants the assistance of the United States courts in this matter. *See id.* (stating that courts may consider "the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"). As Microsoft now admits, the Commission has the authority to obtain the requested documents and exercises that authority as appropriate to maintain control of the proof-gathering practices in matters before it. Microsoft also concedes that the Commission is a "tribunal" under 28 U.S.C. §1782, (MS Reply at 2), and, as such, under *Intel* and other cases, the fact that the Commission opposes this Court's intervention in this

- 4 -

process warrants substantial deference. *See*, *e.g.*, *Advanced Micro Devices, Inc. v. Intel Corp.*, Civ. A. No. 01-7033, 2004 WL 2282320 at *2 (N.D. Cal. Oct. 4, 2004) (denying application for discovery under 28 U.S.C. §1782 because the Commission had the authority to obtain the requested discovery on its own, chose not to, and clearly stated that it was not receptive to judicial assistance from United States courts). Indeed, permitting Microsoft to enforce the subpoena in the face of the Commission's stated opposition would undermine the very purpose of 28 U.S.C. §1782 by interfering with, rather than assisting, a foreign proceeding. *See In re Matter of Application of Schmitz*, 259 F. Supp. 2d 294, 298-299 (S.D.N.Y. 2003), *aff'd*, 376 F.3d 79 (2d Cir. 2004) (denying request under 28 U.S.C. §1782 in part because of the German authorities' clear opposition).

Microsoft should not be permitted to ignore the Commission's established procedures for obtaining documents from third parties. The Commission's procedures for providing access to third-party documents not originally in the Commission's possession are designed to provide access to evidence in a manner that is fair and transparent, while respecting a third party's right to confidentiality, and to maintain control over proof-gathering activity in the matters before it. Principles of comity require that those procedures be respected. *See Intel*, 542 U.S. at 261 (maintaining that comity may be an "important touchstone" of a district court's discretion).

Similarly, the Court should not permit Microsoft to avoid the substantive limitations on a litigant's access to third-party documents under the laws of the European Community. *See Advanced Micro Devices*, 2004 WL 2282320 at *3 (rejecting petition under 28 U.S.C. §1782 in part because it appeared "to be an attempt to circumvent the [Commission's] decision not to pursue such discovery"). Because the Commission's procedures are adequate to permit the kind of discovery Microsoft wants, Microsoft's stated concern – that it might not be able to obtain through the Commission's procedures all the documents it hopes to obtain – is in essence a

complaint that the deliberate restrictions on a litigant's ability to obtain documents from third parties in proceedings before the Commission are different from the restrictions on discovery in United States courts and are not to Microsoft's liking. If Microsoft were to avail itself of the Commission's procedure and ask the Commission to obtain the documents it now seeks, the Commission would consider, under the law of the European Community, whether the probative value of the requested documents is sufficient to justify the costs – both to the Commission and to the producing third party – of obtaining them.[4] This Court should not by enforcing Microsoft's subpoena usurp the authority of the Commission (and of European courts reviewing the Commission's decision) to make that judgment.[5]

Finally, enforcing Microsoft's subpoena has the potential to undermine the policy of the European Community to encourage private entities to participate in the enforcement of the law – here, in enforcement of competition law. The Commission depends on private parties to bring potential violations to the attention of the Commission and to provide information to the Commission when needed.[6] Given the time and cost of document collection and production and the costs associated with necessary legal representation, third-party discovery can be burdensome and expensive for the subjects of the subpoena. To the extent that private entities with a

---

[4] While it argues that the Hearing Officer has said generally that the "type" of documents Microsoft requests are relevant to the Commission's proceeding (Microsoft Corporation's Opposition to Motion to Quash Subpoena Duces Tecum to Novell, Inc. at 8), Microsoft has offered no reason to believe it is on anything but a "fishing expedition." Microsoft has not described particular responsive documents that Novell has or explained the relevance of such documents to its defense.

[5] While the Supreme Court in *Intel* held that a discovery request under 28 U.S.C. §1782 would not be categorically barred whenever the same documents were not discoverable in the relevant foreign jurisdiction, it did so on the ground that "[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions – reasons that do not necessarily signal objection to foreign aid." 542 U.S. at 260-61. In other words, the Supreme Court held only that lack of discoverability abroad would not preclude discovery under 28 U.S.C. §1782 where that discovery would assist the foreign proceedings and is not objected to by the foreign authority. *Id.* at 262. Here, the scope of discoverability under Commission procedures is guided by the Commission's balancing of the interest of the requesting party and the interest of the producing party. If, as Microsoft might fear, Microsoft would be unable to obtain through the Commission's procedures all the documents it seeks by its subpoena, it would be because of substantive limitations on proof-gathering imposed by the law of the European Community. That law would be undermined, not assisted, if this Court were to require broader discovery sought by Microsoft.

presence in the United States may face the prospect of onerous and intrusive discovery in the United States, those entities could be deterred from aiding the Commission in the future. In turn, the Commission's ability to enforce the law of the European Community would be weakened.

This consideration has particular relevance here, where Microsoft purports to seek documents from Novell precisely because Novell provided information to a Monitoring Trustee appointed by the Commission to review Microsoft's compliance with a Commission decision. The participation of Novell and other third parties is important in enabling the Commission to render a reasoned judgment concerning Microsoft's compliance with the Commission's decision that it provide to third parties adequate interoperability information concerning its operating system. The Commission has a substantial interest in encouraging companies like Novell to assist it in such Monitoring activities. To protect that interest, it is necessary that the Commission (subject to review by the courts of the European Community) apply its own standards of access to documents, taking into account the other parties' interests of confidentiality. Under the applicable law, described above, it is the Commission itself – not the litigant – that pursues requests to third parties for production of documents.

## II. CONCLUSION

For the reasons set forth herein, Novell's Motion to Quash the subpoena should be granted.

---

[6] The Commission's Notice on Leniency – which offers cartel participants confidentiality in return for their confessions of wrongdoing – is a primary illustration of this general policy. *Cf.* Commission Notice on Immunity from Fines and Reduction of Fines in Cartel Cases, OJ 2002 C 45, page 03.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | Commission of the European Communities |
| Of Counsel: | By its Attorneys, |
|  |  |
|  | _____/s/ Michelle D. Miller_____ |
| A. Douglas Melamed | Michelle D. Miller, BBO #60898 |
| Wilmer Cutler Pickering Hale and Dorr LLP | Wilmer Cutler Pickering Hale and Dorr LLP |
| 2445 M Street, N.W. | 60 State Street |
| Washington, District of Columbia 20037-1420 | Boston, MA  02109 |
| (202) 663-6090 | (617) 526 6116 |

Theofanis Christoforou
Legal Advisor of the Legal Service
of the Commission of the
European Communities

Per Hellstrom
Member of the Legal Service
of the Commission of the
European Communities

Dated:  April 12, 2006

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 12, 2006.

____/s/ Michelle D. Miller_____